## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CDCS# 2011A68611, 2011A68618, 2011A68621, 2011A68624, 2011A68626, 2011A68631, 2011A68644, 2011A68651, 2011A68655 and 2011A68660

Case No.:

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § |
| vs. | § |
| | § |
| | § |
| RICK DOUGLAS, | § |

---

### COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

#### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

#### Venue

2. The defendant is a resident of Broward County, Florida within the jurisdiction of this Court and may be served with service of process at 612 ANDERSON CIRCLE 204, DEERFIELD BEACH, FL 33441.

## The Debt

### First Cause of Action - Claim Number: CDCS# 2011A68611

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $11,912.85 |
| B. Current Capitalized Interest Balance and Accrued Interest as of November 14, 2013 | $11,861.63 |
| **Total Owed - Claim Number: CDCS# 2011A68611** | **$23,774.48** |

### Second Cause of Action - Claim Number: CDCS# 2011A68618

4. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,658.51 |
| B. Current Capitalized Interest Balance and Accrued Interest as of November 14, 2013 | $1,064.78 |
| **Total Owed - Claim Number:  CDCS# 2011A68618** | **$2,723.29** |

### Third Cause of Action - Claim Number: CDCS# 2011A68621

5. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,700.00 |
| B. Current Capitalized Interest Balance and Accrued Interest as of November 14, 2013 | $2,030.40 |
| **Total Owed - Claim Number: CDCS# 2011A68621** | **$4,730.40** |

<u>Fourth Cause of Action - Claim Number: CDCS# 2011A68624</u>

6.  The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $9,740.36 |
| B. Current Capitalized Interest Balance and Accrued Interest as of November 14, 2013 | $6,508.11 |
| **Total Owed - Claim Number: CDCS# 2011A68624** | **$16,248.47** |

<u>Fifth Cause of Action - Claim Number: CDCS# 2011A68626</u>

7.  The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $8,892.58 |
| B. Current Capitalized Interest Balance and Accrued Interest as of November 14, 2013 | $5,941.75 |
| **Total Owed - Claim Number: CDCS# 2011A68626** | **$14,834.33** |

<u>Sixth Cause of Action - Claim Number: CDCS# 2011A68631</u>

8.  The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $11,601.30 |
| B. Current Capitalized Interest Balance and Accrued Interest as of November 14, 2013 | $11,551.34 |
| **Total Owed - Claim Number: CDCS# 2011A68631** | **$23,152.64** |

<u>Seventh Cause of Action - Claim Number: CDCS# 2011A68644</u>

9.  The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $11,601.30 |
| B. Current Capitalized Interest Balance and Accrued Interest as of November 14, 2013 | $7,148.50 |
| **Total Owed - Claim Number: CDCS# 2011A68644** | **$18,749.80** |

<u>Eighth Cause of Action - Claim Number: CDCS# 2011A68651</u>

10.  The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | 11,581.49 |
| B. Current Capitalized Interest Balance and Accrued Interest as of November 14, 2013 | $7,136.30 |
| **Total Owed - Claim Number: CDCS# 2011A68651** | **$18,717.79** |

<u>Ninth Cause of Action - Claim Number: CDCS# 2011A68655</u>

11.  The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $18,896.29 |
| B. Current Capitalized Interest Balance and Accrued Interest as of November 14, 2013 | $12,273.04 |
| **Total Owed - Claim Number: CDCS# 2011A68655** | **$31,169.33** |

<u>Tenth Cause of Action - Claim Number: CDCS# 2011A68660</u>

12.  The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,700.00 |
| B. Current Capitalized Interest Balance and Accrued Interest as of November 14, 2013 | $1,594.11 |
| **Total Owed - Claim Number: CDCS# 2011A68660** | **$3,294.11** |

| | |
|---|---|
| **Attorney's Fees** | **$1,000.00** |
| **TOTAL OWED** | **$158,394.64** |

The Certificate of Indebtedness, attached as Exhibit "A", "B", "C", "D", "E", "F", "G", "H", "I", and "J", show the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the respective Certificates of Indebtedness, are correct as of the

date of the Certificates of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8% per annum on Claim Number CDCS# 2011A68611, 3.30% per annum on Claim Number CDCS# 2011A68618, 5% per annum on Claim Number CDCS# 2011A68621, 3.38% per annum on Claim Number CDCS# 2011A68624, 3.38% per annum on Claim Number CDCS# 2011A68626, 8% per annum on Claim Number CDCS# 2011A68631, 3.15% per annum on Claim Number CDCS# 2011A68644, 3.15% per annum on Claim Number CDCS# 2011A68651, 3.23% per annum on Claim Number CDCS# 2011A68655, and 5% per annum on Claim Number CDCS# 2011A68660.

### **Failure to Pay**

13. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 through 12 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

**Newman & Marquez. P.A.**

Date: 12 9 13

By: _____

Jennifer Margolis Marquez
Florida Bar Number 0770701
1533 Sunset Drive, Suite 225
Coral Gables, Florida 33143
Tel.305-665-9633
Facsimile 305-666-9714
Email:jenmargolis@bellsouth.net

# EXHIBIT "A"

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 OF 10**

Rick J. Douglas
612 Anderson Circle Apt. 204
Deerfield Beach, FL 33441
Account No.:XXXXX███

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 06/06/11.

On or about 10/02/86, 07/28/87, 12/12/88, 05/15/89, 08/21/89, 10/31/89, 03/30/90 and 08/13/90, the borrower executed promissory note(s) to secure loan(s) of $2,500.00, $1,470.00, $593.00, $750.00, $1,448.00, $600.00, $1,900.00 and $1,101.00 from Commercial Bank, Whitewater, WI. This loan was disbursed for $2,500.00 on 11/24/86 - 01/14/87, $1,470.00 on 08/31/87 - 01/19/88, $593.00 on 12/23/88, $750.00 on 05/24/89, $1,448.00 on 08/24/89 - 12 /26/89, $600.00 on 11/10/89 - 12/26/89, $1,900.00 on 05/14/90 - 07/09/90 and $550.00 on 08/15/90, at 8.00 percent interest per annum. The loan obligation was guaranteed by Great Lakes Higher Education Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $1,193.38 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 02/19/01 and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $11,912.85 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/16/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $11,912.85 |
| Interest: | $ 9,535.19 |
| | |
| Total debt as of 06/06/11: | $21,448.04 |

Interest accrues on the principal shown here at the rate of $2.61 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _6/16/11_

_Michael Illes_
Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

**WISCONSIN HIGHER EDUCATION CORPORATION**
**GUARANTEED STUDENT LOAN APPLICATION AND PROMISSORY NOTE**

## SECTION 1 — TO BE COMPLETED BY THE BORROWER. IMPORTANT: READ THE INSTRUCTIONS CAREFULLY.

| 1. Social Security Number | 2. Last Name | First Name | Middle Initial | 3. Birthdate |
|---|---|---|---|---|
| | DOUGLAS | RICK | J | |

**4. Permanent Home Street Address** — 291 N. FRATERNITY LN. #2108 — City, State, Zip Code — WHITEWATER, WI 53190 — **5. Area Code/Telephone No.** — -7348

**6. United States Ownership Status (Check One)** (See Instructions)
☒ a. U.S. Citizen/National
☐ b. Eligible non-citizen (Alien # ___)
☐ c. Neither of the above

**7. You are a permanent resident of what state?** WI Since: 012 8 5

**State of Driver's License:** WISCONSIN
Drivers Lic.#: ___ 86
State of Veh Reg: WI  Since: '86

**9. Loan Period** From 08 18 6 To 05 8 7
**10. Loan Amount Requested** $2,500.00
**11. Major course of study** ENGLISH
**12. List post secondary institutions you have attended including dates:** NONE FINANCIAL ASST

**13. Wisconsin Residents Only.** Marital Status: ☐ married ☒ unmarried or legally separated  If married, spouse's name and address: N/A

**14. Have you ever defaulted on a GSL or Plus Loan?** ☐ Yes ☒ No  If "Yes", see instruction

**15. Where in school borrower intends to live:** (Check one) ☐ W/Parents ☐ On-Campus ☒ Off-Campus

**16.** List below all GSL and Plus Loans. Do Not include NDSL or HEAL loans. Your signature below gives approval to your State of Wisconsin to compute the total amount, plus interest, and signature sheet if necessary. If none write "NONE" If out-of-state loan, include proof of interest rate and outstanding balance.

| Name of Lender | Loan Period Beginning Date | Interest Rate | Unpaid Balance |
|---|---|---|---|
| NONE | Mo. ___ Year ___ | ___ % | $ |
| | Mo. ___ Year ___ | ___ % | $ |

*"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF ORIGINAL PROMISSORY NOTE"* Rick J. Kanzoo SUPERVISOR

| 17a. Parent or Guardian (if deceased, other relative) | 17b. Other Relative (not living at 17a or 17c or 4) | 17c. Other Relative or Friend (not living at 17a or 17b or 4) |
|---|---|---|
| Name: HOWARD DOUGLAS  Relationship: FATHER | Name: NELL L. DOUGLAS  Relationship: SISTER | Name: TAMMY LARAMIE  Relationship: FRIEND |
| Address: 1503 W. CEDAR | 2127 PEPPER VALLEY DR. | 120 S. COTTAGE ST #9 |
| City & State: ST HENRY, ILL. 60050  Since: 6/28/68 | GENEVA, ILL 60134  Since: 4/82 | Whitewater WI 53190  Since: 8/84 |
| Area Code/Telephone No. ___ -1407 | ___ -2706 | ___ -5431 |
| Place and City of Employment: DISABLED | NOT EMPLOYED | STUDENT |

**Promissory Note for a Guaranteed Student Loan**
1. I Promise To Pay. I, called Maker (identified in Section I, Item 2 and "Endorser", if any, identified in Section I, Item 18c, promise to pay to the lender identified in Section 3, Item 34, when this note becomes due as set forth in paragraph 6 (on reverse side), the sum of ___ **TWO THOUSAND FIVE HUNDRED** DOLLARS

**18a.** Requested Loan Amount - Must be the same as item 10

($2,500.00) or such lesser amount as is advanced to me and identified to me in the GSL Disclosure Statement, plus interest computed at the applicable rate disclosed on the GSL Disclosure Statement. If I am not satisfied with the terms of the loan on the GSL Disclosure Statement, I may cancel this agreement. I agree to contact my lender immediately and I will not cash any loan check that has been released to me. I agree to check the GSL Disclosure Statement as soon as I get it and to let my lender know if anything looks wrong or if I have any questions. My signature certifies that I have read and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

**NOTICE TO THE MAKER:** DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT. MAKER AND ENDORSER ACKNOWLEDGE RECEIPT OF AN EXACT COPY OF THIS NOTE AND THE STATEMENT OF BORROWER'S RIGHT AND RESPONSIBILITIES.

**18b. Maker's Signature** Rick J. Kanzoo (Seal) 012 86
**18c. Endorser's Signature** N/A
Endorser's Soc. Sec. No. N/A   Endorser's Date

"WITHOUT RECOURSE, PAY TO THE ORDER OF GREAT LAKES HIGHER EDUCATION CORP." Great Lakes Higher Education Corp. LEE FUSHMAN 6/13/01

## SECTION 2 — TO BE COMPLETED BY THE SCHOOL

**19. Name of School** UW-WHITEWATER
**20. Address** 800 W. MAIN STREET — City, State, Zip Code — WHITEWATER, WI 53190

| 21. School Code | 22. Borrower Enrolled | 23. Loan Period (Mo/Day/Year) | 24. Grade | 25. Anticipated Grad. | 26. Dependency (Check One) |
|---|---|---|---|---|---|
| 003926 | ☒ Full time ☐ Half time | From 8/26/86 To 5/20/87 | 1 | Mo. 5 Year 90 | ☐ Dep. ☒ Indep. |

| 27. Adj. Gross Inc. (See inst.) | 28. Est. Cost of Educ. | 29. Est. Fin. Aid | 30. E.F. Contribution | 31. Ovfl. (Item 28 – items 29 & 30) | 32. Area Code/Telephone No. |
|---|---|---|---|---|---|
| $ 3258 | $ 5,530 | $ 1,207 | $ -0- | $ 4,323 | (414)472-1130 |

I have read and understand the terms of the "School's Certification" printed on the REVERSE SIDE of this application.

**33. Signature of School Official** J. Marquardt — J. Marquardt, Program Asst. II — 11/14/86

## SECTION 3 — TO BE COMPLETED BY THE LENDER

**34. Name of Lender** Commercial Bank
**35. Street Address** 200 S. Fremont St. — City, State, Zip Code — Whitewater, WI 53190

**39. 1st Disbursement Date & Amount** Mo 11 Day 17 Yr 86 $ 1,250.00
**40. 2nd Disbursement Date & Amount** Mo 11 Day 18 Yr 87 $ 1,250.00

**36. Area Code/Telephone No.** 820105
**37. Entity Number** 1390704630A1
**38. Area Code/Telephone No.** 414-473-5531

**41. Total Amount Approved** $ 2,500.00

**42. Signature of Lending Official** Carolyn Plucinski — Carolyn Plucinski, Loan Processing Coordinator — 11/17/86

**LENDER COPY A**

WHEC Form GSL-1, (4/86)   UPON LENDER COMPLETION MAIL ONLY WHEC COPY TO: WHEC Processing Center, P.O. Box 7861, Madison, WI 53707

**WISCONSIN HIGHER EDUCATION CORPORATION**
**GUARANTEED STUDENT LOAN APPLICATION AND PROMISSORY NOTE**

**SECTION 1—TO BE COMPLETED BY THE BORROWER "IMPORTANT—READ THE INSTRUCTIONS CAREFULLY"**

| 1. Social Security Number | 2. Last Name DOUGLAS | First Name RICK J | Middle Initial | 3. Birthdate |
|---|---|---|---|---|

| 4. Permanent Home Address 141 HYER LN APT #8 | City, State, Zip Code WHITEWATER WI 53190 | 5. Area Code/Telephone No. -3206 |
|---|---|---|

6. United States Citizenship Status (Check One): ☒ a. U.S. Citizen/National ☐ b. Eligible non-citizen/(Alien # _____) ☐ c. Neither of the above

7. You are a permanent resident of what state? State: WI Since: 02 85

8. State of Driver's License: WI Driver's Lic. #: _____ Since: 86 State of Veh. Reg. = WI Since: 86

| 9. Loan Period From 0B 87 To 0B 88 | 10. Loan Amount Requested $ 1,470 | 11. Major course of study ENGLISH | 12. List post secondary institution you have attended including dates: N/A |
|---|---|---|---|

13. Wisconsin Residents Only. Marital Status: ☐ married ☒ unmarried or legally separated — If married, spouse's name and address:

14. Have you ever defaulted on a GSL or PLUS/SLS Loan? ☐ Yes ☒ No If "Yes", attach explanation

15. While in school borrower intends to live: (Check one) ☐ W/Parents ☐ On-Campus ☒ Off-Campus

16. List below all GSL and PLUS/SLS Loans. Do Not Include NDSL or HEAL Loans. Continue on a separate sheet if necessary. If none write "NONE". If out-of-state loan, include proof of interest rate and outstanding balance.

| Name of Lender | City and State of Lender | Loan Period Beginning Date Mo. Year | Interest Rate | Unpaid Balance |
|---|---|---|---|---|
| Commerical | Whitewater WI. | | 8 % | $ 2,500 |
| | | Mo. Year | % | $ |

| 17a. Parent or Guardian (if deceased, other relative) | 17b. Other Relative (not living at 17a or 17c or 4) | 17c. Other Relative or Friend (not living at 17a or 17b or 4) |
|---|---|---|
| Name: BETTY DOUGLAS Relationship: MOTHER | RUSSEL MATTHEWS Relationship: MUTUAL FRIEND | DAWN HAK Relationship: FRIEND |
| Address: 1503 CEDAR ST. | 141 HYER LN #8 | D2W5311 RICHMOND Rd |
| City/State/Zip: McHENRY ILL 600S0 Since: 60 | WHITEWATER WI Since: 86 | JUSSEN WI Since: 84 |
| Area Code/ Telephone No.: -1407 | -7206 | -8141 |
| Place and City of Employment: DOESN'T WORK | Student | Student |

**Promissory Note for a Guaranteed Student Loan**

1. Promise To Pay I, called Maker identified in Section 1, Item 2 and "Endorser", if any, identified in Section 1, Item 18c, promise to pay to the lender identified in Section 3, Item 35, when this note becomes due as set forth in paragraph 6 (on reverse side), the sum of

ONE THOUSAND FOUR HUNDRED SEVENTY Dollars

18a.     Requested Loan Amount – Must be the same as item 10

$ 1,470 or such lesser amount as is advanced to me and identified to me in the GSL Disclosure Statement, plus interest computed at the applicable rate disclosed on the GSL Disclosure Statement. If I am not satisfied with the terms of the loan as the GSL Disclosure Statement, I may cancel this agreement. I agree to contact my lender immediately and I will not cash any loan check that has been released to me. I agree to check the GSL Disclosure Statement as soon as I get it and to let my lender know if anything looks wrong or if I have any questions. My signature certifies that I have read and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

NOTICE TO THE MAKER: DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE. EVEN IF OTHERWISE ADVISED, YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT. MAKER AND ENDORSER ACKNOWLEDGE RECEIPT OF AN EXACT COPY OF THIS NOTE AND THE STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES.

18b. Maker's Signature _____ (Seal) 7/28/87

"WITHOUT RECOURSE, PAY TO THE ORDER OF GREAT LAKES HIGHER EDUCATION CORPORATION (Seal)

18c. Endorser's Signature _____ SUSHMAN Endorser's Address 6/13/01

**SECTION 2—TO BE COMPLETED BY THE SCHOOL**

| 19. Name of School UNIVERSITY WISCONSIN—WHITEWATER | 20. Address 800 W. MAIN ST. WHITEWATER, WI 53190 |
|---|---|

| 21. School Code 003926 | 22. Borrower Enrolled FULL | 23. Loan Period 8-87 TO 5-88 | 24. Grade 02 | 25. Anticipated Grad. 590 | 26. Dependency INDEP | 27. Est. Cost of Educ. $5900 | 28. Est. Fin. Aid $3175 |
|---|---|---|---|---|---|---|---|

| 29. E.F. Contribution $ 1240 | 30. Approved Loan Amount $ 1470 | 31. 1st Disbursement Date Mo. Day Year 08 31 87 | 32. 2nd Disbursement Date Mo. Day Year 01 19 88 | 33. Area Code/Telephone No. (414) 472-1130 |
|---|---|---|---|---|

I have read and understand the terms of the "School's Certification" printed on the REVERSE SIDE of this application.

| 34. Signature of School Official | Print Name and Title WAYNE G. LINDGREN ASSISTANT DIRECTOR | Date 07/22/87 |
|---|---|---|

**SECTION 3—TO BE COMPLETED BY THE LENDER**

| 35. Name of Lender COMMERCIAL BANK | 40. 1st Disbursement Amount $ 735.00 |
|---|---|
| 36. Street Address _____ mont St. | 41. 2nd Disbursement Amount $ 735.00 |
| 37. Lender DUNS No. _____ 38. Entity Number _____ | 39. Area Code/Telephone No. 414-473-5531 | 42. Total Amount Approved $ 1,470.00 |
| City, State, Zip Code Whitewater, WI. 53190 | | |
| 43. Signature of Lending Official | Carolyn Plucinski Loan Processing Coordinator Print Name and Title | 7/29/87 Date | LENDER COPY A |

WHEC Form 1035 UPON LENDER COMPLETION MAIL ONLY WHEC COPY TO: WHEC Processing Center, P.O. Box 7861, Madison, WI 53707

DEFINITIONS. All words, phrases, and conditions not defined in this Note shall be construed according to common and approved usage unless a technical meaning is ascribed to them by Title IV, Part B Higher Education Act of 1965 (20 U.S.C. 107[illegible] et seq.), as amended, called the "Act" or Federal Regulations. The [illegible] Secretary of Education shall be called the "Secretary". [illegible] Great Lakes Higher Education Corporation shall be called [illegible]EC".

APPLICABLE INTEREST RATE. (1) The Maker agrees to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principle balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However, the Secretary will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that the Maker qualifies to have such payments made on the Maker's behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event the interest on this loan is payable by the Secretary, neither the lender nor the holder of this Note may attempt to collect the interest from the Maker. The Maker, however, may choose to pay the interest. (3) Once the repayment status begins the Maker will be responsible for all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT (par. 13) in this Promissory Note. (4) The interest rate will be determined according to the following: (a) If the Maker has an outstanding Guaranteed Student Loan ("GSL") on the date the Maker signs this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding GSL(s). (b) If the Maker is borrowing for a period of enrollment which begins before July 1, [illegible], and the Maker has no outstanding GSL(s), the applicable interest rate on this loan will be 8%. (c) If the Maker is borrowing for a period of enrollment which begins on or after July 1, [illegible] and the Maker has no outstanding GSL(s) but the Maker has an outstanding balance on any PLUS, Supplemental Loans for Students ("SLS") made for enrollment periods beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) If the Maker is borrowing for a period of enrollment which begins on or after July 1, 1988, and the Maker has no outstanding balance on any GSL, PLUS, or SLS made for enrollment period(s) beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% [illegible] the end of the fourth year of the Maker's repayment status and will be 10% beginning with the fifth year of the Maker's repayment status. (5) The applicable interest rate (a) until the end of the fourth year of the Maker repayment status, and (b) beginning with the fifth year of the Maker's repayment status will be identified on the GLHEC GSL Disclosure Statement. (6) The lender may also [illegible] rates of interest. If required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or other holder of this note [illegible] add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of GLHEC.

GUARANTEE INSURANCE FEE. The Maker agrees to pay a loan guarantee insurance fee to Lender equal to 1% of the Loan Amount. The amount of this fee will be shown on the GSL Disclosure Statement and it will be deducted proportionally from each disbursement of this loan. This fee may be refundable if no amount of this loan has been disbursed to the Maker.

LOAN ORIGINATION FEE. The Maker agrees to pay to the lender a loan origination fee equal to 5% of the Loan Amount. This fee may be increased to 5.5% by Presidential order issued pursuant to the sequestration provisions of the Balanced Budget and Emergency Deficit Control Act of 1985. The amount of this fee will be shown on the GSL Disclosure Statement and it will be deducted by the lender from each disbursement of the proceeds of the loan in an amount prorated in accordance with the amount of each disbursement.

REPAYMENT OF NOTE: During the In-School Period consisting of the time the Maker continues to carry at an eligible institution at least one half the normal full-time academic workload as determined by that institution plus the Grace Period, no payments are due from the Maker, and all interest accruing will be paid to the lender by the Secretary if the Maker qualifies for interest subsidy. During the Grace Period, the lender will provide the Maker and the Maker will sign, a Payment Schedule and Disclosure form which will establish the number and amounts of the payments necessary to repay the principal and interest due on this note over the period ("Repayment Period") commencing at the conclusion of the Grace Period. The lender may add any accrued interest for which the Secretary is not liable and any interest not paid by the Maker when due to the unpaid principal balance of this loan in accordance with GLHEC regulations. From [illegible] the Repayment Period begins [illegible] is liable for all interest accruing on this Note except during authorized deferment periods. Except where the minimum payment provided in par. 7 is applicable, the Repayment Period [illegible] at least 5 years but no more than 10 years, (except by authorized periods of deferment and forbearance). If the lender and Maker agree to a Repayment Period of less than 5 years, the lender will, at the Maker's request, extend it to 5 years unless doing so would reduce the Maker's payments below the minimum required by par. 7. The Maker agrees (A) to notify the lender promptly in writing after ceasing to carry at an eligible institution at least one half the normal full-time academic workload, (B) to sign the Payment Schedule and Disclosure form provided by the lender, not later than 120 days prior to the expiration of the Grace Period, and (C) to pay the Note in accordance with the Payment Schedule and Disclosure form. Receipt or signature of the Payment Schedule and Disclosure form by the Maker shall not be a condition precedent to liability for payment of any sums owed by the Maker and any Endorser.

MINIMUM PAYMENT. The total annual payment by the Maker during any year of the repayment period on all GSL and PLUS/SLS loans made under the Act shall not, unless otherwise agreed to by lender and Maker, be less than $600 or the balance of all such loans plus accrued interest, whichever is less; except that if a husband and wife both have outstanding GSL and PLUS/SLS loans, the total combined annual payment on all such loans by husband and wife shall not be less than $600 or the combined balance of all such loans plus accrued interest, whichever is less. The required annual payment may be more than indicated above depending on the total amount borrowed.

PREPAYMENT WITHOUT PENALTY. The Maker and any Endorser may prepay the whole or any part of this Note at any time without penalty, and may be entitled to a rebate of any unearned interest that was paid.

LATE PAYMENT PENALTY. A late payment penalty may be assessed on the unpaid amount of any installment not paid on or before the 10th day after its scheduled or deferred due date. The late charge may not exceed 6% of each installment or $5 for each installment whichever is less. This charge may be added to the Maker's [illegible] and deducted from any future payments prior to allocation toward payment of any principal or interest.

COLLECTION CHARGES. The Maker and any Endorser are liable for all charges and collection costs, including statutorily authorized attorneys fees, that are permitted by Regulations of the Secretary and are necessary for the collection of the loan.

SECURITY INTEREST. This Note is unsecured and the lender expressly waives, as security for this Note, any security interest held by the lender.

DISBURSEMENT SCHEDULE. The Maker and lender agree that the amount paid to the Maker shall be disbursed by [illegible] payable to the order of and requiring the endorsement of the Maker according to the schedule listed on the GSL Disclosure Statement.

DEFERMENT. Payment of principal will be deferred after the repayment period begins, provided Maker [illegible] to the regulations governing the GSL Program in any of these circumstances including deferment renewals that may be required: (A) While Maker is enrolled — (1) Full-time [illegible] school that is participating in the [illegible] (unless Maker is not a citizen or national of the United States and is studying at a school not located in the United States); (2) [illegible] institution of higher education or a [illegible] school that is operated by an agency of the Federal Government (e.g., the service academies). (3) A graduate [illegible] by the Secretary; or (4) A rehabilitation training program for disabled individuals approved by the Secretary. (B) For periods not exceeding 3 years for each of the following [illegible] (a) On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service; (b) Serving as a [illegible] Volunteer; (c) Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs, e.g., VISTA); (d) Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, while performing service which the Secretary has determined is comparable to service in the Peace Corps or ACTION programs; (e) Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because Maker is providing care required by a dependent who is temporarily totally disabled, as established by affidavit of a qualified physician. (C) For a period not exceeding 2 years while Maker is serving in an internship that the Secretary has determined is necessary for Maker to gain professional recognition required to begin professional practice or service. (D) For a period not exceeding 2 years while Maker is conscientiously seeking but unable to find full-time employment in the United States; and (E) Up to 6 months if borrower is pregnant or caring for a newborn or newly adopted child, and is not in attendance at an eligible school or gainfully employed, and was enrolled within the past 6 months at an eligible institution. For the Maker requesting a loan for a period of enrollment beginning on or after July 1, [illegible], payment may also be deferred for: (A) Enrollment at least half-time (as determined by school), and receiving a GSL for the period of enrollment; (B) Up to 3 years while serving as an active duty member of the National Oceanic and Atmospheric Administration Corps; (C) Up to 3 years as a full-time elementary or secondary school teacher in a teacher shortage area as determined by the Secretary; (D) Up to 2 years for service in an eligible internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital, or a health care facility that offers post-graduate training; and (E) Up to 1 year for mothers of pre-school children entering or re-entering the work force who earn less than $1 above minimum wage.

To be granted a deferment, Maker must provide the lender with written evidence of eligibility. Maker must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

EVENTS OF DEFAULT. This Note shall, at the option of the holder, become immediately due and payable upon the occurrence of any of the following events of default: (A) Failure of Maker to pay in full any monthly installment when due provided that this failure persists for 180 days or 240 days for less frequent installments; or (B) giving false or inaccurate information on an application for a student loan. Upon default all of the Maker's rights under this agreement shall be terminated, including but not limited to the deferments provided for in par. 13, [illegible] repayment arrangements which may be allowed by the Great Lakes Higher Education Corporation after default, shall not reinstate or renew any such terminated rights of the Maker.

CONSEQUENCES OF DEFAULT. Upon an event of default (par. 14), Maker and Endorser are jointly and severally liable for all charges and collection costs (including statutorily authorized attorneys fees) permitted by federal statutes or by rules or regulations issued by the Secretary or GLHEC for the collection of any amounts due under this Note. If this loan is referred for collection to an agency subject to the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.), Maker and Endorser will jointly and severally pay these collection costs which do not exceed [illegible]% of the unpaid principal and accrued interest. In the event GLHEC obtains a legal judgment on the defaulted loan, GLHEC reserves the right to collect interest on the judgment at any rate up to the maximum rate of interest that applicable law may allow with respect to interest on judgments. The rate of interest on a judgment may be greater than the rate of interest specified in this Note.

CREDIT BUREAU NOTIFICATION. Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If Maker defaults on this loan, the lender, the holder or guaranty agency will also report the default to one or more credit bureau organizations. This may significantly affect the Maker's ability to obtain other credit.

ADDITIONAL PROVISIONS. (A) The Maker and any Endorser are jointly and severally liable for all amounts owing under this Note and waive presentment for payment, demand, notice of nonpayment, notice of protest and protest of this Note, and consent to the terms of any payment schedule as well as any and all extensions, consolidations and renewals without notice. (B) The Maker agrees to use the proceeds of the loan which this Note evidences solely to pay the expenses of attending the educational institution listed on the loan application and in which the Maker is enrolled or accepted for enrollment at the date of this Note, and for the loan period indicated on the application. (C) In the event of the Maker's death or total and permanent disability, the unpaid indebtedness hereunder shall be cancelled pursuant to regulations promulgated under the Act. (D) The Maker shall notify the lender promptly, in writing, of any changes from time to time occurring in his or her school enrollment status (such as withdrawal from school or less than half-time attendance, graduation or transfer to other schools) or home address from that listed in the application for the loan. (E) The lender must provide information on the repayment status of this loan to credit bureau organizations upon the Maker's request. If not otherwise prohibited by the law or regulation, the lender and/or GLHEC will disclose information about the status of this loan to any credit bureau. (F) Under the conditions set forth in Federal and GLHEC regulations governing the GSL program this loan may be transferred to a holder other than the original lender. Upon being notified of such transfer, the Maker has the same rights and responsibilities with regard to the subsequent holder that the Maker had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any state and a subsequent holder of the Promissory Note cannot be a holder in due course. (G) Consolidation or refinancing options may be available to the Maker for GSL and other educational loans. For further information the Maker should contact GLHEC.

BORROWER CERTIFICATION. I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section 1 of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I also certify that I do not now owe a refund on a Pell Grant, Basic Grant, Supplemental Educational Opportunity Grant, or State Student Incentive Grant that I received to attend any school. I further certify that I am not now in default on any loans received under the Perkins Loan (formerly National Direct Student Loan), the Federal Insured Student Loan Program, or the PLUS/SLS or ALAS Programs at any school. I hereby authorize the educational institution to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend, or GLHEC, to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g. employment, enrollment status, prior loan history, current address). I also authorize the lender, subsequent holder, their agent, educational institution or GLHEC to make inquiries from prior or subsequent lenders or holders with respect to my loan application and related documents, and to make inquiries of my parents and other third parties to obtain information regarding my location, employment and sources of income. I certify that the proceeds of any loan made as a result of this application will be used for educational purposes for the academic period covered by this application at the educational institution named in this form. I understand that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at this institution for the loan period stated. I further certify that I have read and understand the statement of borrower responsibilities attached to the application.

BEST COPY AVAILABLE
AT TIME OF IMAGING

**GREAT LAKES HIGHER EDUCATION CORPORATION**
**GUARANTEED STUDENT LOAN APPLICATION AND PROMISSORY NOTE**

### SECTION 1–TO BE COMPLETED BY THE BORROWER "IMPORTANT–READ THE INSTRUCTIONS CAREFULLY"

| 1. Social Security Number | 2. Last Name DOUGLAS | First Name RICK | Middle Initial J. | 3. Birthdate Mo. / Day / Year 1/16/2 |
|---|---|---|---|---|

| 4. Permanent Home Address 370 N. Pratt Apt 113 | City, State, Zip Code Whitewater WI. 53190 | 5. Area Code/Telephone No. - 8632 |
|---|---|---|

| 6. United States Citizenship Status (Check One) (See Instructions) ☒ a. U.S. Citizen/National ☐ b. Eligible non-citizen (Alien # ) ☐ c. Neither of the above | 7. You are a permanent resident of what state? WI State: WI Since: 02/8/6 | 8. State of Driver's License WI Driver's Lic. #: State of Veh. Reg.: Since: 86 |
|---|---|---|

| 9. Loan Period From 01 Mo. 19 Year 89 To 05 Mo. 19 Year 89 | 10. Loan Amount Requested $ 593 | 11. Major course of study ENGLISH | 12. List post secondary institutions you have attended including dates: UCSB 9/88/12/88 UWW 1/89 5/88 |
|---|---|---|---|

| 13. Have you ever defaulted on a GSL, PLUS/SLS or Consolidation Loan? ☐ Yes ☒ No If "Yes", see Instruction | 14. Have you received a GSL, PLUS or Consolidation Loan for a period of enrollment before July 1, 1988? ☒ Yes ☐ No |
|---|---|

15. List below all GSL, PLUS/SLS and Consolidation Loans. Do Not include PLUS/SLS (or NDSL) or HEAL Loans. Continue on a separate sheet if necessary. If none write "NONE". If out-of-state loan, include proof of interest rate and unpaid balance.

| Name of Lender | Loan Period Beginning Date | Interest Rate | Unpaid Balance |
|---|---|---|---|
| Whitewater WI | Mo. Day Year | 8 % | $ 2500 |
| Whitewater | Mo. Day Year | 8 % | $ 1400 |

16. Wisconsin Residents Only. Marital Status: ☐ married ☐ unmarried or ☐ legally separated

If married, spouse's name:

| 17a. Parent or Guardian (if deceased, other relative) Name: Betty Douglas | Relationship: | 17b. Other Relative (not living at 17a or 17b or 4) Name: Chris Flitter | Relationship: Brother | 17c. Other Relative or Friend (not living at 17a or 17b or 4) Name: Dawn Hock | Relationship: Girlfriend |
|---|---|---|---|---|---|
| Address: 1503 Cedar St | | 681 Mountain Rd. | | 243 N S. Prairie | |
| City/State/Zip: McHenry IL 60050 Since: 1969 | | Idaho Springs CO Since: 1985 | | Whitewater WI. Since: 87 | |
| Area Code/Telephone No.: -1407 | | NONE | | 6893 | |
| Place and City of Employment no employed | | Taxidermist | | Student | |

**Promissory Note for a Guaranteed Student Loan**

1. Promise To Pay (called Maker identified in Section 1, item 2 and "Endorser," if any, identified in Section 1, item 18c, promise to pay to the lender identified in Section 3, item 35, when this note becomes due as set forth in paragraph 8 (on reverse side), the sum of

Five Hundred Ninety three ――――――――――― DOLLARS

| 18a. Requested Loan Amount - Must be the same as item 10 $ 593 | 18b. Maker's Signature (Seal) 12/12/88 |
|---|---|

($ 593 .00 or such lesser amount as is advanced to me and identified to me in the GSL Disclosure Statement, plus interest computed at the applicable rate disclosed on the GSL Disclosure Statement. If I am not satisfied with the terms of the loan on the GSL Disclosure Statement, I may cancel this agreement. I agree to contact my lender immediately and I will not cash any loan check that has been released to me. I agree to check the GSL Disclosure Statement as soon as I get it and to let my lender know if anything looks wrong or if I have any questions. My signature certifies that I have read and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

NOTICE TO THE MAKER: DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT. MAKER AND ENDORSER ACKNOWLEDGE RECEIPT OF AN EXACT COPY OF THIS NOTE AND THE STATEMENT OF BORROWERS' RIGHTS AND RESPONSIBILITIES.

"WITHOUT RECOURSE, PAY TO THE ORDER OF GREAT LAKES HIGHER EDUCATION CORPORATION!"

18c. Endorser's Signature 6/13/01

Endorser's Address

### SECTION 2–TO BE COMPLETED BY THE STUDENT LOAN

| 19. Name of School UW WHITEWATER | 20. Address 800 W. MAIN ST. | City, State, Zip Code WHITEWATER, WI 53190 | 21. Area Code/Telephone No. (414)472-1130 |
|---|---|---|---|

| 22. School Code 003926 | 23. Borrower Enrolled: FULL | 24. Dependency INDEP | 25. Loan Period From Mo. Day Year 1-12-89 To Mo. Day Year 5-19-89 | 26. Grade 03 | 27. Anticipated Grad. Mo. Year 5-90 | 28. Est. Cost of Educ. $ 3300 |
|---|---|---|---|---|---|---|

| 29. Est. Fin. Aid $ 2102 | 30. Est. E.F. Contribution $ 600 | 31. Approved Loan Amount $ 593 | 32. 1st Disbursement Date Mo. Day Year 12-27-88 | 33. 2nd Disbursement Date Mo. Day Year |
|---|---|---|---|---|

I have read and understand the terms of the "School's Certification" printed on the REVERSE SIDE of this application.

| 34. Signature of School Official Wayne G. Lindgren | WAYNE G. LINDGREN Print Name and Title ASSISTANT DIRECTOR | Date 12-1-88 |
|---|---|---|

### SECTION 3–TO BE COMPLETED BY THE LENDER

| 35. Name of Lender Commercial Bank | | 40. 1st Disbursement Amount $ 593 00 |
|---|---|---|
| 36. Street Address 200 S Fremont | City, State, Zip Code Whitewater WI 53190 | 41. 2nd Disbursement Amount $ ―― |
| 37. Lender Code 820105 | 38. Entity Number 1390104630A1 | 39. Area Code/Telephone No. 414-473-5531 | 42. Total Amount Approved $ 593 00 |

| 43. Signature of Student Loan Official Richard A. Norman | Richard A. Norman Loan Officer Print Name and Title | 12/15/88 Date | LENDER COPY A |
|---|---|---|---|

218 (3/88)

UPON LENDER COMPLETION MAIL ONLY GLHEC COPY TO: GLHEC Processing Center, P.O. Box 7861, Madison, WI 53707

**GREAT LAKES HIGHER EDUCATION CORPORATION**
STAFFORD LOAN APPLICATION AND PROMISSORY NOTE

SECTION 1–TO BE COMPLETED BY THE BORROWER "IMPORTANT–READ THE INSTRUCTIONS CAREFULLY"

| 1. Social Security Number | 2. Last Name | First Name | Middle Initial | 3. Birthdate Mo. Day Year |
|---|---|---|---|---|
| | DOUGLAS, RICK | | | 10 16 17 |

4. Permanent Home Address
370 N. WYATT APT 113    City, State/Zip Code Whitewater WI 53190    5. Area Code/Telephone No. 8632

| 6. United States Citizenship Status (Check One) (See Instructions) | 7. You are a permanent resident of what state? State: WII Since: 02 15 10 | 8. State of Driver's License WI Driver's Lic. No. State of Veh. Reg. No. WI | Since: 81 None |
|---|---|---|---|

a. U.S. Citizen/National
b. Eligible non-citizen (Alien #
   (include COPY of front and back of card)
c. Neither of the above

| 9. Loan Period From 02 89 To 08 89 | 10. Loan Amount Requested $ 750 | 11. Major course of study ENGR/STA | 12. List colleges and/or universities you have attended including dates: UWW 9 85-12-86 |
|---|---|---|---|

13. Have you ever defaulted on a Stafford Loan, PLUS/SLS or Consolidation Loan?   ☐ Yes ☒ No   If "Yes", see Instruction

14. Have you received a Stafford Loan, PLUS/SLS or Consolidation Loan for a period of enrollment before July 1, 1988?   ☒ Yes ☐ No

15. List all Stafford Loans, PLUS/SLS and Consolidation Loans. Do Not Include Perkins (NDSL) or HEAL Loans. Continue on a separate sheet if necessary. If none write "NONE".

| Name of Lender | City and State of Lender | Loan Type | Loan Period From Mo/Yr To Mo/Yr | Interest Rate | Unpaid Balance |
|---|---|---|---|---|---|
| Commercial | Whitewater wi | GSL | 88 1 86 | 8 % | $ 500 |
| Commercial | Whitewater wi | GSL | 88 1 87 | 8 % | $ 1400 |

16. Wisconsin Residents Only.
Marital Status:   ☐ married   ☒ unmarried or legally separated   If married, spouse's name and address:

| 17a. Parent or Guardian (if deceased, other relative) | 17b. Other Relative (not living at 17a or 17b or 4) | 17c. Other Relative or Friend (not living at 17a or 17b or 4) |
|---|---|---|
| Name: BETTY DOUGLAS   Relationship: MOTHER | Name: Clark Fletcher   Relationship: Brother | Name: Meryl Kelch   Relationship: FRIEND |
| Address: 1503 CEDAR ST | Address: 348 Mountain DR | Address: 245 WYATT ST |
| City/State/Zip: McHenry ILL 60050   Since: IYA | City/State/Zip: IDAHO SPRING CO   Since: 88 | City/State/Zip: WAUSAU WI 54401   Since: 1964 |
| Area Code/Telephone No.: )-1407 | Area Code/Telephone No.: NONE | Area Code/Telephone No.: )-2641 |
| Place and City of Employment: Unemployed | Place and City of Employment: Sales DENVER CO | Place and City of Employment: Prudential WAUSAU WI |

Promissory Note for a Stafford Loan
1. Promise To Pay I, called Maker identified in Section 1, Item 2 and "Endorser", if any, identified in Section 1, Item 13c, promise to pay to the lender identified in Section 3, when this note becomes due as set forth in paragraph 6 on reverse side, the sum of:

Seven Hundred Fifty ............ DOLLARS

18a. Requested Loan Amount - Must be the same as item 10
$ 750 .00 or such lesser amount as is advanced to me in the Stafford Loan Disclosure Statement, plus interest computed at the applicable rate disclosed in paragraph 3 (on reverse side) and on the Stafford Loan Disclosure Statement. If I am not satisfied with the terms of the loan on the Stafford Loan Disclosure Statement, I may cancel this agreement. I agree to correct any lender immediately and I will not cash any check that has been released to me. I agree to check the Stafford Loan Disclosure Statement as soon as I get it and to let my lender know if anything looks wrong or if I have any questions. My signature certifies that I have read and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

NOTICE TO THE MAKER: DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT. MAKER AND ENDORSER ACKNOWLEDGE RECEIPT OF AN EXACT COPY OF THIS NOTE AND THE STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES.

Maker's Signature ___ Rick T. Wruck ___ (Seal)   Date 5/13/89

"WITHOUT RECOURSE, PAY TO THE ORDER OF GREAT LAKES HIGHER EDUCATION CORPORATION"

Endorser's Signature BUSYMAN   Endorser's Address   Date 6/13/01

SECTION 2–TO BE COMPLETED BY THE SCHOOL (See back of "School Copy D" for instructions)

| 19. Name of School UW-WHITEWATER | 20. Address 800 W. MAIN ST.   City, State/Zip Code WHITEWATER, WI 53190 | 21. Area Code/Telephone No. (414) 472-1130 |
|---|---|---|

| 22. School Code 003926 | 23. Enrollment Status FULL | 24. Dependency INDEP | 25. Est. Fin. Aid $ 800 | 26. Grade 04 | 27. Anticipated Grad. Mo. Year 05 90 | 28. Est. Cost of Educ. $ 2170 |
|---|---|---|---|---|---|---|

| 29. Loan Period From Mo. Day Year 06 12 89 To Mo. Day Year 08 04 89 | 30. Est. Fin. Aid $ 800 | 30. Est. Contribution $ 600 | 31. Approved Loan Amount $ 750 | 32. 1st Disbursement Date Mo. Day Year 05 22 89 | 33. 2nd Disbursement Date Mo. Day Year |
|---|---|---|---|---|---|

I have read and understand the terms of the "School Certification" printed on the REVERSE SIDE of this application.

34. Signature of School Official ___ Wayne L. Lindgren ___   Print Name and Title WAYNE G. LINDGREN, ASSISTANT DIRECTOR   Date 5/3/89

SECTION 3–TO BE COMPLETED BY THE LENDER

| 35. Name of Lender Commercial | 40. 1st Disbursement Amount $ 750.00 |
|---|---|
| 36. Street Address ___ Fremont St. ___   City, State, Zip Code Whitewater, WI 53190 | 41. 2nd Disbursement Amount $ -0- |
| 37. Lender Code 820 1390204533   39. Area Code/Telephone No. 414-473-5531 | 42. Total Amount Approved $ 750.00 |

Daniel L. Milbrandt
Asst. Loan Officer

43. Signature of Lender Official ___   Print Name and Title Daniel L. Milbrandt Asst. Loan Officer   Date 5-16-89

LENDER
COPY A

228 (4/89)   UPON LENDER COMPLETION MAIL ONLY GREAT LAKES COPY TO: Great Lakes Processing Center, P.O. Box 7861, Madison, WI 53707

[illegible]. All words, phrases, and conditions not defined in this Note shall be construed according to common and approved usage unless a technical meaning is ascribed to them by [illegible] IV, Part B Higher Education Act of 1965 (20 U.S.C. 107[illegible] [illegible]), as amended, called the "Act" or Federal Regulations. The [illegible] [illegible]retary of Education shall be called the "Secretary". [illegible] Great Lakes Higher Education Corporation shall be calle[d] [illegible] [illegible]EC".

[illegible]PLICABLE INTEREST RATE. (1) The Maker agrees to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principle balance from the date of disbursement until [illegible] principal sum and accrued interest are paid in full. (2) However, the Secretary will pay the interest that accrues on this loan prior to repayment status and during any deferment, if [illegible] determined that the Maker qualifies to have such payments made on the Maker's behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event [illegible] the interest on this loan is payable by the Secretary, neither the lender nor the holder of this Note may attempt to collect the interest from the Maker. The Maker, however, may choose [illegible] the interest. (3) Once the repayment status begins the Maker will be responsible for all interest that accrues on this loan, except that if the interest accruing on this loan prior to the [illegible] period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT (par. 13) in this Promissory Note. (4) The [illegible] rate will be determined according to the following: (a) If the Maker has an outstanding Guaranteed Student Loan(s) ("GSL") on the date the Maker signs this Note, the applicable [illegible] rate will be the same as the applicable interest rate on the outstanding GSL(s). (b) If the Maker is borrowing for a period of enrollment which begins before July 1, [illegible], and the Maker has no outstanding GSL(s), the applicable interest rate on this loan will be 8%. (c) If the Maker is borrowing for a period of enrollment which begins on or after July 1, [illegible], and the Maker has no outstanding GSL(s) but the Maker has an outstanding balance on any PLUS, Supplemental Loans for Students ("SLS") made for enrollment periods beginning [illegible] that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) If the Maker is borrowing for a period of enrollment which begins on or after July 1, 1988, and the Maker has no outstanding balance on any GSL, PLUS, or SLS made for enrollment periods [illegible] [illegible] or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% [illegible] the end of the fourth year of the Maker's repayment status and will be 10% beginning with the fifth year of the Maker's repayment status. (5) The applicable interest rate (a) until the end [illegible] fourth year of the Maker's repayment status, and (b) beginning with the fifth year of the Maker's repayment status will be identified on the GLHEC GSL Disclosure Statement. (6) The [illegible] may also [illegible] [illegible]. If required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or other holder of this note [illegible] add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of GLHEC.

[illegible]UARANTEE INSURANCE FEE. The Maker agrees to pay a loan guarantee insurance fee to Lender equal to 1% of the Loan Amount. The amount of this fee will be shown on the GSL [illegible] Statement and shall be deducted proportionately from each disbursement of this loan. This fee may be refundable if no amount of this loan has been disbursed to the Maker.

[illegible]OAN ORIGINATION FEE. The Maker agrees to pay to the lender a loan origination fee equal to 5% of the Loan Amount. This fee may be increased to 5.5% by Presidential order issued pursuant to the sequestration provisions of the Balanced Budget and Emergency Deficit Control Act of 1985. The amount of this fee will be shown on the GSL Disclosure Statement and it [illegible] be deducted by the lender [illegible] disbursement of the proceeds of the loan in an amount prorated in accordance with the amount of each disbursement.

[illegible]AYMENT OF NOTE: During the [illegible] Period consisting of the time the Maker continues to carry at an eligible institution at least one half the normal full-time academic workload as [illegible] by that institution plus the Grace Period, no payments are due from the Maker, and all interest accruing will be paid to the lender by the Secretary if the Maker qualifies for interest [illegible]. During the Grace Period, the lender will provide the Maker and the Maker will sign, a Payment Schedule and Disclosure form which will establish the number and amounts of the [illegible] necessary to repay the principal and interest due on this note over the period ("Repayment Period") commencing at the conclusion of the Grace Period. The lender may add any [illegible] interest for which the Secretary is not liable and any interest not paid by the Maker when due to the unpaid principal balance of this loan in accordance with GLHEC regulations. From [illegible] basis for all interest accruing on this Note except during authorized deferment periods. Except where the minimum [illegible] provided in par. 7 is applicable, the [illegible] at least 5 years but no more than 10 years, (except for authorized periods of deferment and forbearance). If the lender [illegible] Maker agree to a Repayment Period of less than 5 years, the lender will, at the Maker's request, extend it to 5 years unless doing so would reduce the Maker's payments below the [illegible] required by par. 7. The Maker agrees (A) to notify the lender promptly in writing after ceasing to carry at an eligible institution at least one half the normal full-time academic [illegible], (B) to sign the Payment Schedule and Disclosure form provided by the lender, not later than 120 days prior to the expiration of the Grace Period, and (C) to pay the Note in accordance with the Payment Schedule and Disclosure form. Receipt or signature of the Payment Schedule and Disclosure form by the Maker shall not be a condition precedent to liability [illegible] payment of any sums owed by the Maker and any Endorser.

[illegible] PAYMENT. The total annual payment by the Maker during any year of the repayment period on all GSL and PLUS/SLS loans made under the Act shall not, unless otherwise [illegible] to by lender and Maker, be less than $600 or the balance of such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding GSL and [illegible]/SLS loans, the total combined annual payment on such loans by husband and wife shall not be less than $600 or the combined balance of all such loans plus accrued interest, [illegible] is less. The required annual payment may be more than indicated above depending on the total amount borrowed.

[illegible]REPAYMENT WITHOUT PENALTY. The Maker and any Endorser may prepay the whole or any part of this Note at any time without penalty, and may be entitled to a rebate of any unearned [illegible] that was paid.

[illegible]ATE PAYMENT PENALTY. A late payment penalty may be assessed on the unpaid amount of any installment not paid on or before the 10th day after its scheduled or deferred due date. [illegible] late charge may not exceed 6% of each installment or $5 for each installment whichever is less. This charge may be added to the Maker's [illegible] and [illegible] from any future payments [illegible] to allocation toward payment of any principal or interest.

[illegible]OLLECTION CHARGES. The Maker and any Endorser are liable for all charges and collection costs, including statutorily authorized attorney fees, that are permitted by regulations of [illegible] Secretary and are necessary for the collection of the loan.

[illegible] SECURITY INTEREST. This Note is unsecured and the lender expressly waives, as security for this Note, any security [illegible] by the Maker.

[illegible] DISBURSEMENT SCHEDULE. The Maker and lender agree that the amount paid to the Maker shall be disbursed by [illegible] payable to the order of and requiring the endorsement of the [illegible] according to the schedule listed on the GSL Disclosure Statement.

[illegible]DEFERMENT. Payment of principal will be deferred after the repayment period begins, provided Maker [illegible] to the regulations governing [illegible] GSL Program in any of these circumstances including deferment renewals that may be required: (A) While Maker is enrolled — (i) full-time [illegible] school that is participating in the [illegible] (unless Maker is not a citizen or national of the United States and is studying at a school not located in the United States); (ii) [illegible] institution of higher education or [illegible] school that is operated by an agency of the Federal Government (e.g., the service academies); (iii) A graduate [illegible] by the Secretary; or (iv) A rehabilitation [illegible] program for disabled individuals approved by the Secretary. (B) For periods not exceeding 3 years for each of the following [illegible] (a) On active duty in the Armed Forces [illegible] the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service; (b) [illegible] Volunteer; (c) Serving as a full-time volunteer [illegible] Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs, e.g., VISTA); (d) [illegible] exempt from Federal income taxation [illegible] Section 501(c)(3) of the Internal Revenue Code of 1954, while performing service [illegible] to service in the Peace Corps or ACTION programs; [illegible] Temporarily totally disabled, as established by affidavit of a qualified physician, [illegible] Maker is providing care required by a dependent who is [illegible] totally disabled, as established by affidavit of a qualified physician. (C) For a period not exceeding 2 years while Maker is serving in an internship that the Secretary has determined [illegible] necessary for Maker to gain professional recognition required to begin professional practice or service; (D) [illegible] not exceeding 2 years while Maker is conscientiously seeking but [illegible] to find full-time employment in the United States; and (E) Up to 6 months if borrower is pregnant or caring for a newborn or newly adopted child, and is not in attendance at an eligible [illegible] or gainfully employed, and was enrolled within the past 6 months at an eligible institution. For [illegible] a loan for a period of enrollment beginning on or after July 1, [illegible], payment may also be deferred for: (A) Enrollment at least half-time (as determined by school), [illegible] a GSL for the period of enrollment; (B) Up to 3 years while serving as an [illegible] duty member of the National Oceanic and Atmospheric Administration Corps; (C) Up to 3 years [illegible] full-time elementary or secondary school teacher in a teacher shortage area [illegible] by the Secretary; (D) Up to 2 years for service in an eligible internship or residency program leading to a degree or certificate awarded by an institution of higher education, [illegible], or a health care facility that offers post-graduate training; and (E) Up to 1 year for mothers of pre-school children entering or re-entering the work force with earn less than $1 above [illegible] minimum wage.

[illegible] be granted a deferment, Maker must provide the lender with written evidence of eligibility. Maker must subsequently notify the lender as soon as the condition for which the deferment [illegible] granted no longer exists.

[illegible] EVENTS OF DEFAULT. This Note shall, at the option of the holder, become immediately due and payable upon the occurrence of any of the following events of default: (A) Failure of [illegible] Maker to pay in full any monthly installment when due provided that this failure persists for 180 days or 240 days for less frequent installments; or (B) giving false or inaccurate information [illegible] an application for a student loan. Upon default all of the Maker's rights under this agreement shall be terminated, including but not limited to the deferments provided for in par. 13 [illegible] payment arrangements which may be allowed by the Great Lakes Higher Education Corporation after default, shall not reinstate or renew any such terminated rights of the Maker.

[illegible] CONSEQUENCES OF DEFAULT. Upon an event of default (par. 14), Maker and Endorser are jointly and severally liable for all charges and collection costs (including statutorily authorized attorneys fees) permitted by federal statutes or by rules or regulations issued by the Secretary or GLHEC for the collection of any amounts due under this Note. If this loan is referred for [illegible]ection to an agency subject to the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.), Maker and Endorser will jointly and severally pay those collection costs which do not exceed [illegible] of the unpaid principal and accrued interest. In the event GLHEC obtains a legal judgment on the defaulted loan, GLHEC reserves the right to collect interest on the judgment at any rate [illegible] to the maximum rate of interest that applicable law may allow with respect to interest on judgments. The rate of interest on a judgment may be greater than the rate of interest specified [illegible] this Note.

[illegible] CREDIT BUREAU NOTIFICATION. Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If Maker defaults on this [illegible], the lender, the holder or guaranty agency will also report the default to one or more credit bureau organizations. This may significantly affect the Maker's ability to obtain other credit.

[illegible] ADDITIONAL PROVISIONS. (A) The Maker and any Endorser are jointly and severally liable for all amounts owing under this Note and waive presentment for payment, demand, notice of [illegible]payment, notice of protest and protest of this Note, and consent to the terms of any payment schedule as well as any and all extensions, consolidations and renewals without notice. (B) [illegible] Maker agrees to use the proceeds of the loan which this Note evidences solely to pay the expenses of attending the educational institution listed on the loan application and in which the [illegible] is enrolled or accepted for enrollment at the date of this Note, and for the loan period indicated on the application. (C) In the event of the Maker's death or total and permanent disability, [illegible] unpaid indebtedness hereunder shall be cancelled pursuant to regulations promulgated under the Act. (D) The Maker shall notify the lender promptly, in writing, of any changes from time [illegible] time occurring in his or her school enrollment status (such as withdrawal from school or less than half-time attendance, graduation or transfer to other schools) or home address from that [illegible] in the application for the loan. (E) The lender must provide information on the repayment status of this loan to credit bureau organizations upon the Maker's request. If not otherwise [illegible] by the law or regulation, the lender and/or GLHEC will disclose information about the status of this loan to any credit bureau. (F) Under the conditions set forth in Federal and [illegible]HEC regulations governing the GSL program this loan may be transferred to a holder other than the original lender. Upon being notified of such transfer, the Maker has the same rights [illegible] responsibilities with regard to the subsequent holder that the Maker had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the [illegible] Commercial Code as adopted by any state and a subsequent holder of the Promissory Note cannot be a holder in due course. (G) Consolidation or refinancing options may be [illegible] to the Maker for GSL and other educational loans. For further information the Maker should contact GLHEC.

[illegible] CERTIFICATION. I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information [illegible] in Section 1 of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I also certify that I do not now owe a refund on a [illegible] Grant, Basic Grant, Supplemental Educational Opportunity Grant, or State Student Incentive Grant that I received to attend any school. I further certify that I am not now in default on [illegible] loans received under the Perkins Loan (formerly National Direct Student Loan), the Federal Insured Student Loan Program, or the PLUS/SLS or ALAS Programs at any school. I hereby [illegible] the educational institution to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend, or [illegible]HEC, to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g. employment, enrollment status, prior loan history, current [illegible]). I also authorize the lender, subsequent holder, their agents, educational institution or GLHEC to make inquiries from prior or subsequent lenders or holders with respect to my loan [illegible] and related documents, and to make inquiries of my parents and other third parties to obtain information regarding my location, employment and sources of income. I certify that [illegible] proceeds of any loan made as a result of this application will be used for educational purposes for the academic period covered by this application at the educational institution named [illegible] this form. I understand that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that [illegible] for the loan period stated. I further certify that I have read and understand the statement of borrower responsibilities attached to the application.

BEST COPY AVAILABLE AT TIME OF IMAGING

**GREAT LAKES HIGHER EDUCATION CORPORATION**
**STAFFORD LOAN APPLICATION AND PROMISSORY NOTE**

## SECTION 1—TO BE COMPLETED BY THE BORROWER "IMPORTANT—READ THE INSTRUCTIONS CAREFULLY"

| 1. Social Security Number | 2. Last Name | First Name | Middle Initial | 3. Birthdate |
|---|---|---|---|---|
| | DOUGLAS, RICK J | | | 62 |

**4. Permanent Home Address** 370 N. TRATT APT 113   City, State, Zip Code Whitewater WI 53190   **5. Area Code/Telephone No.** - 5402

**6. United States Citizenship Status (Check One)** ☒ a. U.S. Citizen/National ☐ b. Eligible non-citizen (Alien #) (Include COPY of front and back of card) ☐ c. Neither of the above

**7. You are a permanent resident of what state?** State: WI Since: 02 85

**8. State of Driver's License:** CA   Driver's Lic. # -11 Since: 88   State of Vel. Reg.: N/A Since:

**9. Loan Period** From 01 01 89 To 05 31 90   **10. Loan Amount Requested** $ 1448   **11. Major course of study** ENGLISH   **12. List post secondary institutions you have attended including dates:** UW-Whitewater 86-Present

**13. Have you ever defaulted on a Stafford Loan, PLUS/SLS or Consolidation Loan?** ☐ Yes ☒ No If "Yes", see instruction

**14. Have you received a Stafford Loan, PLUS/SLS or Consolidation Loan for a period of enrollment before July 1, 1988?** ☒ Yes ☐ No

**15. List below all Stafford Loan, PLUS/SLS or Consolidation Loans. Do Not Include Perkins (NDSL) or HEAL Loans. Continue on a separate sheet if necessary. If none write "NONE".**

| Name of Lender | City and State of Lender | Loan Type | Loan Period MO/DAY | Interest Rate | Unpaid Balance |
|---|---|---|---|---|---|
| Commercial | Whitewater WI | GSL | No. 8 8? | 8 % | 2500 |
| Commercial | Whitewater WI | GSL | No. 18 8? | 9 % | 1400 |

**18. Wisconsin Residents Only.** Marital Status: ☐ married ☒ legally separated ☐ unmarried   If married, spouse's name and address:

| 17a. Parent or Guardian (if deceased, other relative) | | 17b. Other Relative (not living at 17a or 17b or 4) | | 17c. Other Relative or Friend (not living at 17a or 17b or 4) | |
|---|---|---|---|---|---|
| Name: Betty Douglas | Relationship: Mother | Name: Chuck Elston | Relationship: Brother | Name: Dawn Douglas | Relationship: Sister |
| Address: 1503 Cedar St | | Address: 211 Windy Pass | | Address: 241 Water Ave | |
| City/State/Zip: Mt. Henry IL | Since: 1969 | City/State/Zip: Alpha Springs CO | Since: 88 | City/State/Zip: Wisconsin IL | Since: 87 |
| Area Code/Telephone No.: -1407 | | Area Code/Telephone No.: -4884 | | Area Code/Telephone No.: -2075 | |
| Place and City of Employment: Not employed | | Place and City of Employment: self employed | | Place and City of Employment: not employed | |

**Promissory Note for a Stafford Loan**
1. Promise To Pay I, called Maker (identified in Section 1, Item 2 and "Endorser," if any, identified in Section 1, Item 18c, promise to pay to the lender identified in Section 3, Item 35, when this note becomes due as set forth in paragraph 6 on reverse side), the sum of: One thousand four hundred forty-eight DOLLARS $ 1,448.00 or such lesser amount as the lender may advance to me in the Stafford Loan Disclosure Statement, plus interest computed at the applicable rate disclosed in paragraph 3 (on reverse side) and on the Stafford Loan Disclosure Statement. If I am not satisfied with the terms of the loan on the Stafford Loan Disclosure Statement, I may cancel this agreement. I agree to contact my lender immediately and I will not cash any loan check that has been released to me. I agree to check the Stafford Loan Disclosure Statement as soon as I get it and to let my lender know if anything looks wrong or if I have any questions. My signature certifies that I have read and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

**NOTICE TO THE MAKER: DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT. MAKER AND ENDORSER ACKNOWLEDGE RECEIPT OF AN EXACT COPY OF THIS NOTE AND THE STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES**

Signature (Seal) 6/11/89

WITHOUT RECOURSE, PAY TO THE ORDER OF GREAT LAKES HIGHER EDUCATION CORPORATION.

Endorser's Name (if applicable)   Endorser's Signature NEWSMAN   Endorser's Address 6/13/01

## SECTION 2—TO BE COMPLETED BY THE SCHOOL (See back of "School Copy D" for instructions)

**19. Name of School** UW-WHITEWATER   **20. Address** 800 W MAIN WHITEWATER, WI 53190   **21. Area Code/Telephone No.** (414) 472-1130

| 22. School Code | 23. Enrollment Status | 24. Dependency | 25. Loan Period From / To | 26. Grade | 27. Anticipated Grad. | 28. Est. Cost of Educ. |
|---|---|---|---|---|---|---|
| 003926 | FULL | INDEP | 8-28-89 / 5-18-90 | 04 | 90 05 | $ 6700 |

**29. Est. Fin. Aid** $ 4042   **30. E.F. Contribution** $ 1200   **31. Approved Loan Amount** $ 1448   **32. 1st Disbursement Date** 08 14 1989   **33. 2nd Disbursement Date** 12 26 1989

I have read and understand the terms of the "School's Certification" printed on the REVERSE SIDE of this application.

**34. Signature of School Official** (signature)   Print Name and Title WAYNE G. LINDGREN ASST ASSISTANT DIRECTOR   Date 08/17/89

## SECTION 3—TO BE COMPLETED BY THE LENDER

**35. Name of Lender** COMMERCIAL BANK

**36. Street Address** 200 S. Fremont St.   City, State, Zip Code Whitewater, WI 53190

**37. Lender Code** 820105   **38. Entity Number** 1390704630A1   **39. Area Code/Telephone No.** 414-473-1130

**40. 1st Disbursement Amount** $ 724.00 -742.00-
**41. 2nd Disbursement Amount** $ 724.00
**42. Total Amount Approved** $ 1,448.00

**47. Signature of Student Loan Official** (signature)   Print Name and Title Daniel L. Brandt Asst. Loan Officer   Date 8-21-89

**LENDER COPY A**

218 (4/88)   UPON LENDER COMPLETION MAIL ONLY GREAT LAKES COPY TO: Great Lakes Processing Center, P.O. Box 7661, Madison, WI 53707

**GREAT LAKES HIGHER EDUCATION CORPORATION**
**STAFFORD LOAN APPLICATION AND PROMISSORY NOTE**

### SECTION 1–TO BE COMPLETED BY THE BORROWER "IMPORTANT–READ THE INSTRUCTIONS CAREFULLY"

| 1. Social Security Number | 2. Last Name | First Name | Middle Initial | 3. Birthdate Mo. Day Year |
|---|---|---|---|---|
| | DOUGLAS, RICK j. | | | |

4. Permanent Home Address: 170 HYER LN. APT 5   City, State, Zip Code: Whitewater WI 53190   6. Area Code/Telephone No.: ___-6967

7. United States Citizenship Status (Check One): ☒ a. U.S. Citizen/National   ☐ b. Eligible non-citizen (Alien # _____ ) Include COPY of front and back of card)   ☐ c. Neither of the above

7. You are a permanent resident of what state? State: WI   Since: Mo. 02 Year 85

8. State of Driver's License: Driver's Lic.#: ___211   Since: 82   State of Veh. Reg.: N/A

9. Loan Period From Mo. 9 Year 89 To Mo. 12 Year 89   10. Loan Amount Requested $ 600   11. Major course of study ENGLISH   12. List past secondary institutions you have attended including dates: UW Whitewater U.C. Santa Barbara

13. Have you ever defaulted on a Stafford Loan, PLUS/SLS or Consolidation Loan? ☐ Yes ☒ No   If "Yes", see Instruction

14. Have you received a Stafford Loan, PLUS/SLS or Consolidation Loan for a period of enrollment before July 1, 1988? ☒ Yes ☐ No

15. List below all Stafford Loans, PLUS/SLS and Consolidation Loans. Do Not Include Perkins (NDSL) or HEAL Loans. Continue on a separate sheet if necessary. If none write "NONE".

| Name of Lender | City and State of Lender | Loan Type | Loan Period agreement out | Interest Rate | Unpaid Balance |
|---|---|---|---|---|---|
| Commercial | whitewater WI | GSL | 88 89 | 8 % | $ 2,500 |
| Commercial | whitewater WI | GSL | 89 | 8 % | $ 1,400 |

16. Wisconsin Residents Only. Marital Status: ☐ married ☒ unmarried or legally separated   Married, spouse's name/address:

17a. Parent or Guardian (if deceased, other relative living at 17a or 17c or 4)
Name: Betty Douglas   (Relationship): Mother
Address: 1503 Cedar St   Since: 1969
City/State/Zip: McHenry ILL.   Since: 1969
Area Code/Telephone No.: ___1407
Place and City of Employment: unemployed

17b. Other Relative (not living at 17a or 17c or 4)
Name: Margaret Douglas   (Relationship): Sister
Address: 241 Main St   Since: 1988
City/State/Zip: Wacanda ILL.   Since: 1988
Area Code/Telephone No.: ___2075
Place and City of Employment: Hairdresser in Wacanda IL

17c. Other Relative or Friend (not living at 17a or 17b or 4)
Name: Chuck Whitely   (Relationship): Brother
Address: 140 Mountain Road   Since: 1989
City/State/Zip: Colorado Higher Spring   Since: 1989
Area Code/Telephone No.: ___4884
Place and City of Employment: self employed in Colorado

**Promissory Note for a Stafford Loan**

1. Promise To Pay I, called Maker identified in Section 1, Item 2 and "Endorser", if any, identified in Section I, Item 18c, promise to pay to the lender identified in Section 3, Item 35, when this note becomes due as set forth in paragraph 8 on reverse side), the sum of

Six Hundred _____ DOLLARS

16a. Requested Loan Amount - Must be the same as Item 10
$ 600.00 or such lesser amount as is advanced to me and identified to me in the Stafford Loan Disclosure Statement, plus interest computed at the applicable rate disclosed in paragraph 3 (on reverse side) and on the Stafford Loan Disclosure Statement. If I am not satisfied with the terms of the loan on the Stafford Loan Disclosure Statement, I may cancel this agreement. I agree to contact my lender immediately and I will not cash any loan check that has been released to me. I agree to check the Stafford Loan Disclosure Statement as soon as I get it and to let my lender know if anything looks wrong or if I have any questions. My signature certifies that I have read and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

NOTICE TO THE MAKER: DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE. YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT. MAKER AND ENDORSER ACKNOWLEDGE RECEIPT OF AN EXACT COPY OF THIS NOTE AND THE STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

18a. Maker's Signature _____ (Seal)   Date

18b. Endorser's Signature _____ (Seal)   Date

"WITHOUT RECOURSE, PAY TO THE ORDER OF GREAT LAKES HIGHER EDUCATION CORPORATION"

Endorser (Printed) Name: _____
Endorser's Address: 6/13/01

### SECTION 2–TO BE COMPLETED BY THE SCHOOL (See back of "School Copy D" for instructions)

19. Name of School: UW–WHITEWATER   20. Address: 800 W. MAIN ST.   City, State, Zip Code: WHITEWATER, WI 53190   21. Area Code/Telephone No.: (414) 472-1130

22. School Code: 003926   23. Enrollment Status: FULL   24. Dependency: INDEP   25. Loan Period From Mo. Day Year: 8/28/89  To Mo. Day Year: 5/18/89 90   26. Grade: 04   27. Anticipated Grad. Mo. Year: 9005   28. Total Cost of Educ. $ 7300

29. Est. Fin. Aid $ 5490   30. E.F. Contribution $ 200   31. Approved Loan Amount 600   32. 1st Disbursement Date Mo. Day Year: 9/15/89   33. 2nd Disbursement Date Mo. Day Year: 12/26/89

I have read and understand the terms of the "School's Certification" printed on the REVERSE SIDE of this application.

34. Signature of School Official: Wayne D. Lindgren   Print Name and Title: WAYNE G. LINDGREN/ASSISTANT DIRECTOR   Date: 10/26/89

### SECTION 3–TO BE COMPLETED BY THE LENDER

35. Name of Lender: COMMERCIAL BANK   40. 1st Disbursement Amount $ 300.00

36. Street Address: 200 s. Fremont St.   City, State, Zip Code: Whitewater, WI. 53190   41. 2nd Disbursement Amount $ 300.00

37. Lender Code: 820105   38. Entity Number: 390704630   39. Area Code/Telephone No.: 414-473-1111   42. Total Amount Approved $ 600.00

43. Signature of Student Loan Official: _____   Print Name and Title: Daniel L. Milbrandt / Asst. Loan Officer   Date: 11/2/89

LENDER COPY A

218 (4/89)   UPON LENDER COMPLETION MAIL ONLY GREAT LAKES COPY TO: Great Lakes Processing Center, P.O. Box 7881, Madison, WI 53707

[illegible]TIONS. All words, phrases, and conditions not defined in this Note shall be construed according to common and approved usage unless a technical meaning is ascribed to them by [illegible] IV, Part B Higher Education Act of 1965 (20 U.S.C. 107[illegible] [illegible]q.), as amended, called the "Act" or Federal Regulations. The [illegible] [illegible]retary of Education shall be called the "Secretary". [illegible] Great Lakes Higher Education Corporation shall be calle[illegible] [illegible]EC".

[illegible]PLICABLE INTEREST RATE. (1) The Maker agrees to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principle balance from the date of disbursement until [illegible] the principal sum and accrued interest are paid in full. (2) However, the Secretary will pay the interest that accrues on this loan prior to repayment status and during any deferment, if [illegible] determined that the Maker qualifies to have such payments made on the Maker's behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event [illegible] the interest on this loan is payable by the Secretary, neither the lender nor the holder of this Note may attempt to collect the interest from the Maker. The Maker, however, may choose [illegible] the interest. (3) Once the repayment status begins the Maker will be responsible for all interest that accrues on this loan, except that if the interest accruing on this loan prior to the [illegible] period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT (par. 13) in this Promissory Note. (4) The [illegible] rate will be determined according to the following: (a) If the Maker has an outstanding Guaranteed Student Loan(s) ("GSL") on the date the Maker signs this Note, the applicable [illegible] rate will be the same as the applicable interest rate on the outstanding GSL(s). (b) If the Maker is borrowing for a period of enrollment which begins before July 1, [illegible], and the Maker has no outstanding GSL(s), the applicable interest rate on this loan will be 8%. (c) If the Maker is borrowing for a period of enrollment which begins on or after July 1, [illegible] and the Maker has no outstanding GSL(s) but the Maker has an outstanding balance on any PLUS, Supplemental Loans for Students ("SLS") made for enrollment periods beginning [illegible] that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) If the [illegible] is borrowing for a period of enrollment which begins on or after July 1, 1988, and the Maker has no outstanding balance on any GSL, PLUS, or SLS made for enrollment period(s) [illegible] the date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% [illegible] the end of the fourth year of the Maker's repayment status and will be 10% beginning with the fifth year of the Maker's repayment status. (5) The applicable interest rate (a) until the end [illegible] fourth year of the Maker's repayment status, and (b) beginning with the fifth year of the Maker's repayment status will be identified on the GLHEC GSL Disclosure Statement. (6) The [illegible] may also [illegible] of interest. If required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or other holder of this note [illegible] add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of GLHEC.

[illegible]GUARANTEE INSURANCE FEE. The Maker agrees to pay a loan guarantee insurance fee to Lender equal to 1% of the Loan Amount. The amount of this fee will be shown on the GSL [illegible] Disclosure Statement and shall be deducted proportionately from each disbursement of this loan. This fee may be refundable if no amount of this loan has been disbursed to the Maker.

[illegible]AN ORIGINATION FEE. The Maker [illegible] pay to the lender a loan origination fee equal to 5% of the Loan Amount. This fee may be increased to 5.5% by Presidential order issued [illegible] to the sequestration provisions of the Balanced Budget and Emergency Deficit Control Act of 1985. The amount of this fee will be shown on the GSL Disclosure Statement and it [illegible] be deducted by the lender [illegible] of the proceeds of the loan in an amount prorated in accordance with the amount of each disbursement.

[illegible]PAYMENT OF NOTE: During the [illegible] Period consisting of the time the Maker continues to carry at an eligible institution at least one half the normal full-time academic workload as [illegible] by that institution plus the Grace Period no payments are due from the Maker, and all interest accruing will be paid to the lender by the Secretary if the Maker qualifies for interest [illegible]. During the Grace Period, the lender will provide the Maker and the Maker will sign, a Payment Schedule and Disclosure form which will establish the number and amounts of the [illegible] necessary to repay the principal and interest due on this note over the period ("Repayment Period") commencing at the conclusion of the Grace Period. The lender may add any [illegible] interest for which the Secretary is not liable and any interest not paid by the Maker when due to the unpaid principal balance of this loan in accordance with GLHEC regulations. From [illegible] liable for all interest accruing on this Note except during authorized deferment periods. Except where the minimum [illegible] provided in par. 7 is applicable, the [illegible] at least 5 years but no more than 10 years, (except for authorized periods of deferment and forbearance). If the lender [illegible] Maker agree to a Repayment Period of [illegible] the lender will, at the Maker's request, extend it to 5 years unless doing so would reduce the Maker's payments below the [illegible] required by par. 7. The Maker agrees [illegible] promptly in writing after ceasing to carry at an eligible institution at least one half the normal full-time academic [illegible], (B) to sign the Payment Schedule and Disclosure form provided by the lender, not later than 120 days prior to the expiration of the Grace Period, and (C) to pay the Note in accordance with the Payment Schedule and Disclosure [illegible] signature of the Payment Schedule and Disclosure form by the Maker shall not be a condition precedent to liability [illegible] payment of any sums owed by the Maker and any Endorser.

[illegible] PAYMENT. The total annual payment by [illegible] during any year of the repayment period on all GSL and PLUS/SLS loans made under the Act shall not, unless otherwise [illegible] to by lender and Maker, be less than $600 or the [illegible] each loans plus accrued interest, whichever is less; except that if a husband and wife both have outstanding GSL and [illegible]/SLS loans, the total combined annual payment [illegible] by husband and wife shall not be less than $600 or the combined balance of all such loans plus accrued interest, [illegible] is less. The required annual payment may be more than indicated above depending on the total amount borrowed.

[illegible]PAYMENT WITHOUT PENALTY. The Maker and any Endorser may prepay the whole or any part of this Note at any time without penalty, and may be entitled to a rebate of any unearned [illegible] that was paid.

[illegible] PAYMENT PENALTY. A late payment penalty may be assessed on the unpaid amount of any installment not paid on or before the 10th day after its scheduled or deferred due date. [illegible] late charge may not exceed 6% of each installment or $5 for each installment whichever is less. This charge may be added to the Maker's [illegible] from any future payments [illegible] to allocation toward payment of any principal or interest.

[illegible]COLLECTION CHARGES. The Maker and any Endorser are liable for all charges and collection costs, including statutorily authorized attorneys [illegible], that are permitted by Regulations of [illegible] Secretary and are necessary for the collection of the loan.

[illegible] SECURITY INTEREST. This Note is unsecured and the lender expressly waives, as security for this Note, any security [illegible] by the lender.

[illegible] DISBURSEMENT SCHEDULE. The Maker and lender agree that the amount paid to the Maker shall be disbursed [illegible] the order of and requiring the endorsement of the [illegible] according to the schedule listed on the GSL Disclosure Statement.

[illegible]DEFERMENT. Payment of principal will be deferred after the repayment period begins, provided Maker [illegible] in the regulations governing [illegible] GSL Program in any of these circumstances including deferment renewals that may be required: (A) While [illegible] — [illegible] Full-time [illegible] school that is participating in the [illegible] (unless Maker is not a citizen or national of the United States and is studying at a school not located in the United States); [illegible] institution of higher education or a [illegible] school that is operated by an agency of the Federal Government (e.g., the service academies); [illegible] A graduate [illegible] the Secretary; or [illegible] A rehabilitation [illegible] program for disabled individuals approved by the Secretary. [illegible] For periods not exceeding 3 years for each of the [illegible] (a) On active duty in the Armed Forces [illegible] United States or serving as an officer in the Commissioned Corps of the United States Public Health Service; (b) [illegible] Volunteer; (c) Serving as a full-time volunteer [illegible] Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs, e.g., VISTA); (d) Serving as a full-time volunteer [illegible] organization exempt from Federal income taxation [illegible] Section 501(c)(3) of the Internal Revenue Code of 1954, while performing service which the Secretary has determined is comparable to service in the Peace Corps or ACTION programs; [illegible] Temporarily totally disabled, as established by affidavit of a qualified physician, or [illegible] Maker is providing care required by a dependent who is [illegible] totally disabled, as established by affidavit of a qualified physician. (C) For a period not exceeding 2 years while Maker is serving in an internship that the Secretary has determined [illegible] necessary for Maker to gain professional recognition required to begin professional practice or service [illegible] not exceeding 2 years while Maker is conscientiously seeking but [illegible] to find full-time employment in the United States; and (E) Up to 6 months if borrower is pregnant or caring for a newborn or newly adopted child, and is not in attendance at an eligible [illegible] or gainfully employed, and was enrolled within the past 6 months at an eligible institution. For [illegible] requesting a loan for a period of enrollment beginning on or after July 1, [illegible], payment may also be deferred for: (A) Enrollment at least half-time (as determined by school), [illegible] for the period of enrollment; (B) Up to 3 years while serving as an [illegible] duty member of the National Oceanic and Atmospheric Administration Corps; (C) Up to 3 years [illegible] full-time elementary or secondary school teachers in a teacher shortage area [illegible] by the Secretary; (D) Up to 2 years for service in an eligible internship or residency program leading to a degree or certificate awarded by an institution of higher education, a [illegible], or a health care facility that offers post-graduate training; and (E) Up to 1 year for mothers of pre-school children entering or re-entering the work force who earn less than $1 above [illegible] minimum wage.

[illegible] be granted a deferment, Maker must provide the lender with written evidence of eligibility. Maker must subsequently notify the lender as soon as the condition for which the deferment [illegible] granted no longer exists.

[illegible] EVENTS OF DEFAULT. This Note shall, at the option of the holder, become immediately due and payable upon the occurrence of any of the following events of default: (A) Failure of [illegible] Maker to pay in full any monthly installment when due provided that this failure persists for 180 days or 240 days for less frequent installments; or (B) giving false or inaccurate information [illegible] an application for a student loan. Upon default all of the Maker's rights under this agreement shall be terminated, including but not limited to the deferments provided for in par. 13 [illegible] arrangements which may be allowed by the Great Lakes Higher Education Corporation after default, shall not reinstate or renew any such terminated rights of the Maker.

[illegible] CONSEQUENCES OF DEFAULT. Upon an event of default (par. 14), Maker and Endorser are jointly and severally liable for all charges and collection costs (including statutorily authorized [illegible] attorneys fees) permitted by federal statutes or by rules or regulations issued by the Secretary or GLHEC for the collection of any amounts due under this Note. If this loan is referred for [illegible] collection to an agency subject to the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.), Maker and Endorser are jointly and severally pay these collection costs which do not exceed [illegible] of the unpaid principal and accrued interest. In the event GLHEC obtains a legal judgment on the defaulted loan, GLHEC reserves the right to collect interest on the judgment at any rate [illegible] to the maximum rate of interest that applicable law may allow with respect to interest on judgments. The rate of interest on a judgment may be greater than the rate of interest specified [illegible] this Note.

[illegible] CREDIT BUREAU NOTIFICATION. Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If Maker defaults on this [illegible], the lender, the holder or guaranty agency will also report the default to one or more credit bureau organizations. This may significantly affect the Maker's ability to obtain other credit.

[illegible] ADDITIONAL PROVISIONS. (A) The Maker and any Endorser are jointly and severally liable for all amounts owing under this Note and waive presentment for payment, demand, notice of [illegible] payment, notice of protest and protest of this Note, and consent to the terms of any payment schedule as well as any and all extensions, consolidations and renewals without notice. (B) [illegible] Maker agrees to use the proceeds of the loan which this Note evidences solely to pay the expenses of attending the educational institution listed on the loan application and in which the [illegible] is enrolled or accepted for enrollment at the date of this Note, and for the loan period indicated on the application. (C) In the event of the Maker's death or total and permanent disability, [illegible] unpaid indebtedness hereunder shall be cancelled pursuant to regulations promulgated under the Act. (D) The Maker shall notify the lender promptly, in writing, of any changes from time [illegible] time occurring in his or her school enrollment status (such as withdrawal from school or less than half-time attendance, graduation or transfer to other schools) or home address from that [illegible] in the application for the loan. (E) The lender must provide information on the repayment status of this loan to credit bureau organizations upon the Maker's request. If not otherwise [illegible] by the law or regulation, the lender and/or GLHEC will disclose information about the status of this loan to any credit bureau. (F) Under the conditions set forth in Federal and [illegible]EC regulations governing the GSL program this loan may be transferred to a holder other than the original lender. Upon being notified of such transfer, the Maker has the same rights [illegible] responsibilities with regard to the subsequent holder that the Maker had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the [illegible] Commercial Code as adopted by any state and a subsequent holder of the Promissory Note cannot be a holder in due course. (G) Consolidation or refinancing options may be [illegible] to the Maker for GSL and other educational loans. For further information the Maker should contact GLHEC.

[illegible] CERTIFICATION. I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information [illegible] in Section 1 of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I also certify that I do not now owe a refund on a [illegible] Grant, Basic Grant, Supplemental Educational Opportunity Grant, or State Student Incentive Grant that I received to attend any school. I further certify that I am not now in default on [illegible] loans received under the Perkins Loan (formerly National Direct Student Loan), the Federal Insured Student Loan Program, or the PLUS/SLS or ALAS Programs at any school. I hereby [illegible] the educational institution to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend, or [illegible], to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g. employment, enrollment status, prior loan history, current [illegible]). I also authorize the lender, subsequent holder, their agent, educational institution or GLHEC to make inquiries from prior or subsequent lenders or holders with respect to my loan [illegible] application and related documents, and to make inquiries of my parents and other third parties to obtain information regarding my location, employment and sources of income. I certify that [illegible] proceeds of any loan made as a result of this application will be used for educational purposes for the academic period covered by this application at the educational institution named [illegible] this form. I understand that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that [illegible] for the loan period stated. I further certify that I have read and understand the statement of borrower responsibilities attached to the application.

BEST COPY AVAILABLE AT TIME OF IMAGING

**GREAT LAKES HIGHER EDUCATION CORPORATION**
**STAFFORD LOAN APPLICATION AND PROMISSORY NOTE**

## SECTION 1–TO BE COMPLETED BY THE BORROWER "IMPORTANT–READ THE INSTRUCTIONS CAREFULLY"

1. Social Security Number [redacted]
2. Last Name **DOUGLAS** , First Name **RICK J** Middle Initial
3. Birthdate [redacted] Mo / [redacted] Day / [redacted] Year

4. Permanent Home Address **17D HWBR LN. APT 5 1** City, State, Zip Code **Whitewater WI 53190**
5. Area Code/Telephone No. [redacted] **6967**

6. United States Citizenship Status (Check One) (See Instructions)
   ☒ a. U.S. Citizen/National
   ☐ b. Eligible non-citizen (Alien # ___) (Include COPY of front and back of card)
   ☐ c. Neither of the above

7. You are a permanent resident of what state? State: **WI** Since: **02 89**

8. State of Driver's License **Ca** Driver's Veh. #: [redacted] **8211** Since: **88**
   State/Veh. Reg.: **wi** Since: **70**

9. Loan Period From **09 10 90** Mo Day Year To **08 10 90** Mo Day Year
10. Loan Amount Requested $ **1,900**
11. Major course of study **ENGLISH**
12. List post secondary institutions you have attended including dates: **Whitewater 86-90**

13. Have you ever defaulted on a Stafford Loan, PLUS/SLS or Consolidation Loan? ☐ Yes ☒ No  If "Yes", see Instruction

14. Have you received a Stafford Loan, PLUS/SLS or Consolidation Loan for a period of enrollment before July 1, 1988? ☒ Yes ☐ No

15. List below all Stafford Loan, PLUS/SLS and Consolidation Loans. Do not list Perkins (NDSL) or HEAL Loans. Continue on a separate sheet if necessary. If none write "NONE".

| Name of Lender | Loan Type | Loan Period From Mo/Day/Year To Mo/Day/Year | Interest Rate | Unpaid Balance |
|---|---|---|---|---|
| Commercial Citi Bank | STAFFORD | 9 \| 84 | 8 % | $ 6,800 |
| | STAFFORD | 9 \| 88 | 7 % | $ 2,000 |

16. Wisconsin Residents Only. Marital Status: ☐ married ☒ unmarried or ☐ legally separated

17a. Parent or Guardian (if deceased, other relative)
   Name: **Betty Douglas** Relationship: **Mother**
   Address: **505 Cedar St** Since: 1969
   City/State/Zip: **McHenry IL [redacted]** Telephone No.: [redacted] **-1487**
   Place and City of Employment: **not employed**

17b. Nearest Relative (not living at 17a or 17c or 4)
   Name: **Lara Douglas** Relationship: **Sister**
   Address: **203 Manst D. 407** Since: **80**
   City/State/Zip: **Wacamba IL** Telephone No.: [redacted] **-207 _**
   Place and City of Employment: **hair2000 Wacamba IL**

17c. Other Relative (not living at 17a or 17b or 4)
   Name: **Cheryl Douglas** Relationship: **Sister**
   Address: **R1 / Wacamba IL** Since: **89**
   City/State/Zip: **Fire No 43851** Telephone No.: [redacted] **8562**
   Place and City of Employment: **not employed**

**Promissory Note for a Stafford Loan**
1. Promise To Pay I, called Maker identified in Section I, Item 2 and "Endorser," if any, identified in Section I, Item 18a, promise to pay to the lender identified in Section 3, Item 35, when I/he note becomes due as set forth in paragraph 5 on reverse side, the sum of

**One Thousand Nine Hundred** ......................... **DOLLARS**

Requested Loan Amount - Must be the same as Item 10
$ **1,900** (00) or such lesser amount as is advanced to me and identified to me in the Stafford Loan Disclosure Statement, plus interest computed at the applicable rate disclosed in paragraph 3 on reverse side, and on the Stafford Loan Disclosure Statement. If I am not satisfied with the terms of the loan on the Stafford Loan Disclosure Statement, I may cancel this agreement. I agree to contact my lender immediately and I will not cash any loan check that has been released to me. I agree to check the Stafford Loan Disclosure Statement as soon as I get it and to let my lender know if anything looks wrong or if I have any questions. My signature certifies that I have read and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

NOTICE TO THE MAKER: DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT. MAKER AND ENDORSER ACKNOWLEDGE RECEIPT OF AN EXACT COPY OF THIS NOTE AND THE STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

X _Rick M Douglas_ (Seal)  3/30/90

"WITHOUT RECOURSE, PAY TO THE ORDER OF GREAT LAKES HIGHER EDUCATION CORPORATION"

LEE V CUSHMAN   6/13/01
Endorser's Soc. Sec. #   Endorser's Signature

## SECTION 2–TO BE COMPLETED BY THE SCHOOL (See back of "School Copy D" for Instructions)

19. Name of School **UW-WHITEWATER**
20. Address **800 W MAIN WHITEWATER, WI  53190**
21. Area Code/Telephone No. **(414) 472-1130**

22. School Code **003926**
23. Enrollment Status **FULL**
24. Dependency **INDEP**
25. Loan Period From **8-11-90** To **8-03-90**
26. Grade **04**
27. Anticipated Grad. **9012**
28. Est. Cost of Educ. $ **2070**

29. Est. Fin. Aid $ **-0-**
30. E.F. Contribution $ **78**
31. Approved Loan Amount $ **1,900**
32. 1st Disbursement Date Mo **05** Day **28** Year **1990**
33. 2nd Disbursement Date Mo **07** Day **09** Year **1990**

I have read and understand the terms of the "School's Certification" printed on the REVERSE SIDE of this application.

34. Signature of School Official _Wayne G. Lindgren_   Print Name and Title **WAYNE G. LINDGREN  ASSISTANT DIRECTOR**   Date **03/27/90**

## SECTION 3–TO BE COMPLETED BY THE LENDER

35. Name of Lender **COMMERCIAL BANK**
40. 1st Disbursement Amount $ **950.00**

36. Street Address **200 S. Fremont St.**  City, State, Zip Code **Whitewater, WI. 53190**
41. 2nd Disbursement Amount $ **950.00**

37. Lender Code **820105**
38. Entity Number **39-0704630**
39. Area Code/Telephone No. **414-473-1111**
42. Total Amount Approved $ **1,900.00**

43. Signature of Student Loan Official _Daniel L Milbrandt_   Print Name and Title **Daniel L. Milbrandt  Asst. Loan Officer**   Date **Mar.31,1990**

**LENDER COPY A**

218 (4/89)   UPON LENDER COMPLETION MAIL ONLY GREAT LAKES COPY TO: Great Lakes Processing Center, P.O. Box 7861, Madison, WI 53707

Case 0:13-cv-62757-LSS   Document 1   Entered on FLSD Docket 12/19/2013   Page 21 of 68

**GREAT LAKES HIGHER EDUCATION CORPORATION**
**STAFFORD LOAN APPLICATION AND PROMISSORY NOTE**

**SECTION 1—TO BE COMPLETED BY THE BORROWER "IMPORTANT—READ THE INSTRUCTIONS CAREFULLY"**

| 1. Social Security Number | 2. Last Name | First Name | Middle Initial | 3. Birthdate |
|---|---|---|---|---|
| ██████ | DOUGLAS , RICK J | | | ██/██/62 |

4. Permanent Home Address: 37D N. Tratt #203  City, State, Zip Code: Whitewater WI 53190
8. Area Code/Telephone No.: ███-3174

5. United States Citizenship Status (Check One) (See Instructions)
☒ a. U.S. Citizen/National
☐ b. Eligible non-citizen (Alien # (include COPY of front and back of card))
☐ c. Neither of the above

6. Are you a permanent resident of what state? WI

7. State of Driver's License: WI   Driver's Lic. #: ████   Since: 85
State of Veh. Reg.: WI   Since: 85

9. Loan Period: From 09/04/90 To 05/15/91
10. Loan Amount Requested: $ 1,101
11. Major course of study: ENGLISH
12. List post secondary institutions you have attended including dates: UC SANTA BARBARA 9/85–12/88

13. Have you ever defaulted on a Stafford Loan, PLUS/SLS or Consolidation Loan? ☐ Yes ☒ No  If "Yes", see instruction
14. Have you received a Stafford Loan, PLUS/SLS or Consolidation Loan for a period of enrollment before July 1, 1987? ☒ Yes ☐ No

16. List below all Stafford Loan, PLUS/SLS and Consolidation Loans. Do Not Include Perkins (NDSL) or HEAL Loans. Continue on a separate sheet if necessary. If none write "NONE".

| Name of Lender | City and State of Lender | Loan Type | Loan Period (From/To) | Interest Rate | Unpaid Balance |
|---|---|---|---|---|---|
| Commercial | Whitewater WI | GSL/SLS | 04 88 | 8 % | $ 6,709 |
| Citicorp | San Francisco | GSL | 04 88 | 8 % | $ 3,000 |

18. Wisconsin Residents Only. Marital Status: ☐ married ☐ legally separated ☐ unmarried
If married, spouse's name and address:

| 17a. Parent or Guardian (if deceased, other relative) | 17b. Other Relative (not living at 17a or 17c or 4) | 17c. Other Relative or Friend (not living at 17a or 17b or 4) |
|---|---|---|
| Name: Betty Douglas  Relationship: mother | Name: Dawn Douglas  Relationship: Sister | Name: Chuck Fleshion  Relationship: Uncle Brother |
| Address: 1503 Cedar St | Address: 218 W. Front St | Address: 2498 Oak Ridge Rd. |
| City/State/Zip: McHenry ILL  Since: 1969 | City/State/Zip: Wauconda IL  Since: 86 | City/State/Zip: Idaho Springs CO  Since: 1989 |
| Area Code/Telephone No.: ███-1407 | Area Code/Telephone No.: ███-4218 | Area Code/Telephone No.: ███-6110 |
| Place and City of Employment: retired | Place and City of Employment: Unemployed | Place and City of Employment: unemployed |

**Promissory Note for a Stafford Loan**

I, promise To Pay I, called Maker identified in Section I, Item 2 and "Endorser," identified in Section I, Item 18c, promise to pay to the lender identified in Section 3, Item 37, whom this note becomes due as set forth in paragraph 6 (on reverse side), the sum of

18a. $ 1,101 .00 (Loan Amount Requested - must be the same as Item 10) or such lesser amount as is advanced to me and identified to me in the Stafford Loan Disclosure Statement, plus interest computed at the applicable rate disclosed in paragraph 3 (on reverse side) and on the Stafford Loan Disclosure Statement. If I am not satisfied with the terms of the loan on the Stafford Loan Disclosure Statement, I may cancel this agreement. I agree to contact any lender immediately and I will not cash any loan check that has been released to me. I agree to check the Stafford Loan Disclosure Statement as soon as I get it and to let my lender know if anything looks wrong or if I have any questions. My signature certifies that I have read and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

NOTICE TO THE MAKER: DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT. MAKER AND ENDORSER ACKNOWLEDGE RECEIPT OF AN EXACT COPY OF THIS NOTE AND THE STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES.

18b. Maker's Signature: _Rick J. Douglas_  Date: 8/13/90

18c. Endorser's Signature: _____  Date: _____
Endorser's Name Print:

"WITHOUT RECOURSE, PAY TO THE ORDER OF GREAT LAKES HIGHER EDUCATION CORPORATION" Date:
EDP. SCHORMAN  4/13/01

**SECTION 2—TO BE COMPLETED BY THE SCHOOL (See back of "School Copy D" for instructions)**

| 19. Name of School | 20. Address | City, State, Zip Code | 21. Area Code/Telephone No. |
|---|---|---|---|
| UW-WHITEWATER | 800 W MAIN WHITEWATER, WI 53190 | | (414) 472-1130 |

| 22. School Code | 23. Enrollment Status | 24. Dependency | 25. Loan Period From/To | 26. Grade | 27. Anticipated Grad. Mo./Year | 28. Est. Cost of Educ. |
|---|---|---|---|---|---|---|
| 003926 | FULL | INDEP | 09-04-90  05-15-91 | 04 | 05/28/91 | $ 6800 |

| 29. Est. Fin. Aid | 30. E.F. Contrib. | 31. Appr. Loan Amt. | 32. 1st Disb. MO/DAY/YR | 33. 2nd Disb. MO/DAY/YR | 34. 3rd Disb. MO/DAY/YR | 35. 4th Disb. MO/DAY/YR |
|---|---|---|---|---|---|---|
| $ 4489 | $ 1200 | $ 1101 | 09-14-90 | 12-26-90 | | |

I have read and understand the terms of the "School's Certification" printed on the REVERSE SIDE of this application.

36. Signature of School Official: _W. Lindgren_   Print Name and Title: WAYNE G. LINDGREN   ASSISTANT DIRECTOR   Date: 06/15/90

**SECTION 3—TO BE COMPLETED BY THE LENDER**

37. Name of Lender: _____
38. Street Address: 280 W. Fremont St
City, State, Zip Code: Whitewater, WI. 53190
39. Lender Code: 820905
40. Faculty Number: 390-90930
41. Area Code/Telephone No.: 414-473-1111

| 42. 1st Disbursement Amount | 43. 2nd Disbursement Amount |
|---|---|
| $ 550.50  $600.00 | $ 600.00 |
| 44. 3rd Disbursement Amount | 45. 4th Disbursement Amount |
| $ | $ |

46. Total Amount Approved (42 + 43 + 44 + 45): $ 1,101.00  $1,200.00

47. Signature of Lender's Loan Official: _R.A. Norman_
Print Name and Title: Richard A. Norman  Loan Officer
Date: Aug. 13, 1990

LENDER COPY A

DECLARE UNDER PENALTIES THAT THE FOREGOING IS A TRUE COPY OF THE COMMERCIAL BANK OF WHITEWATER ORIGINAL PROMISSORY NOTE. BEGINNING LOAN SUPERVISOR 2007

218 (4/90)   DATE UPON LENDER COMPLETION MAIL ONLY GREAT LAKES COPY TO: Great Lakes Processing Center, P.O. Box 7861, Madison, WI 53707

**EXHIBIT "B"**

## U. S. DEPARTMENT OF EDUCATION
### SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS #2 OF 10

Rick J. Douglas
612 Anderson Circle Apt. 204
Deerfield Beach, FL 33441
Account No.:XXXXX██████

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 06/06/11.

On or about 08/12/88, the borrower executed promissory note(s) to secure loan(s) of $4,000.00 from Citicorp Sacramento, Sacramento, CA. This loan was disbursed for $2,000.00 on 08/26/88, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by California Student Aid Commission, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $485.01 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 02/06/01, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,658.51 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 07/18/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 1,658.51 |
| Interest: | $   930.49 |
| | |
| Total debt as of 06/06/11: | $ 2,589.00 |

Interest accrues on the principal shown here at the current rate of 3.42 percent and a daily rate of $0.16 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on:  6/16/11

_Michael Illes_
Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

| STUDENT APPLICATION | APPLICATION/PROMISSORY NOTE CALIFORNIA GUARANTEED STUDENT LO... California Student Aid Commission, Guarantor ...llure to honor its repayment terms may result in Default. ...ject to penalties under state and federal codes. | *SUBMIT COPIES OF FORM |
|---|---|---|

ᖴ Ⅹ Ζ Ử Ử Ỉ Ử 8 Ử 2 1 4   ᴸᵗ ᵒʳ

**PART A—COMPLETED BY STUDENT**   S88028243   PRINT OR TYPE ALL ENTRIES

**1 Social Security Number**

**2. Applicant's Last Name** Douglas   **First Name** Rick   **MI.** J

**3. Date of Birth** MO DA YR [ - -62]

**4. Permanent Home Address** 1503 Cedar St.
City Mc Henry   State ILL.   ZIP Code 60050

**5. Home Phone** -1407

**6. U.S. Citizenship (See Instructions)**
A U.S. Citizen or National [X]   B. Eligible Non-Citizen [ ]   C. Not A or B [ ]
If you checked B, list your Alien Registration Number

**7. Address and Phone While Attending School (if known)**

**8. State of Permanent Residence** State Code CA   Since 6 88 MO YR

**9. Driver's License** State Code CA   Number [ 211]

**10** Major Course of Study Code (see instructions) [ ]

**11. REFERENCE REQUIREMENT**—All references must be in the United States and be at different addresses.

| | 11A. Parent or Guardian [X]  Other Adult Relative [ ] | 11B. Other Parent at different address from 11A [ ]  Other Adult Relative [X] | 11C. Other Adult Relative [ ]  Friend [X] |
|---|---|---|---|
| Name | Betty Douglas | Chuck Fletcher | Ronald Smith |
| Home Address | 1503 Cedar St. | 1211 River Rd. | psc Box 2241 |
| City, State, Zip Code | Mc Henry ILL 60050 | Idaho Springs CO. | Edwards, CA. |
| Phone | -1407 | -4884 | -2810 9 22 |

**12** Prior student loan history: List all FISL/GSL loans you have received below. (LIST MOST RECENT LOANS FIRST)

| A) Lender/Holder and Address | B) Guarantee Agency CSAC / Other | C) Total Amount Owed | D) Loan Period of your most recent loan (MM/DD/YY) Beginning Date / Ending Date | E) Interest Rate |
|---|---|---|---|---|
| Commercial Bnk. WI. | A (B) | $ 1400 00 | 9/2/87  5/15/88 | 7% [8%] 9% 10% |
| Commercial Bnk. WI. | A (B) | $ 2500 00 | | 7% [8%] 9% 10% |
| | A  B | $ | | 7% [8%] 9% 10% |
| | A  B | $ | | 7% 8% 9% 10% |

**13. Requested Loan Amount** I request CGSL $ 4,000 00
LIST AMOUNT REQUESTED AND TRANSFER TO 17 AND 18
See borrowing limits and eligibility requirements

**14.** Enrollment Period Covered by This Loan From 9/88 MO YR To 6/89 MO YR

**15.** Have you ever DEFAULTED on any educational loan or do you owe a refund on any federal/state educational grant?
Yes [ ]   No [X]
If yes, list details and attach with repayment arrangements to the application

**16.** Name and City/State of Lender Citicorp Sacramento, Sacramento / CA.

**PROMISSORY NOTE FOR A LOAN GUARANTEED BY THE CALIFORNIA STUDENT AID COMMISSION**

PROMISE TO PAY I, the undersigned student-borrower identified above, PROMISE TO PAY to the order of my lender or to a subsequent holder, all of the LOAN AMOUNT REQUESTED (item 13 above)

**17.** Four thousand Dollars **18.** ($ 4000 .00)
Spell and list the dollar amount requested—must be same at item 13

or amount advanced to me, plus amounts described on the reverse side of this Note and listed on the Disclosure Statement which I will receive no later than when I receive my loan check(s). My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "BORROWER CERTIFICATION STATEMENT" on the reverse side of this note.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE OR IF OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE. THE DISCLOSURE STATEMENT AND ANY AGREEMENTS I SIGN. BY SIGNING THIS NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY OF THIS DOCUMENT

**19** SIGNATURE OF STUDENT-BORROWER [signature]   **20** 8/17/88 DATE

NOTICE TO STUDENT-BORROWER    Read TERMS OF PROMISSORY NOTE on reverse side.

**PART B—COMPLETED BY FINANCIAL AID OFFICER**   OFFICE OF FINANCIAL AID   PRINT OR TYPE ALL ENTRIES

**21. Reg. CGSL/** 001320   **22.** Name and Address of School UNIVERSITY OF CALIFORNIA SANTA BARBARA, CA 93106 Phone (805) 961-4015

**A.** CALS [ ]

**23** Enrollment Status Fulltime [X]  Halftime or Greater [ ]  Less than Halftime [ ]

**24.** Anticipated Completion Date 05 90 MO YR

**25. Grade Level** UNDERGRAD/VOCATIONAL [ ] 1 2 3[X] 4 5  GRAD or PROFESSIONAL [ ] 6 7 8 9 [0]

**26.** Dependency Status Dependent [ ]  Independent [X]

**27** Enrollment period covered by Loan MO DA YR From 09 31 88 To 06 16 89

**28.** Family Adjusted Gross Income $ 1723   **29.** Estimated Cost of Attendance of Loan Period $ 13060 13075 PA   **30.** Estimated Financial Aid for Loan Period $ 7660   **31** Expected Family Contribution 1200   **32.** NET COST $ 200 315 PA

**33.** Recommended Disbursement Date(s)

**34.** Signature of Authorized School Official
My signature certifies that I have read and agreed to the conditions given in the School Certification Statement printed on the REVERSE of this application
X Peter T. Akemann
Peter T. Akemann, GSL Processor   8/16/88
Print Name, Title, Date

**PART C—COMPLETED BY LENDER**   PRINT OR TYPE ALL ENTRIES

| 35. Lender Code/Name | 36 Signature of Authorized Lending Official X | Print Name, Title, Date | 37 Loan Amount $ 4000 | 38. % | 39. Anticipated Date(s) 1/25/88 12/26/88 | 40. Disbursement Amount(s) $ 2000 $ 2000 |
|---|---|---|---|---|---|---|

CGSLP 110-30 (8/87)

LENDER COPY

# TERMS OF THE PROMISSORY NOTE

All rights, title and interest of the California Student Aid Commission is hereby assigned in favor of the United States Department of Education by the execution of this endorsement

Patricia A. Newman
EDFUND Asst. Vice President
Defaulted Assets Mgmt Branch
California Student Aid Commission
P.O. Box 419032
Rancho Cordova, CA 95741-9032

JUN 20 '07

All rights, title and interest of the undersigned is hereby assigned (without warranty, except that the note qualifies for insurance) to the California Student Aid Commission.

Name of Lender: CNVS, as trustee for the Student Loan Corporation

Title of Officer: Unit Manager

Signature of Officer:

Date Signed: Citibank (SD) N.A., Servicing Agent 03/13/01

# EXHIBIT "C"

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #3 OF 10**

Rick J. Douglas
612 Anderson Circle Apt. 204
Deerfield Beach, FL 33441
Account No.: XXXXX███

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 06/06/11.

On or about 01/23/89, 06/08/89, 09/05/89, 01/17/90 and 09/06/90, the borrower executed promissory note(s) to secure loan(s) of $600.00, $800.00, $400.00, $400.00 and $500.00 from University of Wisconsin - Whitewater at 5.00 percent interest per annum. The institution made the loan under the Federally-funded National Defense/Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087aa et seq. (34 C.F.R Part 674). The institution demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 12/01/03. Due to this default, the institution assigned all rights and title to the loan to the Department of Education.

After the institution credited all cancellations due and payments received, the borrower owed the school $2,700.00 principal and $903.86 interest. This principal and interest, together with any unpaid charges, totaled $4,897.20. The loan was assigned to the Department on 07/13/05.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,700.00 |
| Interest: | $1,700.86 |
| Total debt as of 06/06/11: | $4,400.86 |

Interest accrues on the principal shown here at the rate of $0.37 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _6/16/11_

Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

# UNIVERSITY OF WISCONSIN - WHITEWATER
## PERKINS LOAN PROGRAM PROMISSORY NOTE

Social Security # ████ SPRING 89 ████ ██

Semester    SPRING 89

Date    01/19/89

DOUGLAS    RICK

I promise to pay to University of Wisconsin - Whitewater (hereinafter called the Lending Institution), located at Whitewater, Wisconsin, the sum of the amounts that are advanced to me and endorsed in the Schedule of Advances set forth below. I promise to pay all attorney's fees and other reasonable collection costs and charges necessary for the collection of any amount not paid when due. However, if a collection agency, which is subject to the Fair Debt Collection Practices Act, is used, I will pay those collection costs which do not exceed 25% of the unpaid principal and interest.

RICK    J DOUGLAS
370 N PRATT APT 113
WHITEWATER    WI 53190

### SCHEDULE OF ADVANCES

| AMOUNT | SEMESTER | DATE SIGNED | SIGNATURE OF MAKER |
|---|---|---|---|
| $ 800.00 | SPRING 89 | 1/23/89 | *Rick J Dougl* |

I further understand and agree that:

**I. GENERAL**

(1)  All sums advanced under this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, hereinafter called the Act, and are subject to the Act and the Federal Regulations issued under the Act. The terms of this note must be interpreted in accordance with the Act and Federal Regulations, copies of which are to be kept by the Lending Institution.

(2)  I understand that if I am eligible for deferment or cancellation under Articles VI through XII, I am responsible for submitting the appropriate requests on time.

**II. INTEREST**

(1)  Interest shall accrue from the beginning of the repayment period and shall be at the ANNUAL PERCENTAGE RATE OF FIVE PERCENT (5%) interest on the unpaid balance except that no interest shall accrue during any deferment period described in subparagraphs VI(1) (A), (B), (C), (D), (E), and (F).

**III. REPAYMENT**

(1)  Except as provided in paragraph III(5), I promise to repay the principal and the interest which accrues in it over a period beginning nine months after the date I cease to be at least a half-time student at an institution of higher education, or at a comparable institution outside the United States approved for this purpose by the United States Secretary of Education (hereinafter called the Secretary), and ending unless paragraphs III(4) or VI(1) (Deferment) applies, 10 years later.

(2)  I may, however, request that the repayment period start on an earlier date.

(3)  I promise to repay the principal and interest over the course of the repayment period in equal monthly, bimonthly or quarterly installments, as determined by the Lending Institution. However, if I request, repayments may be made in graduated installments determined in accordance with schedules approved by the Secretary. In either case, a schedule of repayment shall be attached to and made part of this note.

(4)  Notwithstanding paragraph III(1), if I qualify as a low-income individual during the repayment period, the Lending Institution may, at my request, extend the repayment period for up to an additional 10 years or adjust any repayment schedule to reflect my income, or both.

(5)(A)  I shall repay the principal and interest on this loan at the rate of $30 per month (which includes both principal and interest) even though the monthly rate that would be established under paragraph III(1) is less than that amount, if the total monthly repayment rate of principal and interest on all my National Direct and National Defense Loans, including this loan, is less than $30 per month.

(5)(B)  If I have received National Defense or National Direct Loans from other institutions and total monthly repayment rate on those loans is less than $30, the $30 monthly rate established under subparagraph III(5)(A) is the rate I pay on all my outstanding National Defense and National Direct Loans and is not in addition to the amount I pay on those other loans.

(5)(C)  If my monthly repayment rate is established under subparagraph III(5)(A) and I have received National Defense or National Direct Loans from other institutions, the amount of my monthly repayment rate attributable to this loan is the amount which represents the difference between $30 and the monthly rates I must pay on my other National Defense and National Direct Loans.

(6)  A schedule of repayment will be attached to and made part of this note.

(7)  The Lending Institution may permit me to pay less than the rate of $30 per month for a period of not more than one year where necessary to avoid hardship to me unless that action would extend the repayment period in paragraph III(1).

(8)  The Lending Institution may round the payment amount, with respect to the aggregate of all loans held by the institution, to the next whole dollar amount that is a multiple of $5 when the monthly or other similar payment is not a multiple of $5.

**IV. PREPAYMENT**

(1)  I may at my option and without penalty prepay all or any part of the principal, plus the accrued interest thereon, at any time.

(2)  Amounts I repay in the academic year in which the loan was made will be used to reduce the amount of the loan and will not be considered a prepayment.

(3)  If I repay more than the amount due of any installment, the excess will be used to prepay principal unless I designate it as an advance payment of the next regular installment.

**V. DEFAULT**

(1)  If I fail to make a scheduled repayment of any installment or I fail to file cancellation or deferment forms with the Lending Institution on time, the entire unpaid indebtedness including interest due and accrued thereon, plus any applicable penalty charges, will, at the option of the Lending Institution, become immediately due and payable.

(2)  I understand that if I default on my loan repayments the Lending Institution may disclose that I have defaulted, along with other relevant information, to credit bureau organizations.

(3)  Further, I understand that if I default on my loan repayments and the loan is sent to the Secretary for collection, the Secretary may disclose that I have defaulted, along with relevant information, to credit bureau organizations.

**VI. DEFERMENT**

Interest will not accrue, and installments need not be paid—

while I am enrolled and in attendance as at least a half-time student at an institution of higher education or at a comparable institution outside the United States approved for purpose by the Secretary;

··· in excess of three years during which time I am ···

··· full-time active duty as a member of the Armed Forces of the United States (Army, Navy, Air Force, Marine Corps, or Coast Guard), or an active duty member of the ··· Oceanic and Atmospheric Administration Corps, or an officer on full-time active duty in the Commissioned Corps of the United States Public Health Service, ··· service as a volunteer under the Peace Corps Act;

··· volunteer under the Domestic Volunteer Service Act of 1973;

··· time volunteer in a tax-exempt organization performing service comparable to the service performed in the Peace Corps or under the Domestic Volunteer Service Act (··· CTION agency programs); or

··· ··· ily totally disabled as established by an affidavit of a qualified physician, or unable to secure employment because I am providing care required by a dependent who ··· d;

··· not in excess of two years during which time I am serving in an internship which is required in order that I may receive professional recognition required to begin ··· al practice or service;

··· not to exceed twelve months during which I am a mother with preschool-age children who is just entering or reentering the workforce and who is being paid at a ··· more than $1 above the minimum hourly wage prescribed by the Fair Labor Standards Act;

··· not to exceed six months while I am pregnant or caring for a newborn or newly adopted child and not ··· ··· ble post-secondary institution ··· oyed and was enrolled within the past six months at least half-time at an eligible po··· ··· higher education of··· till the ··· ce period. A grace period is a six-month period following (i) the date I cease to be at le··· ··· is described in subparagraph VI(1) (A), (B), or (C) expire.

··· stitution may, upon my application, defer or reduce any scheduled repayments if, in ··· such as prolonged illness or ··· ··· pnt me from making such repayments. However, interest will continue to accrue.

Poor Source Original
Document Retained



**UNIVERSITY OF WISCONSIN**
# WHITEWATER

"Certified True Copy"

I declare under penalty of perjury that the foregoing is a true & correct copy of the
original promissory note:

Signature of Institution Official: *Rebecca Pfeifer*
Title of Institution Official: **Educational Loan Collector**
Date: **June 22, 2005**





**UNIVERSITY OF WISCONSIN - WHITEWATER**
**PERKINS LOAN PROGRAM PROMISSORY NOTE**

Social Security # ▓▓▓▓▓▓ / ▓62

Semester **SUMMER 89**

Date **06/07/89**

**DOUGLAS      RICK      J**

I promise to pay to University of Wisconsin - Whitewater (hereinafter called the Lending Institution), located at Whitewater, Wisconsin, the sum of the amounts that are advanced to me and endorsed in the Schedule of Advances set forth below. I promise to pay all attorney's fees and other reasonable collection costs and charges necessary for the collection of any amount not paid when due. However, if a collection agency, which is subject to the Fair Debt Collection Practices Act, is used, I will pay those collection costs which do not exceed 25% of the unpaid principal and interest.

RICK      J DOUGLAS
370 N TRATT APT 113
WHITEWATER      WI 53190

**SCHEDULE OF ADVANCES**

| AMOUNT | SEMESTER | DATE SIGNED | SIGNATURE OF MAKER |
|--------|----------|-------------|--------------------|
| $ 800.00 | SUMMER 89 | 6/8/89 | *Rick J Douglas* |

I further understand and agree that:

**I. GENERAL**

(1) All sums advanced under this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, hereinafter called the Act and are subject to the Act and the Federal Regulations issued under the Act. The terms of this note must be interpreted in accordance with the Act and Federal Regulations, copies of which are to be kept by the Lending Institution.

(2) I understand that if I am eligible for deferment or cancellation under Articles VI through X, I am responsible for submitting the appropriate requests on time.

**II. INTEREST**

(1) Interest shall accrue from the beginning of the repayment period and shall be at the ANNUAL PERCENTAGE RATE OF FIVE PERCENT (5%) interest on the unpaid balance except that no interest shall accrue during any deferment period described in subparagraphs VI(1)(A), (B), (C), (D), (E), and (F).

**III. REPAYMENT**

(1) Except as provided in paragraph III(5) I promise to repay the principal and the interest which accrues on it over a period beginning nine months after the date I cease to be at least a half-time student at an institution of higher education, or at a comparable institution outside the United States approved for this purpose by the United States Secretary of Education (hereinafter called the Secretary), and ending unless paragraphs III(4) or VI(1)(9) (deferment) applies, 10 years later.

(2) I may, however, request that the repayment period start on an earlier date.

(3) I promise to repay the principal and interest over the course of the repayment period in equal monthly, bimonthly, or quarterly installments, as determined by the Lending Institution. However, if I request, payments may be made in graduated installments determined in accordance with schedules approved by the Secretary. In either case, a schedule of repayment shall be attached to and made part of this note.

(4) Notwithstanding paragraph III(1), if I qualify as a low-income individual during the repayment period, the Lending Institution may, at my request, extend the repayment period for up to an additional 10 years or may adjust my repayment schedule to reflect my income, or both.

(5)(A) I shall repay the principal and interest on the note at the rate of $30 per month (which includes both principal and interest) even though the monthly rate that would be established under paragraph III(1) is less than that amount, if the total monthly repayment rate of principal and interest on all my National Direct and National Defense Loans, including this loan, is less than $30 per month.

(5)(B) If I have received National Defense or National Direct Loans from other institutions and my total monthly repayment rate on those loans is less than $30, the $30 monthly rate established under subparagraph III(5)(A) is the rate I pay on all my outstanding National Defense and National Direct Loans and is not in addition to the amount I pay on those other loans.

(5)(C) If my monthly repayment rate is established under subparagraph III(5)(A) and I have received National Defense or National Direct Loans from other institutions, the amount of my monthly repayment rate attributable to this loan is the amount which represents the difference between $30 and the monthly rates I must pay on my other National Defense and National Direct Loans.

(6) A schedule of repayment will be attached to and made part of this note.

(7) The Lending Institution may permit me to pay less than the rate of $30 per month for one or more than one year where necessary to avoid hardship to me unless that action would extend the repayment period in paragraph III(1).

(8) The Lending Institution may round the payment amount, with respect to the aggregate of all loans held by the Institution, to the next whole dollar amount that is a multiple of $5 when the monthly or other similar payment is not a multiple of $5.

**IV. PREPAYMENT**

(1) I may at my option and without penalty prepay all or any part of the principal plus the accrued interest thereon, at any time.

(2) Amounts I repay in the academic year in which the loan was made will be used to reduce the amount of the loan and will not be considered a prepayment.

(3) If I repay more than the amount due of any installment, the excess will be used to prepay principal unless I designate it as an advance payment of the next regular installment.

**V. DEFAULT**

(1) If I fail to make a scheduled repayment of any installment or I fail to file cancellation or deferment forms with the Lending Institution on time, the entire unpaid indebtedness including interest due and accrued thereon, plus any applicable penalty charges, will, at the option of the Lending Institution, become immediately due and payable.

(2) I understand that if I default on my loan repayment, the Lending Institution may disclose that I have defaulted, along with other relevant information, to credit bureau organizations.

(3) Further, I understand that if I default on my loan repayments and the loan is sent to the Secretary for collection, the Secretary may disclose that I have defaulted, along with other relevant information, to credit bureau organizations.

**VI. DEFERMENT**

(1) Interest will not accrue, and installments need not be paid
(A) while I am enrolled and in attendance as at least a half-time student at an institution of higher education or at a comparable institution outside the United States approved for this purpose by the Secretary;
(B) for a period not in excess of three years during which I am—
  (i) on full-time active duty as a member of the Armed Forces of the United States (Army, Navy, Air Force, Marine Corps, or Coast Guard), or an active duty member of the National Oceanic and Atmospheric Administration Corps, or an officer on full-time active duty in the Commissioned Corps of the United States Public Health Service;
  (ii) in service as a volunteer under the Peace Corps Act;
  (iii) a volunteer under the Domestic Volunteer Service Act of 1973;
  (iv) a full-time volunteer in a tax-exempt organization performing service comparable to the service performed in the Peace Corps or under the Domestic Volunteer Service Act of 1973 (ACTION agency programs), or
  (v) temporarily totally disabled as established by an affidavit of a qualified physician, or unable to secure employment because I am providing care required by a dependent who is so disabled;
(C) for a period not in excess of two years during which time I am serving in an internship which is required _____ical recognition required to begin _____my professional practice or service;
(D) for a period not to exceed twelve months during which I am a mother with preschool-age children _____ork force and who is being paid at a _____ rate that is no more than $1 above the minimum hourly wage prescribed by the Fair Labor Stan_____ eligible post-secondary institution
(E) for a period not to exceed six months while I am pregnant or caring for a newborn or newly adopted child, or gainfully employed and was enrolled within the past six months at least half-time at an eligible _____
(F) during any grace period. A grace period is a six-month period following (i) the date I cease to be _____ at least a half-time student at an institution of higher education, or (ii) the date the deferments described in subparagraph VI(1)(A), (B), or (C) expire.

(2) The Lending Institution may, upon my application, defer or reduce any scheduled repayments if, in its opinion, extraordinary circumstances, such as prolonged illness or unemployment, prevent me from making such repayments. However, interest will continue to accrue.

Poor Source Original
Document Retained



"Certified True Copy"

I declare under penalty of perjury that the foregoing is a true & correct copy of the original promissory note:

Signature of Institution Official: _Rebecca Pfeifer_
Title of Institution Official: **Educational Loan Collector**
Date: June 22, 2005

**UNIVERSITY OF WISCONSIN - WHITEWATER**
**PERKINS LOAN PROMISSORY NOTE - PERKINS NOTE**

Social Security # ▮▮▮▮▮▮ 89 ▮▮ /62

Semester/Year ▮▮▮▮▮▮▮▮▮                                    DOUGLAS          RICK
                                                        Last            First    Middle

Date  08/22/88                                          I promise to pay the University of Wisconsin-Whitewater (hereinafter called the Lending
                                                        Institution)
      RICK    J DOUGLAS                                 located at Whitewater, Wisconsin, the sum of $        400.00
      370 N TRATT APT 113                               I promise to pay any and all reasonable collection costs and charges
      WHITEWATER        WI 53190                        necessary for the collection of any amount not paid when due.
                                                        I further understand and agree that:

I.   **GENERAL**
     (1)  Applicable Law - All sums advanced under this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, hereinafter called the Act,
          and are subject to the Act and the Federal Regulations issued under the Act. The terms of this note shall be interpreted in accordance with the Act and Federal Regulations, copies of which are
          to be kept by the Lending Institution.
     (2)  Procedures for Receiving Deferment or Cancellation. I understand that in order to receive a deferment or cancellation, I must request the deferment or cancellation in writing from the
          Lending Institution, and must submit to the Lending Institution any documentation required by the Lending Institution to prove that I qualify for the deferment or cancellation. I further understand
          that if I am eligible for deferment or cancellation under Articles VI through XI, I am responsible for submitting the appropriate requests on time. I further understand that I may lose my deferment
          and cancellation benefits if I fail to file my request on time.

II.  **INTEREST**
          Interest shall accrue from the beginning of the repayment period and shall be at the ANNUAL PERCENTAGE RATE OF FIVE PERCENT (5%) on the unpaid balance, except that no interest
          shall accrue during any deferment period described in paragraph VI(1).

III. **REPAYMENT**
     (1)  I promise to repay the principal and the interest which accrues on it over a period beginning nine months after the date I cease to be at least a half-time student at an institution of higher
          education, or at a comparable institution outside the United States approved for this purpose by the United States Secretary of Education (hereinafter called the Secretary) and ending unless
          paragraphs III(4), III(5), III(6), or VI(2) applies, ten years later.
     (2)  Upon my written request, the repayment period may start on a date earlier than the one indicated above in paragraph III(1).
     (3) (A)  I promise to repay the principal and interest over the course of the repayment period in equal monthly, bimonthly, or quarterly installments as determined by the Lending Institution. I
          understand that if my monthly payment for all the loans made to me by the Lending Institution is not a multiple of $5, the Lending Institution may round the payment to the next highest dollar
          amount that is a multiple of $5.
          (B)  Notwithstanding paragraph III(3)(A), upon my written request repayment may be made in graduated installments, in accordance with a schedule determined by the Secretary.
          (C)  The Lending Institution shall attach the schedule of repayments and the schedule will become part of the note.
     (4)  Notwithstanding paragraph III(1), if I qualify as a low-income individual during the repayment period, the Lending Institution may, upon my written request, extend the repayment period for
          up to an additional 10 years, or adjust any repayment schedule to reflect my income.
     (5) (A)  The monthly rate that would be established under paragraph III(1), if the total monthly repayment rate of principal and interest on all my Perkins Loans including the total is less than
          $30 per month, I shall repay the principal and interest on this loan at the rate of $30 per month (which includes both principal and interest).
          (B)  If I have received Perkins Loans from one or more institutions and the total monthly repayment rate on those loans is less than $30, the $30 monthly rate established under this paragraph
     (5)(A) is the rate I pay on all my outstanding Perkins Loans and is not in addition to the amount I pay on those other loans. The amount of my monthly repayment rate attributable to this loan is
          the amount which represents the difference between $30 and the monthly rate I must pay on my other Perkins Loans.
          (6)  The Lending Institution may permit me to pay less than the rate of $30 per month for a period of not more than one year where necessary to avoid hardship to me, unless that action would
          extend the repayment period under paragraph VI(2).
     (7)  The Lending Institution may, upon my written request, reduce my scheduled repayment or extend the repayment period indicated in paragraph III(1), if, in its opinion, extraordinary
          circumstances such as prolonged illness or unemployment, prevent me from making the scheduled repayments. However, interest shall continue to accrue.

IV.  **PREPAYMENT**
     (1)  I may, at my option and without penalty, prepay all or any part of the principal, plus the accrued interest thereon, at any time.
     (2)  Amounts I repay in the academic year in which the loan was made will be used to reduce the amount of the loan and will not be considered as an advance payment of the next installment.
     (3)  If I repay more than the amount due for an installment, the excess will be repaid principal unless I designate it as an advance payment of the next installment.

V.   **DEFAULT**
     (1)  The Lending Institution may, at its option, declare my loan to be in default and may demand immediate payment of the entire unpaid balance of the loan including principal, interest, late
          charges and collection costs, if:
          (A)  I do not make a scheduled payment when it is due, and
          (B)  I do not submit to the Lending Institution on or before the date on which payment is due, documentation that I qualify for a deferment or cancellation described in Articles VI, VII, VIII, IX, X,
          or XI, on this loan repayment.
     (2)  I understand that if I default on my loan repayments, the Lending Institution may disclose that I have defaulted, along with other relevant
     (3)  Further, I understand that if I default on my loan repayment and the loan is sent to the Secretary for collection, the Secretary may disc-        **Poor Source Original**
          information, to credit bureau organizations.                                                                                                   **Document Retained**
     (4)  I understand that if my Lending Institution accelerates the loan under paragraph VI(1), I will lose my cancellation and deferment bene-
          Institution accelerated the loan.
     (5)  I understand that failure to pay this obligation under the terms agreed upon will prevent me from obtaining additional student financial aid
          of 1965, as amended, until I have made arrangements which are satisfactory to the Lending Institution or the Secretary regarding the repayment of the loan.

NOTICE TO BORROWER: DO NOT SIGN THIS NOTE BEFORE YOU READ IT. THE LENDING INSTITUTION MUST SUPPLY TO YOU AND ANY ENDORSER A COPY OF THIS NOTE.

SIGNATURE _____  DATE _____, 19____

PERMANENT ADDRESS  370 N Tratt  Apt 113  Whitwater WI 53190
                                        (Street or Box Number, City, State and Zip Code)

SOCIAL SECURITY NUMBER: ▮▮▮▮  ▮▮  ▮▮▮▮
                        (Borrower must provide)

The borrower and Lending Institution shall execute this note without security and without endorsement unless the borrower is a minor and this note would not, under the law of the State in which the
Lending Institution is located, create a binding obligation. If the borrower is a minor and this note would, therefore, be legally binding, the Lending Institution shall require a cosigner to this note.

SIGNATURE OF COSIGNER _____  DATE _____, 19____

PERMANENT ADDRESS _____
                        (Street or Box Number, City, State and Zip Code)

20 U.S.C. 1087dd                                                                                                                          NDSL Perkins Note (9-88)



UNIVERSITY OF WISCONSIN
WHITEWATER

"Certified True Copy"

I declare under penalty of perjury that the foregoing is a true & correct copy of the original promissory note:

Signature of Institution Official: *Rebecca Pfeifer*
Title of Institution Official: Educational Loan Collector
Date: June 22, 2005



**UNIVERSITY OF WISCONSIN - WHITEWATER**
**PERKINS LOAN PROMISSORY NOTE - PERKINS NOTE**

Social Security # ███████████

Semester: SPRING '90                                    Douglas
                                                    Last        First        Middle

Date: 01/08/90

Rick          J. Douglas
170 Hyer Ln #5
Whitewater          WI 53190

I promise to pay the University of Wisconsin-Whitewater (hereinafter called the Lending Institution)
located at Whitewater, Wisconsin, the sum of $ ___ 600.00
I promise to pay all attorney's fees and other reasonable collection costs and charges
necessary for the collection of any amount not paid when due.
I further understand and agree that:

**I. GENERAL**

(1) Applicable Law. All sums advanced under this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended (hereinafter called the Act) and are subject to the Act and the Federal Regulations issued under the Act. The terms of this note shall be interpreted in accordance with the Act and Federal Regulations, copies of which are to be kept by the Lending Institution.

(2) Procedures for Receiving Deferment or Cancellation. I understand that in order to receive a deferment or cancellation, I must request the deferment or cancellation...

(3) INTEREST is related to payments on a loan...
Interest shall accrue from the beginning of the repayment period and shall be at the ANNUAL PERCENTAGE RATE OF FIVE PERCENT [5%] on the unpaid balance except that no interest shall accrue during any deferment period described in paragraph VI(1)...

**II. REPAYMENT**

(1) I promise to repay the principal and the interest which accrues on it over a period beginning nine months after the date I cease to be at least a half-time student at an institution of higher education, or a comparable institution outside the United States approved for this purpose by the United States Secretary of Education (hereinafter called the Secretary) until ending unless paragraphs II(1), II(5), II(7), or VI(1) applies, 10 years later.

(2) Upon my written request, the repayment period may start on a date earlier than the one indicated in paragraph II(1)...

(3) (A) I promise to repay the principal and interest over the course of the repayment period in equal monthly, bimonthly, or quarterly installments, as determined by the Lending Institution. I understand that if my monthly payment for all the loans made to me by the Lending Institution is not a multiple of $5, the Lending Institution may round that payment to the next highest dollar amount that is a multiple of $5.

(B) Notwithstanding paragraph II(3)(A), upon my written request, repayment may be made in graduated installments in accordance with a schedule approved by the Secretary.

(C) The Lending Institution shall attach the schedule of repayments and the schedule will become due on the note.

(4) Notwithstanding paragraph II(1), if I qualify as a low-income individual during the repayment period, the Lending Institution may, upon my written request, extend the repayment period for up to an additional 10 years; or adjust my repayment schedule to reflect my income...

(5) (A) If the monthly rate that would be established under paragraph II(1) to the total monthly repayment rate of principal and interest on all my Perkins Loans including this loan, is less than $30 per month, I shall repay the principal and interest on this loan at the rate of $30 per month (which includes both principal and interest).

(B) If I have received Perkins Loans from other institutions and the total monthly repayment rate on those loans is less than $30, the $30 monthly rate established under this paragraph...

(6) The Lending Institution may permit me to pay less than the rate of $30 per month for a period of not more than one year, where necessary to avoid a hardship if such action would...

(7) The Lending Institution may, upon my written request, reduce any scheduled repayment or extend the repayment period indicated in paragraph II(1), if its opinion extraordinary circumstances such as prolonged illness or unemployment, prevent me from making the scheduled repayments. However, interest shall continue to accrue.

**IV. PREPAYMENT**

(1) I may, at my option and without penalty, prepay all or any part of the principal, plus the accrued interest thereon, at any time.

(2) I understand, if I prepay in the academic year in which the loan was made will be used to reduce the amount of the loan and that will not be considered a prepayment...

(3) If I repay more than the amount due for an installment, the excess will be used to prepay principal unless I designate it as an advance payment of the next monthly installment.

**V. DEFAULT**

(1) The Lending Institution may, at its option, declare my loan to be in default and may demand immediate payment of the entire unpaid balance of the loan including principal, interest, late charges, and collection costs if:

(A) I do not make a scheduled payment when it is due, and

(B) I do not return to the Lending Institution, on or before the date on which payments are due, documentation that I qualify for a deferment of cancellation for VI(1), VII(1), or X or the agreement.

(2) I understand that if I default on my loan repayment, the Lending Institution may disclose that I have defaulted, along with other relevant information to credit bureau organization.

(3) Further, I understand that if I default on my loan repayment and the loan is sent to the Secretary for collection, the Secretary may disclose...

(4) I understand that if the Lending Institution accelerates the loan under paragraph V(1), I will lose my cancellation and deferment benefits...

(5) I understand that failure to pay this obligation under the terms agreed upon will prevent my obtaining additional student financial aid of 1965, as amended, until I have made arrangements which are satisfactory to the Lending Institution or the Secretary regarding them.

Poor Source Original
Document Retained

**NOTICE TO BORROWER: DO NOT SIGN THIS NOTE BEFORE YOU READ IT. THE LENDING INSTITUTION MUST SUPPLY TO YOU AND ANY ENDORSER A COPY OF THIS NOTE.**

SIGNATURE _Rick J Danz_          DATE _1/8/90_

PERMANENT ADDRESS: 170 HYER LN APT 5 WHITEWATER WI 53190
                                    (Street or Box Number, City, State and Zip Code)

SOCIAL SECURITY NUMBER: ███████████
                                    (Borrower must provide)

The borrower and Lending Institution shall execute this note without security and without endorsement unless the borrower is a minor and this note would not, under the law of the State in which the Lending Institution is located, create a binding obligation. If the borrower is a minor and this note would not, therefore, be legally binding, the Lending Institution shall require a cosigner to this note:

SIGNATURE OF COSIGNER _Rick J Danz_          DATE _1/8/90_          19

PERMANENT ADDRESS
                                    (Street or Box Number, City, State and Zip Code)

(20 U.S.C. 1087dd)                                                    NDSL Perkins Note (9-68)



UNIVERSITY OF WISCONSIN
# WHITEWATER

**"Certified True Copy"**

**I declare under penalty of perjury that the foregoing is a true & correct copy of the original promissory note:**

**Signature of Institution Official:** Rebecca Pfeifer
**Title of Institution Official: Educational Loan Collector**
**Date: June 22, 2005**

**UNIVERSITY OF WISCONSIN - WHITEWATER**
**PERKINS LOAN PROMISSORY NOTE - PERKINS NOTE**

Social Security # ████████ █/█/62

Semester: FALL ~~90~~    Douglas    Rick
                         Last      First    Middle

Date: 08/22/90

Rick   J Douglas    Promise to pay the University of Wisconsin-Whitewater (hereinafter called the Lending Institution)
570 N Tratt #203    located at Whitewater, Wisconsin, the sum of $ .00
Whitewater    WI 53190    I promise to pay all attorney's fees and other reasonable collection costs and charges
                          necessary for the collection of any amount not paid when due.
                          I further understand and agree that:

**I. GENERAL**

(1) Applicable Law. All sums advanced under this note and drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, (hereinafter called the Act, and are subject to the Act and the Federal Regulations issued under the Act. The terms of this note shall be interpreted in accordance with the Act and Federal Regulations, copies of which are to be kept by the Lending Institution.

(2) Procedures for Receiving Deferment or Cancellation: I understand that in order to receive a deferment or cancellation, I must request the deferment or cancellation...

**II. INTEREST**

Interest shall accrue from the beginning of the repayment period and shall be at the ANNUAL PERCENTAGE RATE OF FIVE PERCENT (5%) on the unpaid balance...

**III. REPAYMENT**

(1) I promise to repay the principal and the interest which accrues on it over a period beginning nine months after the date I cease to be at least a half-time student at an institution of higher education...

(2) Upon my written request, the repayment period may...

(3) (A) I promise to repay the principal and interest over a repayment period...

(C) The Lending Institution shall attach the schedule of repayments and the schedule will become part of the note.

(4) Notwithstanding paragraph III(1), if I qualify as a low-income individual during the repayment period, the Lending Institution may, upon my written request, extend the repayment period for up to an additional 10 years, or adjust any repayment schedule to reflect my income, or both.

(5) (A) The monthly rate that would be established under paragraph III(3), or the total monthly repayment rate of principal and interest on all my Perkins Loans including all loans is less than $30 per month, I shall repay the principal and interest on this loan at the rate of $30 per month...

(B) If I have received Perkins Loans from more than one institution and the total monthly repayment rate on those loans is less than $30 monthly rate established under this paragraph.

(C) III(5) (A) is the rate I pay on all my outstanding Perkins Loans and is not in addition to the amount I pay on my other loans...

(6) The Lending Institution may permit me to pay less than the rates of $30 per month over a period of not more than one year where necessary to avoid hardship...

(7) The Lending Institution may, upon my written request, extend any scheduled repayment or prolong the repayment period indicated on the schedule of repayments...

**IV. PREPAYMENT**

(1) I may, at my option and without penalty, prepay all or any part of the principal, plus the accrued interest thereon, at any time.

(2) Amounts I prepay in the academic year in which the loan was made will be used to reduce the amount of the loan and will not be considered a repayment...

(3) If I repay more than the amount due for an installment, the excess will be used to prepay principal unless I designate a loan advance payment of the next installment.

**V. DEFAULT**

(1) The Lending Institution may, at its option, declare my loan to be in default and may demand immediate payment of the entire unpaid balance of the loan including principal, interest, late charges and collection costs if:
(A) I do not make a scheduled payment when it is due, and
(B) I do not submit to the Lending Institution on or before the date on which payment is due documentation that qualifies me for deferment, cancellation or X of this agreement.

(2) I understand that if I default on my loan repayment, the Lending Institution may disclose that I have defaulted, among other information, to credit bureau organizations.

(3) Further, I understand that if I default on my loan repayment and the loan is sent to the Secretary for collection, the Secretary...

(4) I understand that if the Lending Institution accelerates the loan under paragraph V(1), I will lose my cancellation and deferment...
Institution accelerated the loan.

(5) I understand that failure to pay this obligation under the terms agreed upon will prevent my obtaining additional student financial aid authorized under the Higher Education Act of 1965, as amended, until I have made arrangements which are satisfactory to the Lending Institution or the Secretary regarding the repayment of the loan.

*Poor Source Original Document Retained*

NOTICE TO BORROWER: DO NOT SIGN THIS NOTE BEFORE YOU READ IT. THE LENDING INSTITUTION MUST SUPPLY TO YOU AND ANY ENDORSER A COPY OF THIS NOTE.

SIGNATURE  *Rick J Douglas*    DATE  9/1/90

PERMANENT ADDRESS:  570 N. TRATT APT 203 WHITEWATER WI 53190
                    (Street or Box Number, City, State and Zip Code)

SOCIAL SECURITY NUMBER:  _____
                         (Borrower must provide)

The borrower and Lending Institution shall execute this note will
Lending Institution is located, create a binding obligation. If the

SIGNATURE OF COSIGNER: _____

PERMANENT ADDRESS: _____

(US. G. C. 1087(d))

The law of the State in which the
II require a cosigner to this note.

_____, 19___

DEBT-ID N2005050137356
SSN ████████ PREV-SSN
NAME  DOUGLAS,RICK,J
LOAN TYPE: P    RATE: 05.00%

NDSL Perkins Note (9-86)



UNIVERSITY OF WISCONSIN
# WHITEWATER

"Certified True Copy"

I declare under penalty of perjury that the foregoing is a true & correct copy of the
original promissory note:

Signature of Institution Official: *Rebecca Pfeifer*
Title of Institution Official: Educational Loan Collector
Date: June 22, 2005

# EXHIBIT "D"

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #4 OF 10**

Rick J. Douglas
612 Anderson Circle Apt. 204
Deerfield Beach, FL 33441
Account No.:XXXXX▆▆▆

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 06/06/11.

On or about 05/15/89 and 06/05/92, the borrower executed promissory note(s) to secure loan(s) of $600.00 and $4,000.00 from First Bank. This loan was disbursed for $600.00 on 05/17/89 and $4,000.00 on 08/14/92 - 01/08/93, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Great Lakes Higher Education Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $43.55 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 03/08/01, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $9,740.36 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/16/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 9,740.36 |
| Interest: | $ 5,695.05 |
| | |
| Total debt as of 06/06/11: | $15,435.41 |

Interest accrues on the principal shown here at the current rate of 3.54 percent and a daily rate of $0.94 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: ___6/16/11___

_Michael Illes_
Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

- 526

## GREAT LAKES HIGHER EDUCATION CORPORATION
### SUPPLEMENTAL LOANS FOR STUDENTS APPLICATION AND PROMISSORY NOTE

MAY 16 1989

**SECTION 1—TO BE COMPLETED BY THE BORROWER "IMPORTANT—READ THE INSTRUCTIONS CAREFULLY"**

| 1. Social Security Number | 2. Last Name | First Name | Middle Initial | 3. Birthdate |
|---|---|---|---|---|
| | DOUGLAS, RICK J. | RICK | J. | 16 2 |

**4. Permanent Home Address** 370 N. PRATT APT 1B   City, State, Zip Code   Whitewater WI 53190   5. Area Code/Telephone No. ( ) 8632

**6. United States Citizenship Status (Check One) (See Instructions)** ☒ a. U.S. Citizen/National  ☐ b. Eligible non-citizen (Alien # _____ )(Include COPY of front and back of card)  ☐ c. Neither of the above

**7. You are a permanent resident of what state?** State: WI  Since: 02/86

**8. State of Driver's License** CA  Driver's Lic. #: _____ 211 Since: 7/88  State of Veh. Reg.: N/A

| 9. Loan Period From 10/18/88 To 10/15/89 | 10. Loan Amount Requested $ 600 | 11. Major course of study ENGLISH | 12. If you or the person you are borrowing for is eligible, do you wish a deferment? (See Instructions) ☐ Yes ☐ No |

**13. Have you ever defaulted on a Stafford Loan, PLUS/SLS or Consolidation Loan?** ☐ Yes ☒ No  If "Yes", see Instruction

**14. Have you received a Stafford Loan, PLUS/SLS or Consolidation Loan for a period of enrollment before July 1, 1988?** ☐ Yes ☒ No

**15. List below all Stafford Loans, PLUS/SLS and Consolidation Loans. Do Not include Perkins (NDSL) or HEAL Loans. Continue on a separate sheet if necessary. If none write "NONE".**

| Name of Lender | City and State of Lender | Loan Type | Loan Period Beginning Date | Interest Rate | Unpaid Balance |
|---|---|---|---|---|---|
| NONE Commerical | Whitewater WI | SLS | 18 88 | 8 % | $ 2500 |
| Commerica | Whitewater WI | SLS | 8 89 | 8 % | $ 1400 |

**16. Wisconsin Residents Only.**  Marital Status: ☐ married  ☒ unmarried or ☐ legally separated  If married, spouse's name and address:

| 17a. Parent or Guardian (if deceased, other relative) | 17b. Other Relative (not living at 17a or 17c or 4) | 17c. Other Relative or Friend (not living at 17a or 17b or 4) |
|---|---|---|
| Name: Betty Douglas  Relationship: Mother | Name: Chuck Flotcher  Relationship: Brother | Name: Meryl Keich  Relationship: Friend |
| Address: 1503 Cedar St. | Address: 348 Mountain Dr | Address: 245 Wyatt St |
| City/State/Zip: McHeny ILL 60050  Since: 1969 | City/State/Zip: Idaho Springs Co.  Since: 88 | City/State/Zip: Wausau WI 54401  Since: 1964 |
| Area Code/Telephone No.: _____ 7407 | Area Code/Telephone No.: NONE | Area Code/Telephone No.: _____ 2641 |
| Place and City of Employment: Unemployed | Place and City of Employment: Sales Dealer Co | Place and City of Employment: Residential Waukesha WI |

**Promissory Note for a SLS Loan**

1. I Promise To Pay I, called Maker identified in Section 1, item 2 and "Endorser," if any, identified in Section 1, item 18c, promise to pay to the lender identified in Section 3, item 35, when this note becomes due as set forth in paragraph 6 on reverse side), the sum of

Six hundred _____ DOLLARS

18a. Requested Loan Amount – Must be the same as item 10

($ 600 .00) or such lesser amount as is advanced to me and identified to me in the SLS Disclosure Statement, plus interest computed at the applicable rate disclosed in paragraph 3 (on reverse side) and on the SLS Disclosure Statement. If I am not satisfied with the terms of the loan on the SLS Disclosure Statement, I may cancel this agreement. I agree to contact my lender immediately and I will not cash any loan check that has been released to me. I agree to check the SLS Disclosure Statement as soon as I get it and to let my lender know if anything looks wrong or if I have any questions. My signature certifies that I have read and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

**NOTICE TO THE MAKER:** DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED, YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT. MAKER AND ENDORSER ACKNOWLEDGE RECEIPT OF AN EXACT COPY OF THIS NOTE AND THE STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES

18b. Maker's Signature [signature] (Seal)  5/15/89  Date

18c. Endorser's Signature _____ (Seal) Date

Endorser's Name (Please Print) _____

Endorser's Soc. Sec. No. _____  Endorser's Address _____

**SECTION 2—TO BE COMPLETED BY THE SCHOOL (See back of "School Copy C" for Instructions)**

| 19. Name of School UW-WHITEWATER | 20. Address 800 W. MAIN ST.  City, State, Zip Code WHITEWATER, WI 53190 | 21. Area Code/Telephone No. (414) 472-1130 |

| 22. School Code 003926 | 23. Enrollment Status FULL | 24. Dependency INDEP | 25. Loan Period From Mo. 01 Day 12 Year 89 To Mo. 05 Day 19 Year 89 | 26. Grade 03 | 27. Anticipated Grad. Mo. 05 Yr. 90 | 28. Est. Cost of Educ. $ 3300 |

| 29. Est. Fin. Aid $ 2695 | Great Lakes Use Only | 30. Approved Loan Amount $ 605 | 31. 1st Disbursement Date Mo. 04 Day 15 Year 89 | 32. 2nd Disbursement Date Mo. Day Year |

I have read and understand the terms of the "School's Certification" printed on the REVERSE SIDE of this application.

33. Signature of School Official [signature]   Print Name and Title  WAYNE G. LINDGREN, ASSISTANT DIRECTOR   5/11/89  Date

**SECTION 3—TO BE COMPLETED BY THE LENDER**

| 34. Name of Lender First Bank | 39. 1st Disbursement Amount $ |
|---|---|
| 35. Street Address PO Box | 40. 2nd Disbursement Amount $ |
| City, State, Zip Code Madison, WI 53708 | |
| 36. Lender Code 821654 | 37. Entity Number 11-2420 | 38. Area Code/Telephone No. 800 362 3808 | 41. Total Amount Approved $ 600 |

42. Signature of Lender Official _____   Print Name and Title _____   Date _____

**LENDER COPY A**

481 (4/89)   UPON LENDER COMPLETION MAIL ONLY GREAT LAKES COPY TO: Great Lakes Processing Center, P.O. Box 7861, Madison, WI 53707

#00600

NORTHSTAR GUARANTEE INC.   JUN 0 4 199.
P.O. BOX 83060
ST. PAUL, MN 55164-0060

7   SUPPLEMENTAL LOAN
FOR STUDENTS
APPLICATION
PROMISSORY NOTE

**SECTION A – TO BE COMPLETED BY BORROWER**

1. NAME (AND NICKNAME) (LAST, FIRST, MI)
DOUGLAS, RICK J

2. SOCIAL SECURITY NUMBER

3. DATE OF BIRTH   MO   DAY   YR '62

4. PERMANENT ADDRESS (STREET, CITY, STATE, ZIP)
822 DAYTON AVE
St. PAUL MN 55104

5. PERMANENT HOME PHONE
-6941

6. U.S. CITIZENSHIP STATUS (CHECK 1 OR 2)   1 X U.S. CITIZEN OR NATIONAL   2 PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN

7. PERMANENT RESIDENT OF WHICH STATE?   WI

8. DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE, PRINT "NONE" AND GO TO 10)   11-06

8a. STATE IN WHICH LICENSE ISSUED   WI

9. ADDRESS OF BORROWER WHILE IN SCHOOL (STREET, CITY, STATE, ZIP)
822 DAYTON AVE   St. Paul MN 55104

10. PHONE AT SCHOOL ADDRESS
-6941

11. (FUTURE USE)

12. LOAN AMOUNT REQUESTED (MUST BE COMPLETED)
$ 4,000.00   MCU

13. PERIOD LOAN WILL COVER
MO 08   DAY 24   YR 92   TO   MO 05   DAY 30   YR 93

**PRIOR LOAN INFORMATION: READ INSTRUCTIONS IN THE APPLICATION BOOKLET. DO NOT INCLUDE INFORMATION FOR THIS LOAN!**

14a. DO YOU HAVE ANY PRIOR UNPAID SLS/SALS?   X YES   NO
14b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE   $ 4,800
15. UNPAID PRINCIPAL BALANCE OF MOST RECENT PRIOR SLS/SAL   $ 4,000
16. GRADE LEVEL OF MOST RECENT PRIOR SLS/SAL (SEE INSTRUCTION ON APP. BOOKLET)   16
17. LOAN PERIOD START DATE OF MOST RECENT PRIOR SLS/SAL   MO 08   DAY 14   YR 91

18. HAVE YOU EVER DEFAULTED ON A STAFFORD(GSL), SLS/SALS, PLUS, PERKINS, CONSOLIDATION OR TITLE IV INCOME CONTINGENT LOAN?   YES   X NO

**REFERENCES (YOU MUST PROVIDE THREE PERSONAL REFERENCES WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)**

| 19a. REFERENCE 1 (NAME, U.S. ADDRESS, CITY, STATE, ZIP, PHONE) | 19b. REFERENCE 2 (NAME, U.S. ADDRESS, CITY, STATE, ZIP, PHONE) | 19c. REFERENCE 3 (NAME, U.S. ADDRESS, CITY, STATE, ZIP, PHONE) |
|---|---|---|
| Betty Douglas 1583 Cedar McHenry IL 60050 -1407 | Chuck Fletcher (8??) fall River Rd Idaho Springs Cp 80452 | Dawn Hall N58W35611 Wind Lou Dr Sussex W 53089 -4131 |

20. IF YOU OCCUPY FOR A DEFERMENT, DO YOU WISH TO DEFER PRINCIPAL PAYMENTS ON THIS LOAN PERIOD WHILE IN SCHOOL? IF YES, GO TO 21; IF NO GO TO 21A)   X YES   NO

21. IF YOU QUALIFY FOR A DEFERMENT, DO YOU PREFER TO CAPITALIZE INTEREST OR PAY IN PERIODIC INSTALLMENTS?   CAPITALIZE   PERIODIC INSTALLMENT PAYMENTS

NOTICE TO BORROWER: ...

22. SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE)
X   Rick J Douglas

22a. DATE BORROWER SIGNED
6/5/92

**SECTION B – TO BE COMPLETED BY SCHOOL**

23. NAME AND ADDRESS OF SCHOOL
Hamline

24. SCHOOL CODE
C002354

25. SCHOOL BRANCH CODE

26. SCHOOL PROCESSOR

27. PERIOD LOAN WILL COVER   MO   DAY   YR (FROM)   MO   DAY   (TO)

28. STUDENT'S GRADE LEVEL (P-13)

29. ANTICIPATED GRADUATION DATE   MO/YR

30. ELECTRONIC TO NORTHSTAR

31. STUDENT'S ENROLLMENT STATUS DURING THE LOAN PERIOD (CHECK 1 OR 2)   1 FULL-TIME   2 HALF-TIME

32. STUDENT STATUS   DEPENDENT   INDEPENDENT

33. COST OF ATTENDANCE FOR LOAN PERIOD   $

34. ESTIMATED FINANCIAL AID FOR LOAN PERIOD   $

35. BUDGETED DISBURSEMENT DATES   MO   DAY   YR
1ST DISB   2ND DISB   3RD DISB

36. SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS?   YES   NO

37. WILL THE STUDENT ATTEND A FOREIGN SCHOOL?   YES   NO

38. SCHOOL USE ONLY

39. ANNUAL LOAN LIMIT (SEE INSTRUCTIONS IN APP. BOOKLET)

I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION.
X

40. SIGNATURE OF SCHOOL OFFICIAL

41. DATE SIGNED

**SECTION C – TO BE COMPLETED BY LENDER**

42. NAME AND ADDRESS OF LENDER
First Bank

43. LENDER CODE
830694

44. LENDER PROCESSOR   MO   DAY   YR   AMT

45. BRANCH CODE

46. LENDER SERVICER   MO   DAY   YR   AMT

47. LENDER USE ONLY

48. DISBURSEMENT DATES AND AMOUNTS   MO   DAY   YR   AMT

"I DECLARE UNDER PENALTY OF
_JURY THAT THE FOREGOING IS A
_TRUE AND CORRECT COPY OF THE
ORIGINAL PROMISSORY NOTE."
_____ L. Hofner
TITLE: COLLECTION SUPPORT SR. SUPERVISOR
DATE:   JULY 7 2009

49. TOTAL LOAN AMOUNT APPROVED
$   .00

50. NUMBER OF MONTHLY INSTALLMENTS

51. DUE DATE OF FIRST PAYMENT   MO   DAY   YR

52. LENDER ACCOUNT NUMBER

53. LENDER USE ONLY

53a. SIGNATURE OF LENDING OFFICIAL
X

**SECTION D – TO BE COMPLETED BY NORTHSTAR**

54. NORTHSTAR USE ONLY

55. PROMISSORY NOTE STATUS

56. (FUTURE USE)

| SOURCE: | | DOCUMENT ID: | BATCH: | SEQUENCE | TYPE |
|---|---|---|---|---|---|

253 1/92

LENDER COPY

AT TIME OF IMAGING

# EXHIBIT "E"

## U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS #5 OF 10

Rick J. Douglas
612 Anderson Circle Apt. 204
Deerfield Beach, FL 33441
Account No.:XXXX████

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 06/06/11.

On or about 06/01/91, the borrower executed promissory note(s) to secure loan(s) of $4,000.00 from First Bank. This loan was disbursed for $4,000.00 on 08/15/91 - 01/15/92, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Higher Education Assistance Foundation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 03/08/01, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $8,892.58 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/16/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 8,892.58 |
| Interest: | $ 5,199.39 |
| | |
| Total debt as of 06/06/11: | $14,091.97 |

Interest accrues on the principal shown here at the current rate of 3.54 percent and a daily rate of $0.86 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: ___6/16/11___

Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

HIGHER EDUCATION ASSISTANCE FOUNDATION
P.O. BOX 64107 • ST. PAUL, MN 55164-0107

**SUPPLEMENTAL LOAN
FOR STUDENTS
(SLS) APPLICATION
PROMISSORY NOTE**

*(lender use only)*

**SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK—PRESS FIRMLY—OR TYPE)**

1. NAME (NO NICKNAMES)
LAST **DOUGLAS** FIRST **Rick** MI **J**

2. SOCIAL SECURITY NUMBER

3. WHEN WERE YOU BORN? **1962**

4. PERMANENT ADDRESS **370 N. TRATT APT 203**

5. PERMANENT HOME PHONE **-3174**

CITY **WHITEWATER** STATE **WI** ZIP **53190**

6. U.S. CITIZENSHIP STATUS (CHECK 1 OR 2)
1 ☒ U.S. CITIZEN OR NATIONAL   2 ☐ PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN

ALIEN ID NUMBER IF APPLICABLE

7. PERMANENT RESIDENT OF WHICH STATE

8a. DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE, PRINT "NONE" AND GO TO 9) **11-06**

8b. STATE IN WHICH LICENSE ISSUED **WI**

9. ADDRESS OF BORROWER WHILE IN SCHOOL (STREET, CITY, STATE, ZIP)

10. PHONE AT SCHOOL ADDRESS ( )

11. MAJOR COURSE OF STUDY: SEE CODES & INSTRUCTIONS IN APP BOOKLET **LAW**

12. LOAN AMOUNT REQUESTED $ **5000**

13. PERIOD LOAN WILL COVER FROM MO **8 (AUGUST)** YR **1991** TO MO **MAY** YR **1992**

PRIOR LOAN INFORMATION: READ INSTRUCTIONS IN THE APPLICATION BOOKLET.

14a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) LOANS? ☒ YES (GO TO 14b) ☐ NO (GO TO 18)

14b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE $ **7050**

15. UNPAID PRINCIPAL BALANCE OF MOST RECENT PRIOR SLS (ALAS) $ **3000**

16. GRADE LEVEL OF MOST RECENT PRIOR SLS (ALAS): SEE INSTRUCTIONS IN APP BOOKLET **Junior**

17. LOAN PERIOD START DATE OF MOST RECENT PRIOR SLS (ALAS) MO **February** DAY **26** YR **1989**

18. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☐ YES (GIVE DETAILS ON SEPARATE SHEET) ☒ NO

REFERENCES (YOU MUST PROVIDE THREE DIFFERENT NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

19a. NAME **Beth Douglas** STREET **1503 Cady St.** CITY, STATE, ZIP **McHenry IL 60050** PHONE **-4107**

19b. NAME **Chuck Felsher** STREET **5200 Fall River Rd** CITY, STATE, ZIP **Idaho Springs Co** PHONE **-4884**

19c. NAME **DAWN M. HOCK** STREET **N58 W25611 WINDY PASS** CITY, STATE, ZIP **SUSSEX WI 53089** PHONE **-4131**

20. IF YOU QUALIFY FOR A DEFERMENT, DO YOU WISH TO DEFER PRINCIPAL PAYMENTS WHILE IN SCHOOL (IF YES, GO TO 21, IF NO, GO TO 21a)? ☒ YES ☐ NO

21. YOUR LENDER MAY ALLOW THE INTEREST TO ACCRUE AND CAPITALIZE (LIMITING THE SETTLEMENT) OR YOUR LENDER MAY COLLECT THE INTEREST FROM YOU IN PERIODIC INSTALLMENTS. IF YOUR LENDER GIVES YOU A CHOICE, WHICH DO YOU PREFER?
☐ ACCRUE/CAPITALIZE   ☐ PERIODIC INSTALLMENT PAYMENTS

NOTICE TO BORROWER: You agree that the lender identified in Section D may lend the money you have chosen. You will read the entire Promissory Note terms and the lender's Certification on the reverse side before signing this Promissory Note. PROMISE TO PAY. I promise to pay to the order of my lender (a Senior Loan Amount Requested shown above, to the extent it is advanced to me, including the Origination Fee and interest on the unpaid principal balance, subject to the terms and conditions described on the reverse side of this Promissory Note and to the terms and conditions contained in the conclusive Statement which will be provided to me no later than the first disbursement of this loan. I have read, understand, and I agree to the Borrower's Certification on the reverse side of this Promissory Note. I understand that this is a Promissory Note. I will not sign it before reading all of its provisions, even if otherwise advised. I am entitled to a copy of this Promissory Note. By signing this Promissory Note I acknowledge that I have received an exact copy of it.

22a. SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE)
X **Rick J. Douglas**

22b. DATE BORROWER SIGNED MO **08** DAY **07** YR **91**

**SECTION B - TO BE COMPLETED BY SCHOOL (BORROWER: DO NOT WRITE IN SECTIONS BELOW)**

23. NAME OF SCHOOL **Hamline**

25. PHONE ( )

26. SCHOOL CODE **002354**

24. ADDRESS (STREET, CITY, STATE, ZIP)

27. SCHOOL BRANCH

28.

29. PERIOD LOAN WILL COVER FROM MO DAY YR TO MO DAY YR

30. STUDENT'S GRADE LEVEL (CHECK ONE)
COLLEGE UNDERGRAD ☐0 ☐1 ☐2 ☐3 ☐4 GRAD ☐6 ☐7 ☐8 ☐9

31. ANTICIPATED GRADUATION DATE MO DAY YR

32. STUDENT'S ENROLLMENT STATUS DURING THE LOAN PERIOD (CHECK 1 OR 2) ☐1 FULL-TIME ☐2 HALF-TIME UNTIL: MO DAY YR

33. STUDENT STATUS ☐ DEPENDENT ☐ INDEPENDENT

34. COST OF ATTENDANCE FOR LOAN PERIOD $

35. EXPECTED FAMILY CONTRIBUTION FOR LOAN PERIOD $

36. DIFFERENCE BETWEEN 34 AND 35 (34 LESS 35) $

37. SUGGESTED DISBURSEMENT DATES
1ST DISB. MO DAY   2ND DISB. MO DAY   3RD DISB. MO DAY

38. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? ☐ YES ☐ NO

39. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? ☐ YES ☐ NO

40. SCHOOL USE ONLY

I HAVE READ, I UNDERSTAND, AND I AGREE TO THE TERMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION.
41a. SIGNATURE OF SCHOOL OFFICIAL X

41b. DATE SIGNED MO DAY YR

41c. PRINT NAME AND TITLE

**SECTION C - TO BE COMPLETED BY LENDER**

42. NAME OF LENDER **First Bank**

48. DISBURSEMENT DATE MO DAY YR   AMOUNT

43. ADDRESS (STREET, BUILDING)

CITY, STATE, ZIP

44. LENDER CODE **83094**

45. CHANGE CODE

46. MO DAY YR   AMOUNT

47. MO DAY YR   AMOUNT

50. NUMBER OF MONTHLY INSTALLMENTS

51. DUE DATE OF FIRST PAYMENT MO DAY YR

53. LENDER USE ONLY

49. TOTAL LOAN AMOUNT APPROVED $ .00

51a. SIGNATURE OF LENDING OFFICIAL X

54a. DATE SIGNED MO DAY YR

54c. PRINT NAME AND TITLE

**SECTION D - TO BE COMPLETED BY HEAF**

55. HEAF USE ONLY

56. PROMISE TO PAY

57. CREDIT APPROVAL INDICATOR

A353
SLS-F0353A 2-89

**LENDER COPY**

*(handwritten diagonal text):* "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTE." SIGNATURE: **Anita L. Maslow** TITLE: CUSTOMER SUPPORT SR. SUPERVISOR DATE: JUL 17 2007

*(stamped):* ELECTRONIC TO HEAF

*(stamped):* ACCEPT

NOT A TRUE COPY AT TIME OF IMAGING

# EXHIBIT "F"

# U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS #6 OF 10

Rick J. Douglas
612 Anderson Circle Apt. 204
Deerfield Beach, FL 33441
Account No.:XXXXX

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 06/06/11.

On or about 07/23/91, the borrower executed promissory note(s) to secure loan(s) of $7,500.00 from First Bank N.A. This loan was disbursed for $7,500.00 on 08/15/91 - 01/15/92, at 8.00 percent interest per annum. The loan obligation was guaranteed by Great Lakes Higher Education Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 03/08/01 and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $11,601.30 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/16/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $11,601.30 |
| Interest: | $ 9,285.75 |
| | |
| Total debt as of 06/06/11: | $20,887.05 |

Interest accrues on the principal shown here at the rate of $2.54 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 6/16/11

_____
Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

BE SURE TO PUT YOUR INITIALS BY ANY CORRECTIONS YOU HAVE TO MAKE

**STAFFORD STUDENT LOAN**
(formerly Guaranteed Student Loan)
**PROMISSORY NOTE**

**A. IMPORTANT—READ THIS INFORMATION CAREFULLY AND PRINT CLEARLY IN INK**

The terms "I" and "me" refer to the borrower.

1. I will read the Promissory Note before I fill it out. If I have any questions, I will ask the financial aid administrator at my school or contact the financial aid administrator at my school.
2. When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.
3. After the Higher Education Assistance Foundation (HEAF) has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me:
   a) the total dollar amount of my loan
   b) the interest rate I will pay
   c) the dollar amount of the origination fee I will pay
   d) the dollar amount of the guarantee fee I will pay
   e) my disbursement schedule (when I will get my loan checks)
   f) how long my grace period will be

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. If I am not satisfied with the new terms, I may cancel the agreement. If I do wish to cancel this agreement, I will contact my lender immediately and I will not cash the loan check. I will be sure to check the Disclosure Statement as soon as I get it and let my lender know if anything looks wrong or if I have any questions.

**BORROWER INFORMATION**
NAME  Rick Douglas
SOCIAL SECURITY NUMBER  ███████
ADDRESS  370 N. Tratt Apt 203
CITY  Whitewater   STATE  WI   ZIP  53190

**B. PROMISE TO PAY**

I, Rick J. Douglas (Print Your Name as Borrower), promise to pay to the order of First Bank N.A. 830694 (Lender Name and Code)

All of the following amounts in full:

1) The entire Loan Amount Requested or such lesser amount as is loaned.
LOAN AMOUNT REQUESTED:  $ 7500.00

**INTEREST**

2) I agree to pay an amount equivalent to simple interest (as specified in (5)) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full.

3) However, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Stafford Student Loan Program (formerly Guaranteed Student Loan Program, GSLP). In the event that the interest on this loan is payable by the Secretary, neither the lender nor other holder of this Note may attempt to collect the interest from me. I may, however, choose to pay this interest myself.

4) Once the repayment status begins I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.

5) The interest rate will be determined according to the following:
   a. If I have an outstanding Stafford Student Loan (formerly Guaranteed Student Loan, GSL) the applicable interest rate will be the same as the applicable interest rate on the outstanding Stafford (GSL) loan.
   b. If I am borrowing for a period of enrollment which begins before July 1, 1988, and I have no outstanding Stafford (GSL)(s), the applicable interest rate on this loan will be 8%.
   c. If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding Stafford (GSL)(s) but I do have an outstanding balance on any Parent Loans for Students ("PLUS"), Supplemental Loans for Students(SLS)(formerly ALAS) made for enrollment periods beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%.
   d. If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding balance on any Stafford (GSL), PLUS, or SLS(ALAS) made for enrollment period(s) beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status.

6) The applicable interest rate
   a. until the end of the fourth year of my repayment status; and
   b. beginning with the fifth year of my repayment status, will be included on the Notice of Disclosure.

7) I may also receive rebates of interest, if required by the Higher Education Act if it has been amended, when the applicable interest rate is 10%.

8) The lender or other holder of this note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with the Rules and Regulations and policies of the Higher Education Assistance Foundation (HEAF).
   I understand that if I am eligible for federal interest benefits, the interest that is paid by the Secretary (a) during the period I am in school on at least a half-time basis, (b) during my grace period described in Section D below, and (c) during the time any loan payments are delayed as allowed by Section F below.

**GUARANTEE FEE**

9) HEAF may charge a fee to guarantee your loan. The fee, if any, is included in the loan amount.

The amount is governed by current law, applicable regulations, and HEAF policy and Rules and Regulations. The exact amount of the guarantee fee, if any, will be on your disclosure statement, which you will receive prior to your loan check. If applicable, the Guarantee Fee will be deducted proportionately from each disbursement. I understand that this charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which refund will, at the lender's option, be applied to my loan balance or be returned to me. My loan disclosure statement will show the actual guarantee fee charged.

**ORIGINATION FEE**

10) The Origination Fee will be deducted from the proceeds of the loan. The fee is determined by federal law and will be reflected on my disclosure statement. Origination fees may be refunded, pro rata, on undisbursed amounts. If the loan is repaid in full within 120 days of disbursement, if the loan check is not cashed within 120 days of disbursement, or the check is returned to the lender uncashed.

**C. GENERAL**

I understand that the loan is subject to the provisions of this loan through HEAF and because of this, the loan is subject to, and I agree to, all terms that will be interpreted in accordance with Title IV, Part B of the Higher Education Act of 1965, as amended, (the "Act"), federal regulations adopted under the Act, and the Rules and Regulations of HEAF to the extent not governed by federal law, GSL Rules must be governed by the laws of the jurisdiction in which the lender is located.

**D. REPAYMENT**

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period. However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Stafford Student Loan Program (GSLP).

1) I will repay the loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to those rules apply:
   a. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
   b. The lender may require a repayment shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have Stafford (GSL), PLUS or SLS(ALAS) program loans outstanding, we—pay toward principal and interest at least $600 or the unpaid principal of all such loans (plus interest).
   c. If I qualify for postponement of my payments during any period described under Section F in this Note, or if the lender grants "forbearance", as allowed by the Act, those deferment periods will not be included in the 5- and 10-year periods mentioned above.

**SEE ADDITIONAL PROVISIONS ON THE REVERSE SIDE OF THIS NOTE**

NOTICE TO BORROWER
(a) DO NOT SIGN THIS NOTE BEFORE YOU READ ALL OF ITS PROVISIONS, INCLUDING THE PROVISIONS PRINTED ON THE REVERSE SIDE.
(b) YOU ARE ENTITLED TO A COPY OF THIS NOTE.
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK(S) AND 2) CONTACT YOUR LENDER.
(e) BY SIGNING THIS NOTE, YOU ARE AGREEING TO THE BORROWER'S CERTIFICATION ON THE REVERSE SIDE OF THIS NOTE.

YOUR SIGNATURE  Rick J. Douglas   TODAY'S DATE  7/23/91

DRIVER LICENSE NUMBER
(If you do not have one, print "NONE")  ███████11-06
STATE IN WHICH ISSUED  WI

FOR HEAF USE ONLY
PROMISSORY NOTE
**ACCEPT**

---

**IMPORTANT: BORROWER MUST COMPLETE REFERENCE INFORMATION**

Write in the names of three different references who would be likely to know where you will be. The individuals you list below are for reference purposes only; they will not be expected to repay your loan.

In 1, write in the name, address, and home telephone number of one of your parents or your legal guardian. If your parents are not living together, write the information for one parent in 1 and the information for the other parent in 2. If your parents are deceased, write in the name of another adult relative who would know where you will be, in 2 and 3, write in the name, address, and home telephone number of two other adult relatives or friends.

1. NAME OF PARENT OR GUARDIAN
   Betty Douglas
   ADDRESS  1503 Cedar
   CITY  McHenry   STATE  IL
   TELEPHONE  ███-1403

2. NAME OF ADULT RELATIVE OR FRIEND
   Chuck Fletcher
   ADDRESS  1800 Fallriver Rd
   CITY  Idaho Springs   STATE  CO   ZIP
   TELEPHONE  ███-4884

3. NAME OF ADULT RELATIVE OR FRIEND
   Dawn M. Hock
   ADDRESS  N58W25611 Windy Pass
   CITY  Sussex   STATE  WI   ZIP  53089
   TELEPHONE  ███-4131

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTE.

SIGNATURE
TITLE: COLLECTION SUPPORT SR
DATE:

LENDER COPY

F0316A  1-89

# EXHIBIT "G"

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #7 OF 10**

Rick J. Douglas
612 Anderson Circle Apt. 204
Deerfield Beach, FL 33441
Account No.:XXXXX█████

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 06/06/11.

On or about 06/05/92, the borrower executed promissory note(s) to secure loan(s) of $7,500.00 from First Bank. This loan was disbursed for $7,500.00 on 08/14/92 - 01/08/93, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Great Lakes Higher Education Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 03/08/01, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $11,601.30 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/16/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $11,601.30 |
| Interest: | $ 6,251.68 |
| | |
| Total debt as of 06/06/11: | $17,852.98 |

Interest accrues on the principal shown here at the current rate of 3.27 percent and a daily rate of $1.04 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: ___6/16/11___

Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

NORTHSTAR GUARANTEE INC.
P.O. BOX 64080
ST. PAUL, MN 55164-0080

STAFFORD STUDENT LOAN
APPLICATION/
PROMISSORY NOTE

**SECTION A – TO BE COMPLETED BY BORROWER**

1. NAME (NO NICKNAMES) (LAST, FIRST, MIDDLE INITIAL)
DOUGLAS RICK J

DATE OF BIRTH: 62

PERMANENT ADDRESS (STREET, CITY, STATE, ZIP)
822 DAYTON AVE
St. Paul MN 55104

PERMANENT HOME PHONE: -6941

8. U.S. CITIZENSHIP STATUS (CHECK 1 OR 2)
1 X U.S. CITIZEN OR NATIONAL   2 PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN

DRIVER LICENSE STATE IN WHICH ISSUED: WI
DRIVER LICENSE NUMBER: 11-016-WI

9. ADDRESS OF BORROWER WHILE IN SCHOOL (STREET, CITY, STATE, ZIP)
822 DAYTON AVE   St. Paul MN 55104

10. PHONE AT SCHOOL ADDRESS: -6941

12. (FUTURE USE)

13. LOAN AMOUNT REQUESTED: $ 7,500.00

LOAN PERIOD: 08 24 92 to 05 30 93

**PRIOR LOAN INFORMATION** (READ INSTRUCTIONS IN THE APPLICATION BOOKLET. DO NOT INCLUDE INFORMATION ON THIS LOAN)

14. HAVE YOU EVER APPLIED FOR OR HAVE A STAFFORD/GSL, PERKINS, CONSOLIDATION...   X NO   YES GO TO 16a
15. HAVE ANY PRIOR LOAN AMOUNTS FROM STAFFORD/GSL ONLY?
IF YES, TOTAL UNPAID BALANCE OF STAFFORD/GSL LOANS: $ 16,160.22

16. STATE DETAILS ON SEPARATE SHEET   X   YES GO TO 16a   NO GO TO 16a

18. UNPAID PRINCIPAL BALANCE OF MOST RECENT PRIOR STAFFORD/GSL: $ 2500 00
19. GRADE LEVEL OF MOST RECENT PRIOR STAFFORD/GSL (SEE INSTRUCTION IN APP. BOOKLET): 16
20. LOAN PERIOD START DATE OF MOST RECENT PRIOR STAFFORD/GSL: 08 14 91
INTEREST RATE OF MOST RECENT PRIOR STAFFORD/GSL: X

**REFERENCES** (YOU MUST PROVIDE THREE PERSONAL REFERENCES WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

| 21. REFERENCE (NAME, U.S. ADDRESS, CITY, STATE, ZIP, PHONE) | 24. REFERENCE 2 (NAME, U.S. ADDRESS, CITY, STATE, ZIP, PHONE) | 25. REFERENCE 3 (NAME, U.S. ADDRESS, CITY, STATE, ZIP, PHONE) |
|---|---|---|
| Betty Douglas 1503 Cedar St McHenry IL 60050 -7407 | Chuck Fletcher 18700 Tell River Rd Idaho Falls ID 8827 | Dawn Hick N58 W25 Stillwind Run Sussex WI 53087 |

NOTICE TO ALL... (fine print)

21. SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE)
X Rick J Douglas

DATE BORROWER SIGNED: 6/5/92

**SECTION B – TO BE COMPLETED BY SCHOOL**

22. NAME AND ADDRESS OF SCHOOL
Hamline

SCHOOL CODE: 002354

*Already Processed / No Longer Accepting* (stamp)

**ELECTRONIC TO NORTHSTAR** (stamp)

27. SCHOOL PROCESSOR   28. PERIOD LOAN WILL COVER   MO   DAY   YR   DAY
32. ADJUSTED GROSS INCOME (AGI)   34. COST OF ATTENDANCE FOR LOAN PERIOD   ESTIMATED FINANCIAL AID FOR LOAN   EXPECTED FAMILY CONTRIBUTION FOR LOAN

37. SUGGESTED DISBURSEMENT DATES
1ST DISB.   2ND DISB.   MO   YR
39. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS?   YES   NO
40. WILL THE STUDENT ATTEND A FOREIGN SCHOOL?   YES   NO   SCHOOL USE ONLY   DATE

I HAVE READ, UNDERSTAND, AND AGREE TO THE ITEMS OF THE SCHOOL CERTIFICATION PRINTED ON THE REVERSE SIDE OF THIS APPLICATION.
X   SIGNATURE OF SCHOOL OFFICIAL   DATE

**SECTION C – TO BE COMPLETED BY LENDER**

42. NAME AND ADDRESS OF LENDER
First Bank

LENDER CODE: 830674

*"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTE"*
SIGNATURE: Sheila L. Haffner
TITLE: COLLECTION SUPPORT SR. SUPERVISOR
DATE: JULY 17 2007

53. IS THIS AN UNSUBSIDIZED LOAN?   YES   NO
51. LENDER ACCOUNT NUMBER
TOTAL LOAN AMOUNT APPROVED: $ .00

**SECTION D – TO BE COMPLETED BY NORTHSTAR**

64. NORTHSTAR USE ONLY

SOURCE:

304 1/92

LENDER COPY

NOT A CERTIFIED COPY AVAILABLE AT TIME OF IMAGING

# EXHIBIT "H"

**U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #8 OF 10**

Rick J. Douglas
AKA: Rick Jay Douglas
612 Anderson Circle Apt. 204
Deerfield Beach, FL 33441
Account No.:XXXXX█████

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 06/06/11.

On or about 05/17/93, the borrower executed promissory note(s) to secure loan(s) of $7,500.00 from Norwest Bank, South Dakota, N.A., Sioux Falls, SD. This loan was disbursed for $7,500.00 on 06/01/93 - 01/11/94, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Great Lakes Higher Education Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 03/08/01, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $11,581.49 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/16/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

|  |  |
|---|---|
| Principal: | $11,581.49 |
| Interest: | $ 6,241.00 |
| Total debt as of 06/06/11: | $17,822.49 |

Interest accrues on the principal shown here at the current rate of 3.27 percent and a daily rate of $1.04 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _6/16/11_

_Michael Illes_
Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

# FEDERAL STAFFORD LOAN PROMISSORY NOTE

Instructions to Borrower: READ all of the information on the front and back of this form. Complete ALL of the information in sections A, B and numbers 1-2 of this Promissory Note. Press hard, as you are making duplicate copies. If you need to make corrections, strike out the wrong information, write in the correct information and be sure to initial any corrections. Do not use correction fluid. Date and sign this Promissory Note using your full legal signature. Keep the second copy of this Note for your records and send the lender's copy to your school.

**BORROWER (AND COSIGNER, IF APPLICABLE) MUST INITIAL ANY CHANGES MADE TO SECTIONS A/B AND NUMBERS 1-2**

A. Name: *Rick Jay Douglas*
SSN: ___
Address: *397 Stryker Ave*
City/State/ZIP: *St. Paul MN 55107*
Name of School: *Hamline University*

**B. BORROWER'S REFERENCES**
You must provide three different names, U.S. addresses, and telephone numbers.

1. Parent or Guardian: (Last, First, M.I.)
Name *Betty Douglas*
Address *1503 Cedar St.*
City, State, Zip Code *McHenry IL 60050*
Telephone Number ___

2. Another adult relative not at same address given in B1
Name *Chuck Fletcher*
Address *1400 Fall River Rd*
City, State, Zip Code *Idaho Springs Co*
Telephone Number *4884*

3. Credit Reference – Commercial Creditor:
Creditor's Name *First Bank St. Paul*
Acct. # ___
Creditor's Address *332 Minnesota St.*
City, State, Zip *St. Paul MN 55101*
Telephone Number *-2000*

**C. PROMISE TO PAY:**
the undersigned student borrower identified above, promise to pay o Norwest Bank South Dakota, N.A., Sioux Falls, South Dakota, or to a subsequent holder, the principal sum equal to the Loan Amount Requested identified on this Note or any such lesser amount which is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph E, and any other charges which may become due as provided in Paragraph H. If I fail to pay any of these amounts when they are due, will also pay all charges and other costs, including attorney's fees and court costs, that are permitted by federal law and regulations, for he collection of these amounts. My signature certifies that I have read, understood, and agree to the conditions and authorizations s ated in the "Borrower Certification" printed on the reverse side and hat I have also read the legally required information provided to me n the application information booklet that has been provided to me. I understand that this is a Promissory Note and that I will not sign it before reading it, including the information on the reverse side, even otherwise advised. I am entitled to an exact copy of the Promissory Note, the Notice of Loan Guarantee and Disclosure Statement, and any agreement I sign. By signing this Promissory Note, I acknowledge that I have received an exact copy of this note.

Copyright © 1993 HICA

**D. DATE NOTE COMES DUE**
This Note becomes due and I will repay this loan: 1) in periodic installments beginning no later than the end of my grace period as disclosed to me in the Notice of Loan Guarantee and Disclosure Statement; or 2) in full immediately if I fail to enroll and attend the school which certified this application for the academic period intended, in which case I will not be eligible for a grace period. During the grace period, I may request that payment begins before my grace period ends.

**E. INTEREST**
The interest rate will be determined by the following: (a) If I have an outstanding Stafford Loan(s) on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding Stafford Loan(s); (b) If I have no outstanding Stafford Loan(s) but I do have an outstanding balance on any PLUS or Supplemental Loans for Students (SLS) made for enrollment periods beginning before July 1, 1988 or on any Consolidation Loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%; (c) If I have no outstanding balance on any Stafford Loans, PLUS, or SLS made for enrollment period(s) beginning before July 1, 1988, or on any Consolidation Loan(s), which repaid loans made for enrollment periods beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status. I may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended. When the applicable interest rate is 10%, The... Notice of Loan Guarantee and Disclosure Statement identifies the applicable interest rate for this loan. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if you determine that I qualify to have such payments made on my behalf under the regulations governing the Stafford Loan Program. In the event that the Secretary pays the interest on this loan, you may not attempt to collect this interest from me if you, however, choose to pay this interest myself. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except that if the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest that accrues during any deferment period as described in the Deferment Section in this Note. You may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with guarantor and federal regulations and statutes governing the Stafford Loan program. [?]

**F. ORIGINATION AND GUARANTEE FEES**
I will pay you an origination fee as authorized by federal law and in an amount and rate identified on the Notice of Loan Guarantee and Disclosure statement. I will pay you a guarantee fee, in an amount identified on the Notice of Loan Guarantee and Disclosure Statement, which you will forward to the guarantor to pay for the guarantee of this Note. I understand that both my origination fee and guarantee fee will be deducted proportionately from each disbursement. If any loan check is otherwise uncashed to you, if the check has not been cashed within 120 days of disbursement, or if I pay any disbursement of my loan in full within 120 days following disbursement, I will be entitled to a refund of applicable guarantee and origination fees.

**G. REPAYMENT**
I will repay this loan: 1) in periodic installments during a repayment period that will begin no later than the end of my grace period; or 2) in full immediately if I fail to enroll and attend the school which certified my application for the academic period intended (this loan will not be eligible for a grace period). My grace period is that period of time which begins when I either leave school or stop carrying, at a participating school, at least one-half the normal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin earlier. I will repay this loan over a repayment period that lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply: A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to five years. B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have Stafford, SLS, or PLUS program loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my — or our — Stafford, SLS, and PLUS loans. C. Any period described under DEFERMENT in this Promissory Note, or if my lender grants me a "forbearance", as allowed by federal regulations, will not be included in determining the 5-10 year period. If I become totally and permanently disabled, and comply with applicable guarantor and federal regulations, or if I die, my obligation to pay any amount owed on this loan will be cancelled. The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

*(Continued on reverse side)*
Lender Code: 831205

LENDER COPY    SUBMIT FOR PROCESSING

---

Date Signed: *17 MAY 93*

Borrower's Signature: *Rick J. Douglas*

"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTE"

SIGNATURE: *Jamie S. Hoffman*
TITLE: COLLECTION SUPPORT SR. SUPERVISOR
DATE: *JUL 1 7 2007*

**FEDERAL STAFFORD LOAN**
LOAN AMOUNT REQUESTED $ *7,500*

DEFINITIONS. All words, phrases, and conditions not defined in this Note shall be construed according to common and approved usage unless a technical meaning is ascribed to them by Title IV, Part B Higher Education Act of 1965 (20 U.S.C. 107[illegible] [illegible]q.), as amended, called the "Act" or Federal Regulations. The [illegible]retary of Education shall be called the "Secretary". [illegible] Great Lakes Higher Education Corporation shall be calle[illegible] [illegible]EC".

APPLICABLE INTEREST RATE. (1) The Maker agrees to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principle balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However, the Secretary will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that the Maker qualifies to have such payments made on the Maker's behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event the interest on this loan is payable by the Secretary, neither the lender nor the holder of this Note may attempt to collect the interest from the Maker. The Maker, however, may choose to pay the interest. (3) Once the repayment status begins the Maker will be responsible for all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT (par. 13) in this Promissory Note. (4) The interest rate will be determined according to the following: (a) If the Maker has an outstanding Guaranteed Student Loan(s) ("GSL") on the date the Maker signs this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding GSL(s). (b) If the Maker is borrowing for a period of enrollment which begins before July 1, [illegible], and the Maker has no outstanding GSL(s), the applicable interest rate on this loan will be 8%. (c) If the Maker is borrowing for a period of enrollment which begins on or after July 1, [illegible], and the Maker has no outstanding GSL(s) but the Maker has an outstanding balance on any PLUS, Supplemental Loans for Students ("SLS") made for enrollment periods beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) If the Maker is borrowing for a period of enrollment which begins on or after July 1, 1988, and the Maker has no outstanding balance on any GSL, PLUS, or SLS made for enrollment period(s) beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of the Maker's repayment status and will be 10% beginning with the fifth year of the Maker's repayment status. (5) The applicable interest rate (a) until the end of the fourth year of the Maker repayment status, and (b) beginning with the fifth year of the Maker's repayment status will be identified on the GLHEC GSL Disclosure Statement. (6) The lender may also require rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or other holder of this note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of GLHEC.

GUARANTEE INSURANCE FEE. The Maker agrees to pay a loan guarantee insurance fee to Lender equal to 1% of the Loan Amount. The amount of this fee will be shown on the GSL Disclosure Statement and it will be deducted proportionately from each disbursement of this loan. This fee may be refundable if no amount of this loan has been disbursed to the Maker.

LOAN ORIGINATION FEE. The Maker agrees to pay to the lender a loan origination fee equal to 5% of the Loan Amount. This fee may be increased to 5.5% by Presidential order issued pursuant to the sequestration provisions of the Balanced Budget and Emergency Deficit Control Act of 1985. The amount of this fee will be shown on the GSL Disclosure Statement and it will be deducted by the lender from each disbursement of the proceeds of the loan in an amount prorated in accordance with the amount of each disbursement.

REPAYMENT OF NOTE: During the Interim Period consisting of the time the Maker continues to carry at an eligible institution at least one half the normal full-time academic workload as determined by that institution plus the Grace Period no payments are due from the Maker, and all interest accruing will be paid to the lender by the Secretary if the Maker qualifies for interest subsidy. During the Grace Period, the lender will provide the Maker and the Maker will sign, a Payment Schedule and Disclosure form which will establish the number and amounts of the payments necessary to repay the principal and interest due on this note over the period ("Repayment Period") commencing at the conclusion of the Grace Period. The lender may add any unpaid interest for which the Secretary is not liable and any interest not paid by the Maker when due to the unpaid principal balance of this loan in accordance with GLHEC regulations. From [illegible] the Repayment Period begins [illegible] liable for all interest accruing on this Note except during authorized deferment periods. Except where the minimum payment provided in par. 7 is applicable, the Repayment Period [illegible] at least 5 years but no more than 10 years, (except for authorized periods of deferment and forbearance). If the lender and Maker agree to a Repayment Period of less than 5 years, the lender will, at the Maker's request, extend it to 5 years unless doing so would reduce the Maker's payments below the minimum required by par. 7. The Maker agrees (A) to notify the lender promptly in writing after ceasing to carry at an eligible institution at least one half the normal full-time academic workload, (B) to sign the Payment Schedule and Disclosure form provided by the lender, not later than 120 days prior to the expiration of the Grace Period, and (C) to pay the Note in accordance with the Payment Schedule and Disclosure form. Receipt of signature of the Payment Schedule and Disclosure form by the Maker shall not be a condition precedent to liability for payment of any sums owed by the Maker and any Endorser.

MINIMUM PAYMENT. The total annual payment by the Maker during any year of the repayment period on all GSL and PLUS/SLS loans made under the Act shall not, unless otherwise agreed to by lender and Maker, be less than $600 or the balance of all such loans plus accrued interest, whichever is less; except that if a husband and wife both have outstanding GSL and PLUS/SLS loans, the total combined annual payment on all such loans by husband and wife shall not be less than $600 or the combined balance of all such loans plus accrued interest, whichever is less. The required annual payment may be more than indicated above depending on the total amount borrowed.

PREPAYMENT WITHOUT PENALTY. The Maker and any Endorser may prepay the whole or any part of this Note at any time without penalty, and may be entitled to a rebate of any unearned interest that was paid.

LATE PAYMENT PENALTY. A late payment penalty may be assessed on the unpaid amount of any installment not paid on or before the 10th day after its scheduled or deferred due date. The late charge may not exceed 6% of each installment or $5 for each installment whichever is less. This charge may be added to the Maker's [illegible] and [illegible] from any future payments prior to allocation toward payment of any principal or interest.

COLLECTION CHARGES. The Maker and any Endorser are liable for all charges and collection costs, including statutorily authorized attorneys fees, that are permitted by Regulations of the Secretary and are necessary for the collection of the loan.

SECURITY INTEREST. This Note is unsecured and the lender expressly waives, as security for this Note, any security [illegible] held by the lender.

DISBURSEMENT SCHEDULE. The Maker and lender agree that the amount paid to the Maker shall be disbursed by [illegible] payable to the order of and requiring the endorsement of the Maker according to the schedule listed on the GSL Disclosure Statement.

DEFERMENT. Payment of principal will be deferred after the repayment period begins, provided Maker complies with [illegible] the regulations governing the GSL Program in any of these circumstances including deferment renewals that may be required: (A) While Maker is enrolled — (1) Full-time at a school that is participating in the [illegible] (unless Maker is not a citizen or national of the United States and is studying at a school not located in the United States); (2) [illegible] institution of higher education or a [illegible] school that is operated by an agency of the Federal Government (e.g., the service academies); (3) A graduate [illegible] the Secretary; or (4) A rehabilitation training program for disabled individuals approved by the Secretary. (B) For periods not exceeding 3 years for each of the following [illegible] (a) On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service; (b) Serving as a [illegible] Volunteer; (c) Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs, e.g., VISTA); (d) Serving as a full-time volunteer [illegible] organization exempt from Federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, while performing service which the Secretary has determined is comparable to service in the Peace Corps or ACTION programs; and (e) Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because Maker is providing care required by a dependent who is temporarily totally disabled, as established by affidavit of a qualified physician. (C) For a period not exceeding 2 years while Maker is serving in an internship that the Secretary has determined is necessary for Maker to gain professional recognition required to begin professional practice or service [illegible] not exceeding 2 years while Maker is conscientiously seeking but unable to find full-time employment in the United States; and (E) Up to 6 months if borrower is pregnant or caring for a newborn or newly adopted child, and is not in attendance at an eligible school or gainfully employed, and was enrolled within the past 6 months at an eligible institution. For new borrowers receiving a loan for a period of enrollment beginning on or after July 1, [illegible], payment may also be deferred for: (A) Enrollment at least half-time (as determined by school), and receiving a GSL for the period of enrollment; (B) Up to 3 years while serving as an active duty member of the National Oceanic and Atmospheric Administration Corps; (C) Up to 3 years as a full-time elementary or secondary school teacher in a teacher shortage area [illegible] by the Secretary; (D) Up to 2 years for service in an eligible internship or residency program leading to a degree or certificate awarded by an institution of higher education, a [illegible], or a health care facility that offers post-graduate training; and (E) Up to 1 year for mothers of pre-school children entering or re-entering the work force who earn less than [illegible] above the minimum wage.

To be granted a deferment, Maker must provide the lender with written evidence of eligibility. Maker must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

EVENTS OF DEFAULT. This Note shall, at the option of the holder, become immediately due and payable upon the occurrence of any of the following events of default: (A) Failure of Maker to pay in full any monthly installment when due provided that this failure persists for 180 days or 240 days for less frequent installments; or (B) giving false or inaccurate information on an application for a student loan. Upon default all of the Maker's rights under this agreement shall be terminated, including but not limited to the deferments provided for in par. 13. [illegible] arrangements which may be allowed by the Great Lakes Higher Education Corporation after default, shall not reinstate or renew any such terminated rights of the Maker.

CONSEQUENCES OF DEFAULT. Upon an event of default (par. 14), Maker and Endorser are jointly and severally liable for all charges and collection costs (including statutorily authorized attorneys fees) permitted by federal statutes or by rules or regulations issued by the Secretary or GLHEC for the collection of any amounts due under this Note. If this loan is referred for collection to an agency subject to the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.), Maker and Endorser will jointly and severally pay those collection costs which do not exceed [illegible]% of the unpaid principal and accrued interest. In the event GLHEC obtains a legal judgment on the defaulted loan, GLHEC reserves the right to collect interest on the judgment at any rate up to the maximum rate of interest that applicable law may allow with respect to interest on judgments. The rate of interest on a judgment may be greater than the rate of interest specified in this Note.

CREDIT BUREAU NOTIFICATION. Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If Maker defaults on this loan, the lender, the holder or guaranty agency will also report the default to one or more credit bureau organizations. This may significantly affect the Maker's ability to obtain other credit.

ADDITIONAL PROVISIONS. (A) The Maker and any Endorser are jointly and severally liable for all amounts owing under this Note and waive presentment for payment, demand, notice of nonpayment, notice of protest and protest of this Note, and consent to the terms of any payment schedule as well as any and all extensions, consolidations and renewals without notice. (B) The Maker agrees to use the proceeds of the loan which this Note evidences solely to pay the expenses of attending the educational institution listed on the loan application and in which the Maker is enrolled or accepted for enrollment at the date of this Note, and for the loan period indicated on the application. (C) In the event of the Maker's death or total and permanent disability, the unpaid indebtedness hereunder shall be cancelled pursuant to regulations promulgated under the Act. (D) The Maker shall notify the lender promptly, in writing, of any changes from time to time occurring in his or her school enrollment status (such as withdrawal from school or less than half-time attendance, graduation or transfer to other schools) or home address from that stated in the application for the loan. (E) The lender must provide information on the repayment status of this loan to credit bureau organizations upon the Maker's request. If not otherwise prohibited by the law or regulation, the lender and/or GLHEC will disclose information about the status of this loan to any credit bureau. (F) Under the conditions set forth in Federal and GLHEC regulations governing the GSL program this loan may be transferred to a holder other than the original lender. Upon being notified of such transfer, the Maker has the same rights and responsibilities with regard to the subsequent holder that the Maker had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any state and a subsequent holder of the Promissory Note cannot be a holder in due course. (G) Consolidation or refinancing options may be available to the Maker for GSL and other educational loans. For further information the Maker should contact GLHEC.

BORROWER CERTIFICATION. I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section 1 of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I also certify that I do not now owe a refund on a Pell Grant, Basic Grant, Supplemental Educational Opportunity Grant, or State Student Incentive Grant that I received to attend any school. I further certify that I am not now in default on any loans received under the Perkins Loan (formerly National Direct Student Loan), the Federal Insured Student Loan Program, or the PLUS/SLS or ALAS Programs at any school. I hereby authorize the educational institution to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend, or GLHEC, to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g. employment, enrollment status, prior loan history, current address). I also authorize the lender, subsequent holder, their agent, educational institution or GLHEC to make inquiries from prior or subsequent lenders or holders with respect to my loan application and related documents, and to make inquiries of my parents and other third parties to obtain information regarding my location, employment and sources of income. I certify that the proceeds of any loan made as a result of this application will be used for educational purposes for the academic period covered by this application at the educational institution named on this form. I understand that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that institution for the loan period stated. I further certify that I have read and understand the statement of borrower responsibilities attached to the application.

AT TIME OF IMAGING

# EXHIBIT "I"

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #9 OF 10**

Rick J. Douglas
AKA: Rick Jay Douglas
612 Anderson Circle Apt. 204
Deerfield Beach, FL 33441
Account No.:XXXXX█

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 06/06/11.

On or about 05/17/93, the borrower executed promissory note(s) to secure loan(s) of $10,000.00 from Norwest Bank, South Dakota, N.A., Sioux Falls, SD. This loan was disbursed for $10,000.00 on 07/01/93 - 01/11/94, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Great Lakes Higher Education Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 03/08/01, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $18,896.29 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/16/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $18,896.29 |
| Interest: | $10,767.70 |
| Total debt as of 06/06/11: | $29,663.99 |

Interest accrues on the principal shown here at the current rate of 3.39 percent and a daily rate of $1.75 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: ___6/16/11___

_____
Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

# FEDERAL SUPPLEMENTAL LOANS FOR STUDENTS (SLS) PROMISSORY NOTE

Instructions to Borrower: READ all of the information on the front and back of this form. Complete ALL of the information in sections A, B and numbers 3-4 of this Promissory Note. Press hard, as you are making duplicate copies. If you need to make corrections, strike out the wrong information, write in the correct information and be sure to initial any corrections. Do not use correction fluid. Date and sign this Promissory Note using your full legal signature. Keep the second copy of this Note for your records and send the lender's copy to your school.

> **BORROWER (AND COSIGNER, IF APPLICABLE) MUST INITIAL ANY CHANGES MADE TO SECTIONS A/B AND NUMBERS 3-4**

**A.** Name Ryik Jay Douglas

SSN ████████

Address 377 Snyder Ave

City/State/ZIP St. Paul MN 55107

Name of School Hamline University

**B. BORROWER'S REFERENCES:**
You must provide three different names, U.S. addresses, and telephone numbers.

1. Parent or Guardian (Last, First, M.I.)

Name Betty Douglas

Address 1503 Cedar St

City, State, Zip Code McHenry IL ██████

Telephone Number ████████

2. Another adult relative not at same address given in B1.

Name Chuck Fletcher

Address 1600 Fall River Rd.

City, State, Zip Code Idaho Springs, Co.

Telephone Number ████████

3. Credit Reference - Commercial Creditor

Creditor's Name First Bank St. Paul

Acct. # ████████

Creditor's Address 332 Minnesota St.

City, State, Zip Code St. Paul MN 55101

Telephone Number ████████

## C. PROMISE TO PAY

1. I, the undersigned student borrower identified above, promise to pay to Norwest Bank South Dakota, N.A.; Sioux Falls, South Dakota, or to a subsequent holder, all of the following amounts in full.

a. The entire Loan Amount Requested below or such lesser amount that is loaned.

2. Interest. The interest rate is variable and determined annually and is effective for the twelve-month period from July 1 through June 30; however, it may not exceed 12%. The interest rate for the period from the first disbursement until the next July 1 will be disclosed to me on the Borrower Disclosure and Indebtedness information form.

3. Guarantee Fee. A fee may be charged to guarantee my loan. The amount, if any is governed by current laws, applicable regulations and the guarantor's policy and Rules and Regulations. The Guarantee Fee will be deducted from my check. I understand that this charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which refund will, at the lender's option, be applied to my loan balance or returned to me. My loan disclosure statement will show the actual guarantee fee and rate charged.

Copyright © 1993 HICA

## D. DISCLOSURE OF LOAN INFORMATION

I understand that before I receive my loan check, my lender will send me a loan disclosure statement that identifies all the terms of my loan.

## E. GENERAL

I understand that the lender has applied for guarantee coverage of this loan and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Title IV, Part B of the Higher Education Act of 1965, as amended, ("the Act"), federal regulations adopted under the Act, and the Rules and Regulations of the guarantor. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

## F. REPAYMENT

1. I understand principal payments will be deferred while I am in school. By law, the repayment period on this loan begins when the loan is initially disbursed with the first payment due within 60 days of final disbursement. However, during the period of deferment, interest shall, and in accordance with the terms and conditions on the disclosure statement, accrue and be added to the principal amount of this loan (capitalized) no more frequently than law permits, in accordance with laws and regulations governing the SLS program. I will contact the lender prior to expiration of the period of deferment to negotiate the terms of repayment. If I neglect to do so, I authorize the lender to establish repayment terms within the guidelines set forth in this Section, without any further approval; however, my lender must inform me of the terms in writing at the latest address which I have provided to the lender.

2. If this loan is disbursed in multiple installments and I do not qualify for a deferment, I agree that the interest which accrues prior to the start of my active repayment of this loan will, at my lender's option, be capitalized no more frequently than law permits in accordance with laws and regulations governing the SLS program.

3. I will repay this loan within 10 years of the date of this Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

a. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I - or if my spouse and I have Stafford (GSL), PLUS or SLS program loans outstanding, we - pay toward principal and interest at least $600 or the unpaid principal obligation of such loans (plus interest) whichever is less.

b. If I qualify for any deferment period described under Deferment in this Note, or if the lender grants "forbearance", those periods will not be included in the 5-and 10-year periods mentioned above.

4. The lender will determine the conditions of repayment that apply to this loan will be set forth in the disclosure statement that the lender will provide to me.

5. My obligation to repay this loan shall be cancelled if I die or become totally and permanently disabled.

## G. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest which I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## H. DEFERMENT

In certain instances authorized by the Act, the payments of principal I am required to make as described under Repayment in this Note may be deferred. The instances currently authorized by the Act are described as follows:

Payment of principal on my loan(s) may be deferred after the repayment period begins if I am not in default and I comply with applicable guarantor and GSLP regulations. In order to receive the deferment, I must request the deferment from you and provide you with all necessary documentation. The circumstances under which I may obtain a deferment of principal payments are as follows:

1. I am enrolled full time at a participating school. If I am studying outside of the U.S., I must be a citizen or national.

2. I am enrolled in an eligible graduate fellowship program.

3. I am participating in an eligible rehabilitation training program for disabled individuals.

4. I am, for periods not to exceed three years for each of the following:
   - serving in active duty status in the U.S. Armed Forces or officer in the U.S. Public Health Service;
   - serving in the Peace Corps (one year service);
   - serving in an ACTION program (one year service);
   - volunteering full time for a tax exempt organization comparable to Peace Corps or ACTION;
   - temporarily totally disabled or unable to work because I am caring for a temporarily totally disabled spouse or dependent.

5. I am, for periods not to exceed two years for each of the following:
   - unemployed – conscientiously seeking full time employment;
   - serving in an eligible internship or residency program.

(Continued on reverse side)

LENDER COPY—SUBMIT FOR PROCESSING

Lender Code: 831205

"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTE"

SIGNATURE: _____
TITLE: COLLECTION SUPPORT SR. SUPERVISOR
DATE: JUL 17 2007

Borrower's Signature: Ryik J. Douglas   17 MAY 03

Date Signed

FEDERAL SUPPLEMENTAL LOANS FOR STUDENTS (SLS)

LOAN AMOUNT REQUESTED $ 10,000

**EXHIBIT "J"**

# U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS #10 OF 10

Rick J. Douglas
612 Anderson Circle Apt. 204
Deerfield Beach, FL 33441
Account No.: XXXXX███

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 06/06/11.

On or about 09/27/93 and 01/31/94, the borrower executed promissory note(s) to secure loan(s) of $850.00 and $850.00 from Hamline University at 5.00 percent interest per annum.  The institution made the loan under the Federally-funded National Defense/Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087aa et seq. (34 C.F.R Part 674).  The institution demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 07/02/98.  Due to this default, the institution assigned all rights and title to the loan to the Department of Education.

After the institution credited all cancellations due and payments received, the borrower owed the school $1,700.00 principal and $1,367.08 interest.  This principal and interest, together with any unpaid charges, totaled $3,233.39. The loan was assigned to the Department on 03/30/11.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance.  After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $1,700.00 |
| Interest: | $1,386.62 |
| Total debt as of 06/06/11: | $3,086.62 |

Interest accrues on the principal shown here at the rate of $0.23 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on:  _6/16/11_

_____
Loan Analyst
Litigation Support

Michael Illes
Loan Analyst

# HAMLINE UNIVERSITY

## Promissory Note—Federal Perkins Loan Program

I, _Douglas Rick J._____, promise to pay to Trustees of Hamline University of Minnesota (hereinafter called the Institution), located at 1536 Hewitt Avenue, St. Paul, Minnesota 55104, the sum of the amounts that are advanced to me and endorsed in the Schedule of Advances set forth below. I promise to pay all reasonable collection costs, including attorney fees and other charges, necessary for the collection of any amount not paid when due.

### Schedule of Advances

The following amounts were advanced to me under this loan agreement on the dates indicated:

| | Amount | Date | Signature of Borrower |
|---|---|---|---|
| 1 | $850.00 | 9/27/93 | _signature_ |
| 2 | 850.00 | 1-31-94 | _signature_ |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |

```
DEBT-ID N2011050553411
SSN        PREV-SSN
NAME  DOUGLAS,RICK,J
LOAN TYPE: P    RATE:  05.00%
```

### Prior Loans

I hereby certify that I have listed below all of the Federal Perkins Loans, National Direct Student Loans, and National Defense Student Loans I have obtained at other institutions. (If no prior loans have been received, state "None.")

**Federal Perkins Loans, National Direct Student Loans, and National Defense Student Loans at other Institutions**

| | Amount | Date | Institution |
|---|---|---|---|
| 1 | 1,250.00 | 9-86 9/9/91 | UW Whitewater |
| 2 | 400.00 | 9-10-89 | UC Santa Barbara |

**Notice to Borrower: Do Not Sign This Note Before You Read It (see also reverse side).**

I understand and agree to all the foregoing terms and conditions.

Signature _signature_                   Date _9/27/93_

Permanent Address _12005 41st Ave N Apt 302 Plymouth MN 55441_
                     street or box number           city       state    zip code

Social Security Number _[redacted]_

The borrower and Institution shall execute this note without security and without endorsement.

The Institution shall provide a copy of this note to you and you should retain the copy for your records.

(Authority: 20 U.S.C.1087dd)

I further understand and agree that:

**I. General**

(1) Applicable Law: All sums advanced under this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended (hereinafter called the Act), and are subject to the Act and the Federal regulations issued under the Act. The terms of this note shall be interpreted in accordance with the Act and Federal regulations, copies of which are to be kept by the Institution.

(2) Procedure for Receiving Before Cancellation, or Forbearance. I understand that to receive a deferment, cancellation or forbearance I must request the deferment, cancellation or forbearance in writing from the Institution, and must submit to the Institution any documentation required by the Institution to prove that I qualify for the deferment, cancellation or forbearance. I further understand that if I am eligible for deferment, cancellation or forbearance under Articles VI through XIV, I am responsible for submitting the appropriate request on time. I further understand that I may lose my deferment, cancellation and forbearance benefits if I fail to file my request on time.

**II. Interest**

Interest shall accrue from the beginning of the repayment period and shall be at the ANNUAL PERCENTAGE RATE OF FIVE PERCENT (5%) on the unpaid balance, except that no interest shall accrue during any deferment period described in Article VII.

**III. Repayment**

(1) I promise to repay the principal and the interest that accrues on it to the Institution over a period beginning nine (9) months after the date I cease to be at least a half-time regular student at an Institution of higher education, or at a comparable institution outside the United States approved for this purpose by the United States Secretary of Education (hereinafter called the Secretary), and ending ten (10) years later, unless that period is shortened under paragraph III(5), or extended under paragraphs III(4), III(6) (extensions), VII(1) or VII(3) (deferments).

(2) Upon my written request, the repayment period may start on a date earlier than the one indicated in paragraph III(1).

(3) (A) I promise to repay the principal and interest over the course of the repayment period in equal monthly, bi-monthly or quarterly installments, as determined by the Institution. I understand that if any installment payment for all the loans made to me by the Institution is not a multiple of $5, the Institution may round that payment to the next highest dollar amount that is a multiple of $5.

(B) Notwithstanding paragraph III(3) (A), upon my written request, repayment may be made in graduated installments in accordance with a schedule approved by the Secretary.

(C) Notwithstanding paragraph III(3), if I qualify as a low-income individual during the repayment period, the Institution, upon my written request, may extend the repayment period for up to an additional ten (10) years and may adjust any repayment schedule to reflect my income.

(5) If the monthly rate that would be established under paragraph III(3), or the total monthly repayment rate of principal and interest on all my Federal Perkins Loans, including this loan is less than $30/month, I shall repay the principal and interest on this loan at the rate of $30/month. Effective for loans first disbursed on or after 10-1-92 to borrowers who have no outstanding balance on Federal Perkins Program loans on the date the loan is made, the minimum monthly payment will be $40/month (which includes both principal and interest)

(6) The Institution may, upon my written request, reduce any scheduled repayments or extend the repayment period indicated in paragraph III(1). If, in its opinion, circumstances such as prolonged illness or unemployment prevent me from making the scheduled repayments. However, interest shall continue to accrue.

**IV. Prepayment**

(1) I may, at my option and without penalty, prepay all or any part of the principal, plus any accrued interest thereon, at any time.

(2) Amounts I repay in the academic year in which the loan was made and the initial grace period has not ended will be used to reduce the amount of the loan and will not be considered a prepayment.

(3) If I repay amounts during the academic year in which the loan was made and the initial grace period ended, only those amounts in excess of the amount due for any repayment period shall be considered a prepayment.

(4) If, in an academic year other than the award year in which the loan was made, I repay more than the amount due for an installment, the excess will be used to repay principal unless I designate it as an advance payment of the next regular installment.

**V. Default**

(1) The Institution may, at its option, declare my loan to be in default and may demand immediate payment of the entire unpaid balance of the loan, including principal, interest, late charges and collection costs, if—

(A) I do not make a scheduled payment when due under the repayment schedule established by the Institution, and

(B) I do not submit to the Institution, on or before the date on which payment is due, documentation that I qualify for a deferment, cancellation or forbearance as described in Articles VI, VII, VIII, IX, X, XI, XII, XIII, or XIV of this agreement.

(2) I understand that the Institution may disclose to credit bureau organizations the amount of loans made to me, along with other relevant information.

(3) I understand that if I default on my loan, the Institution may disclose that I have defaulted, along with other relevant information, to credit bureau organizations.

(4) Further, I understand that if I default on my loan and the loan is assigned to the Secretary for collection, the Secretary may disclose that I have defaulted, along with other relevant information, to credit bureau organizations.

(5) I understand that if I default on my loan, I will lose my right to forbearance

(6) I understand that if I default on my loan, I will lose my right to defer repayments.

(7) I understand that if the Institution accelerates the loan under paragraph V(1), I will lose my right to receive a cancellation of a portion of my loan for any service described in Articles VIII, IX, X, XI, XII, XIII, or XIV performed after the date the Institution accelerated the loan.

(8) I understand that failure to pay this obligation under the terms agreed upon will prevent my obtaining additional student financial aid authorized under Title IV of the Higher Education Act of 1965, as amended, until I have made arrangements that are satisfactory to the Institution or the Secretary regarding the repayment of the loan.

**VI. Forbearance**

(1) I understand that upon making a properly documented written request to the Institution, I am entitled to be granted forbearance of principal and interest or principal only, renewable at 12-month intervals for a period not to exceed three years, if—

(A) My debt burden equals or exceeds 20 percent of my gross income; or

(B) The Institution determines that I qualify for other reasons.

**VII. Deferment**

(1) I understand that, upon making a properly documented written request to the Institution, I may defer making scheduled installment payments and will not be liable for any interest that might otherwise accrue during the following periods:

(A) For any period that I am—

(i) Enrolled and in attendance as a regular student in at least a half-time course of study at an eligible institution

(ii) Enrolled and in attendance as a regular student in a course of study that is part of a graduate fellowship program approved by the Secretary,

(iii) Engaged in graduate or post-graduate fellowship-supported study (such as a Fulbright grant) outside the United States, or

(iv) Enrolled and in attendance in a course of study that is part of a rehabilitation training program for disabled individuals approved by the Secretary.

(B) For any period that I am engaged in service described in Articles VIII, IX, X, XI, XII, XIII, or XIV of this agreement.

(C) For a period not to exceed three (3) years during which—

(i) I am seeking and unable to find full-time employment, or (ii) For any reason that my Institution determines has caused or will cause me to have an economic hardship

(2) I understand that I am not eligible for a deferment under paragraph (VII) (1) (A) while I am serving in a medical internship or residency program.

(3) I understand that I may continue to defer making scheduled installment payments and will not be liable for any interest that might otherwise accrue for a six (6) month period immediately following the expiration of any deferment provided in paragraph VII (1).

**VIII. Teaching Cancellation**

(1) I understand that upon making a properly documented written request to the Institution, I am entitled to have up to 100 percent of the amount of this loan plus the interest thereon canceled if I perform qualifying service after the period for which I received the loan—

(A) As a full-time teacher in a public or other non-profit elementary or secondary school in the school district of a local educational agency that is eligible in such year of service for funds under Chapter 1 of the Education Consolidation and Improvement Act of 1981, as amended, and which has been designated by the Secretary (after consultation with each State Department of Education) in accordance with the provisions of section 465(a)(2) of the Act as a school with a high concentration of students from low-income families. An official Directory of designated low-income schools is published annually by the Secretary.

(B) As a full-time special education teacher (including teachers of infants, toddlers, children, or youth with disabilities), in a public or other non-profit elementary or secondary school system, or as a full-time qualified professional provider of early intervention services in a public or other non-profit program under public supervision by the lead agency as authorized in section 676(b)(9) of the Individuals with Disabilities Education Act; or

(C) As a full-time teacher of mathematics, science, foreign languages, bilingual education, or any other field of expertise that is determined by the State Department of Education to have a shortage of qualified teachers.

(2) A portion of this loan will be canceled for each completed year of teaching service at the following rates:

(A) 15 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for each of the first and second complete academic years of that teaching service;

(B) 20 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for each of the third and fourth complete academic years of that teaching service, and

(C) 30 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for the fifth complete academic year of that teaching service.

**IX. Head Start Cancellation**

(1) I understand that upon making a properly documented written request to the Institution, I am entitled to have up to 100 percent of the amount of this loan plus the interest thereon canceled if I perform qualifying service after the period for which I received the loan as a full-time staff member in a Head Start program, if—

(A) That Head Start program is operated for a period that is comparable to a full school year in the locality, and

(B) My salary is not more than the salary of a comparable employee of the local educational agency.

(2) This loan will be canceled at the rate of 15 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for each complete school year or equivalent period of service in a Head Start program.

(3) Head Start is a preschool program carried out under the Head Start Act.

**X. Military Cancellation**

(1) I understand that upon making a properly documented written request to the Institution, I am entitled to have up to 50 percent of the principal amount of this loan plus the interest thereon canceled if I serve as a member of the Armed Forces of the United States in an area of hostilities that qualifies for special pay under section 310 of Title 37 of the United States Code.

(2) This loan will be canceled at the rate of 12 1/2 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for each complete year of such qualifying service after the period for which I received the loan.

**XI. Volunteer Service Cancellation**

(1) I understand that upon making a properly documented written request to the Institution, I am entitled to have up to 70 percent of the amount of this loan plus the interest thereon canceled if I perform qualifying service after the period for which I received the loan—

(A) As a volunteer under the Peace Corps Act; or

(B) As a volunteer under the Domestic Volunteer Service Act of 1973 (ACTION program).

(2) This loan will be canceled at the following rates:

(A) 15 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for each of the first and second twelve (12) month periods of volunteer service completed; and

(B) 20 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for each of the third and fourth twelve (12) month periods of volunteer service completed.

**XII. Law Enforcement or Corrections Officer Cancellation**

(1) I understand that upon making a properly documented written request to the Institution, I am entitled to have up to 100 percent of the amount of this loan plus the interest thereon canceled if I perform qualifying service after the period for which I received the loan—

(A) As a full-time law enforcement officer for service to an eligible local, state or Federal law enforcement agency; or

(B) As a full-time corrections officer for service to an eligible local, state, or Federal corrections agency.

(2) A portion of this loan will be canceled for each completed year of law enforcement or corrections service at the following rates:

(A) 15 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for each of the first and second complete years of that service;

(B) 20 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for each of the third and fourth complete years of that service, and

(C) 30 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for the fifth complete year of that service.

**XIII. Nurse or Medical Technician Cancellation**

(1) I understand that upon making a properly documented written request to the Institution, I am entitled to have up to 100 percent of the amount of this loan plus the interest thereon canceled if I perform qualifying service after the period for which I received the loan as a full-time nurse or medical technician providing health care services.

(2) A portion of this loan will be canceled for each completed year of service at the following rates:

(A) 15 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during

the local educational agency.

(2) This loan will be canceled at the rate of 15 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for each complete school year or equivalent period of service in a Head Start program.

(3) Head Start is a preschool program carried out under the Head Start Act.

that year for each of the first and second complete years of
(B) 20 percent of the total amount of the loan plus the unpaid balance accruing that year for each of the third fourth complete years of that and

(C) 30 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for the fifth complete year of that service.

**XIV. Child or Family Service Agency Cancellation**

(1) I understand that upon making a properly documented written request to the Institution, I am entitled to have up to 100 percent of the amount of this loan plus interest thereon canceled if I perform qualifying service after the period for which I received the loan as a full-time employee of an eligible public or private non-profit child or family service agency who is providing or supervising the provision of services to high-risk children who are from low-income communities and the families of such children.

(2) A portion of this loan will be canceled for each completed year of service at the following rates:

(A) 15 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for each of the first and second complete years of that service;

(B) 20 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for each of the third and fourth complete years of that service, and

(C) 30 percent of the total principal amount of the loan plus interest on the unpaid balance accruing during that year for the fifth complete year of that service.

**XV. Death and Disability Cancellation**

(1) In the event of my death, the total amount owed on this loan will be canceled.

(2) If I become permanently and totally disabled after I receive this loan, the Institution will cancel the total amount of this loan

**XVI. Change in Name, Address, Telephone Number or Social Security Number**

I am responsible for informing the Institution of any change or changes in name, address, telephone number, or social security number.

**XVII. Late Charge**

(1) The Institution will impose a late charge if—

(A) I do not make a scheduled payment when it is due, and

(B) I do not submit to the Institution, on or before the date on which payment is due, documentation that I qualify for a deferment, cancellation, or forbearance as described in Articles VI, VII, VIII, IX, X, XI, XIII, or XIV of this agreement

(2) No charge may exceed 20 percent of my monthly, bimonthly, or quarterly payment

(3) (A) The Institution may—

(i) Add the late charge to the principal the day after the scheduled repayment was due; or

(ii) Include it with the next scheduled repayment after I have received notice of the late charge

(B) If the Institution elects to add the late charge to the outstanding principal of the loan, it must so inform me before the due date of the next installment.

**XVIII. Assignment**

(1) This note may be assigned by the Institution only to—

(A) The United States;

(B) Another institution upon my transfer to that institution if that institution is participating in this program, or

(C) Another institution approved by the Secretary.

(2) The provisions of this note that relate to the Institution shall, where appropriate, relate to an assignee

(3) Any holder of this loan is subject to all claims and defenses that I could assert against the Institution that made this loan; my recovery is limited to the amount I repaid on this loan,